UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>            Plaintiff(s),<br><br>    v.<br><br>TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive,<br><br>            Defendant(s). | **CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**<br><br>21-cv-07803 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court, or as otherwise allowed by the Federal Rules of Civil Procedure. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5. **Defendants' Position Regarding Bifurcation:** This is an extraordinary case with *twelve* patents asserted by the plaintiff against an array of accused products. With so many patents and accused products, there are literally *thousands* of possible permutations of liability outcomes, and thus thousands of different potential damages calculations all depending on which products (if any) are infringing which of the many patents. There are also dozens of third-party competitors, and the damages case will need to address them all for issues such as market share, and whether they are non-infringing and adequate substitutes. Plaintiff's proposed addition of two additional patents and an additional accused product adds further complication to an already complex litigation.

For these reasons and more, Defendants strongly believe that this case should be bifurcated with discovery and trial on liability issues (infringement, validity, and enforceability), followed by discovery and trial of damages and willfulness issues (which would only be necessary if one or more patents is found valid and infringed, and only if the parties are unable to settle).  *See, e.g., Kos Pharms., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 391 (S.D.N.Y. 2003) ("[I]t is often appropriate to bifurcate patent cases because damages are sometimes complex and unrelated to issues of liability.")*; Intellectual Property Dev. Corp. v. UA-Columbia Cablevision*, No. 94-6296, 1995 U.S. Dist. LEXIS 2264, at *2–3 (S.D.N.Y. Feb. 17, 1995) (granting bifurcation where damage discovery "would be costly and burdensome"). Responding to Plaintiff's comment below about the possibility that somewhere in the dozens of competitors there could be prior art close enough to justify discovery, we see that potential as very remote, and even if so, the vast majority of discovery related to these many competitors would be irrelevant to anything but damages. Defendants will address the issue in more detail, either by full motion briefing or letter submissions, per the Court's preference.

Defendants agree to the proposed schedule outline below, but only insofar as it pertains to the first stage of discovery – that of infringement and validity.  If the complex damages and willfulness issues are to be included, then Defendants respectfully request that the schedule below be extended by six months.

**Plaintiff's Position Regarding Bifurcation:**  Plaintiff opposes bifurcating the case, as unnecessary and contrary to the interest of judicial economy.  "There is . . . a presumption against bifurcation in patent cases as in all other cases." *Novo Nordisk Inc. et al. v. Sandoz Inc. and Novo Nordisk Inc. et al. v. Lupin Ltd.,* No. 77, 09-Civ. 9217 (PGG) and 10 Civ. 3750 (PGG), slip op. at 3 (S.D.N.Y. Nov. 22, 2010), citing *Kos Pharms., Inc. v. Barr Labs, Inc.,* 218 F.R.D. 387, 392 (S.D.N.Y. 2003).  Further, bifurcation in patent cases, as in others, is the exception, not the rule. *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.,* 982 F. Supp. 923, 924 (W.D.N.Y. 1997); *Intellectual Prop. Dev. Corp. v. UA-Columbia Cablevision of Westchester, Inc.,* 1995 U.S. Dist. LEXIS 2264, 34 U.S.P.Q.2d 1605, 1606 (S.D.N.Y. 1995); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992); 8 James W. Moore et al. Moore's Federal Practice P [42.20[4][a] (3d ed. 2003); *see also Gaus v. Conair Corp*., 2000 U.S. Dist. LEXIS 12918, No. 94 Civ. 5693, 2000 WL 1277365, at *3 (S.D.N.Y. Sept. 7, 2000) (noting that it is often appropriate to bifurcate patent cases because damages are sometimes complex and unrelated to issues of liability, but denying bifurcation in that case because it would not facilitate judicial economy).

