# PARKER IBRAHIM & BERG LLP

Writer's Direct Contact:
908.333.3553 (Tel.)
212.596.7036 (Fax)
diane.ragosa@piblaw.com

March 31, 2022

**Via ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Therabody, Inc. v. Tzumi Electronics LLC, et al.*
               Civil Action No. 1:21-cv-07803-PGG

Dear Judge Gardephe:

      We represent Plaintiff, Therabody, Inc. ("Therabody" or "Plaintiff"), in the above-referenced action. Pursuant to the Court's February 24, 2022 Memo Endorsement (ECF No. 37), we respectfully submit this letter jointly with counsel for defendants Tzumi Electronics LLC and Tzumi Inc. (collectively, "Tzumi" or "Defendants"), pursuant to Your Honor's Individual Practice Rule VII(B), in anticipation of the Status Conference, scheduled for April 7, 2022, at 9:15 a.m.[1]

      We enclose herewith a Case Management Plan proposed jointly by Therabody and Tzumi.

**1.    Brief Description of the Case**

      This is a patent infringement litigation involving percussive massage therapy devices and associated attachments.

      (a)    <u>Plaintiff's Patent Infringement Claims</u>

      In its First Amended Complaint ("FAC"), Therabody asserts claims of patent infringement of U.S. Patent Nos. 10,945,915, 10,702,448; 10,918,565; 10,557,490; 11,160,723; D849,261; D861,182; D890,943; D896,393; D845,500; D837,636; and D918,404 relating to three of Tzumi's percussive massage devices, four attachments used with the percussive massage devices, and a connector used with an accused percussive massage device. (FAC, ¶¶ 33-35.) Specifically, Therabody alleges that two mini percussive massage devices infringe two utility patents (FAC, ¶¶ 39-54, 152-165), a third percussive massage device infringes two other utility patents (FAC, ¶¶ 55-84), and the connector used with one of the mini percussive massage devices infringes a

---

[1] Defendants represent that Tzumi, Inc. does not exist, but acknowledges that this name was referenced in some marketing materials in error.

New York Office: 5 Penn Plaza, Suite 2371 – New York, New York 10001 – 212.596.7037
New Jersey Office: 270 Davidson Avenue – Somerset, New Jersey 08873 – 908.725.9700

BOSTON – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA
8729562 v2

The Honorable Paul G. Gardephe
March 31, 2022
Page 2

fifth utility patent (FAC, ¶¶ 140-151). Therabody further alleges that the four accused attachments and the connector infringe seven design patents. (FAC, ¶¶ 85-139, 166-187.)

In its FAC, Therabody seeks damages for defendants' ongoing and willful patent infringement, including enhanced damages and attorneys' fees under 35 U.S.C. §§ 284 and 285, and injunctive relief.

(b) <u>Defendants' Anticipated Defenses and Claim</u>

Defendants will assert at least the defenses of non-infringement, invalidity, and unenforceability of the patents, and failures of the Plaintiff to mark its products. Defendants will also be seeking attorneys' fees at least under 35 U.S.C. § 285.

**2.   Contemplated Motions**

Plaintiff will be seeking to amend the complaint to include a newly identified product, Profit Elite, which appears identical in terms of the accused features to the accused FitRx. The proposed amendment will allege infringement of the patents asserted against the FitRx as well as adding two additional patents, US Patent Nos. 10,857,064 and 11,160,722.

Defendants have sought leave to file a partial motion to dismiss the willful infringement allegations relating to six of the twelve asserted patents under Fed. R. Civ. P. 12(b)(6), and filed its pre-motion letter on December 13, 2021 [Docket No. 23]. Plaintiff filed its letter responding to Defendants' letter on December 16, 2021 [Docket No. 26].

Defendants did not otherwise respond to Therabody's FAC, including those claims that were not challenged. Therabody respectfully requests that within 7 days of the Initial Pretrial Conference, Defendants respond to Therabody's FAC, in view of the limited scope of the proposed partial motion to dismiss, rather than staying all remaining claims under Your Honor's Individual Rule IV.A, in order to avoid unnecessarily delaying moving this case forward, especially in view of the scheduled January 6, 2022 pre-trial conference. Defendants respectfully submit that, consistent with Fed. R. Civ. P. 12(a)(4) and Your Honor's Individual Rule IV.A., the Court rule on the motion to dismiss, and then provide Defendants 30 days to file their Answer to this 65-page, 187-paragraph Amended Complaint.

As set forth in more detail in the accompanying Case Management Plan, Defendants contemplate filing a request for bifurcation, which will seek discovery and trial on liability issues (infringement, validity, and enforceability), followed by discovery and trial of damages and willfulness issues.

Defendants have also sought leave to file a motion for partial summary judgment of non-infringement on two of the patents-in-suit. Defendants filed their pre-motion conference request on March 18, 2022 [Docket No. 38], to which Plaintiff responded on March 23, 2022 [Docket No. 39]. Defendants also anticipate that other patents-in-suit may be amenable to summary judgment in the future.

The Honorable Paul G. Gardephe
March 31, 2022
Page 3

### 3. Prospect for Settlement

The parties agreed to a Non-Disclosure Agreement to facilitate the production of confidential financial information regarding the accused products and settlement discussions, and Defendants provided their sales information for the relevant products. After some initial discussions, the parties reached an impasse and are not currently in discussions. The parties believe that this case can eventually be settled, and are open to a mediation and/or a settlement conference at a future time. As noted in their pre-motion conference request, Defendants believe that a resolution on their proposed motion for partial summary judgment would also assist the settlement discussions, as resolution on these two patents would address approximately 83% of Tzumi's sales. As noted in its opposition to Defendants' request, Plaintiff disagrees that an early, partial summary judgment is appropriate or would lead to a resolution of Plaintiff's claims in this case.

Respectfully submitted,

*/s/ Diane C. Ragosa*
Diane C. Ragosa

Enclosure

cc:   Counsel for all Parties (via ECF)

8729562 v2