Further, "[b]ifurcation of liability and willfulness is generally ordered only in unusual circumstances." (*Novo Nordisk,* slip. op. at 6.)  No such circumstances are present in this case. Here, there are only three primary percussive massage devices accused of infringing five of Plaintiff's utility patents.  The remaining seven claims relate to infringement of design patents covering the attachments or connector used with certain of those devices. As such, this case is no different than the typical patent case asserting multiple patents. There is nothing unusual regarding the damages that the parties' damages experts will not be able to address.  Moreover, third party discovery not only may involve whether there are non-infringing substitutes, but also whether such third party products are prior art to the asserted patents and relevant to Defendants' invalidity defense.  Thus, it would be in

the interests of judicial economy to seek such information once rather than at two different times. Indeed, Defendant's own authority recognizes that bifurcation does not promote judicial economy. *Kos Pharms., Inc. v Barr Labs., Inc.*, 218 FRD 387, 391 (S.D.N.Y. 2003) (denying bifurcation); *see also TBC Consoles, Inc. v. Forecast Consoles, Inc.*, 2008 U.S. Dist. LEXIS 64659, *6 (S.D.N.Y. Aug. 22, 2008) (quoting *Kos*, 218 F.R.D. at 391) (declining to bifurcate between liability and damages determinations and noting that "'the circumstances justifying bifurcation should be particularly compelling and prevail only in unusual circumstances'").

Plaintiff therefore agrees to the proposed schedule outlined below, to cover both liability and damages/willfulness issues.

6. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 21 days from the date of this Order.

7. The parties must complete <u>fact</u> discovery no later than 75 days after the Court's order on claim construction.

8. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 7. Under this Order's interim deadlines, the parties must:

    a. Serve initial requests for production of documents by **June 21, 2022**.

    b. Serve initial interrogatories by **June 21, 2022**.

    c. Complete depositions of fact witnesses no later than the close of fact discovery.

        i  Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii There is no priority in depositions by reason of a party's status as plaintiff or defendant.

        iii Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d. Serve requests to admit no later than 60 days prior to the close of fact discovery.

9. <u>Contentions and Claim Construction</u>:

    a. Plaintiff shall serve its Disclosure of Asserted Claims and Infringement Contentions by **April 27, 2022.**

3

8729566 v2

b. Plaintiff proposes that Defendants shall serve their Invalidity Contentions by **June 14, 2022**. Defendants propose that they shall serve their Invalidity Contentions by **July 12, 2022.**

c. Joint Disputed Claim Terms Chart to be filed by **September 12, 2022**. Plaintiff's opening claim construction brief is due on **October 27, 2022**. Defendants' responsive claim construction briefs are due on **December 12, 2022**. Plaintiff's reply brief is due on **January 10, 2023**. The Court will hear argument on claim construction at _____ on _____.

d. **Amendment or Supplementation of any Infringement Contentions or Invalidity Contentions**: The parties disagree as to their ability to supplement their respective contentions.

   **Plaintiff's Position**: Plaintiff proposes the following:

   (i) Leave not required. Each party's "Infringement Contentions" and "Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

   (1) If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions."

   (2) Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" if:

       (A) a party claiming patent infringement has served "Amended Infringement Contentions", or

       (B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

   (ii) Leave required. Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted above, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

   **Defendant's position**: Defendant proposes the following:

   Within 25 days after the Court issues a claim construction decision, Plaintiff shall serve its Final Infringement Contentions. Within 25 days after Defendants' receipt of any such supplements, Defendants shall serve their Final Invalidity Contentions.

4

8729566 v2

        The parties may otherwise supplement their respective contentions in accordance with Local Patent Rule 9.

    e.    Defendants recommend bifurcation, eliminating the need for this paragraph. In accordance with the Local Patent Rule 10, Plaintiff recommends this paragraph:

        <u>Opinions of Counsel</u>:  Within **30 days after the Court issues a claim construction decision**, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that the case is exceptional, must produce the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production.

10.    <u>Expert Testimony</u>:    If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all expert discovery by the date set forth in paragraph 10(c).

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **60 days after the close of fact discovery**. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **60 days after the party-proponent's disclosure**.

    b.    No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the dates specified in paragraph 10(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 10(c).

    c.    The parties must complete <u>expert</u> discovery no later than **60 days after the party-opponent's disclosures**.

11.    No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

12.    Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **14 days after the completion of expert discovery**. Opposition letters are due **7 days thereafter**.

13.    Unless otherwise ordered by the Court, within 60 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 60 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

14. Plaintiff estimates the length of trial to be **8-10 days**; Defendants estimate the length of trial to be **15 days**.

15. At the close of discovery or, if a party has filed a dispositive motion, then within 60 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time.  Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date.  Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

16. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they must immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

17. The next pretrial conference is scheduled for _____.


        This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York
        _____

                                SO ORDERED.



                                _____
                                Paul G. Gardephe
                                United States District Judge

8729566 v2