# Sills Cummis & Gross
A Professional Corporation

**101 Park Avenue**
**28ᵗʰ Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**
**Fax: (212) 643-6500**

**Scott D. Stimpson**
**Member**
**Direct Dial:  212-500-1550**
**Email: sstimpson@sillscummis.com**

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

April 26, 2022

**Via ECF**
The Honorable Robert W. Lehrburger
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Therabody, Inc. v. Tzumi Electronics LLC, et al.*
>        Civil Action No. 1:21-cv-07803-PGG

Dear Judge Lehrburger:

This firm represents defendant Tzumi Electronics LLC ("Tzumi") in the above referenced litigation, which is scheduled for a Case Management Conference on Thursday, April 28, at 3:30 p.m.  We write to update the Court on a recent development pertaining to Tzumi's pending request that the issues of damages and willfulness be bifurcated from liability in this case involving fourteen patents.

Last Thursday, subsequent to the parties' case management submission and prior to the Court's ruling on Tzumi's pending bifurcation request, plaintiff Therabody, Inc. ("Therabody") served the enclosed notice, which attaches a subpoena to Tzumi's customer, Walmart (the "Subpoena").  As evident from even a cursory review of the Subpoena, it is entirely directed to damages, and much of the information sought is duplicative of discovery requests already pending against Tzumi.[1]

Since Tzumi made plain to Therabody that it would not remove its non-infringing products from the market (*see* Tzumi's pending motion for leave to file partial summary judgment, ECF No. 38), Therabody has embarked on a campaign to exert pressure on Tzumi to settle by harassing

---

[1] The Subpoena is also overbroad and burdensome and does not remotely comply with the requirements of the Federal Rules.  *See* Fed. R. Civ. P. 45 (d) ("Avoiding Undue Burden and Expense; Sanctions").

# Sills Cummis & Gross
### A Professional Corporation

The Honorable Robert W. Lehrburger
April 26, 2022
Page 2

Tzumi and its customers.  This outrageous 18-topic, 9-page subpoena is only the latest episode in that regard.  Therabody recently sued another customer of Tzumi, TJX, in Delaware, asserting infringement of identical patents and products.  *See Therabody, Inc. v. The TJX Companies, Inc.*, Case No. 22-cv-310 (D. Del.).  Thus, shortly after Tzumi refused to bow to Therabody's baseless infringement allegations, Therabody created two separate, co-pending litigations, in two different district courts, addressing the exact same fourteen patents, accusing the exact same products of infringement, and forcing judges in different districts to simultaneously address the exact same issues on all fourteen patents.

Therabody's conduct after their failed settlement efforts smacks of bad faith.  The issue of damages should be bifurcated for the many reasons outlined in Tzumi's portion of the proposed Civil Case Management Plan and Scheduling Order (ECF No. 41), but bifurcation will have the added benefit of curtailing Therabody's intentional harassment of third parties.  We respectfully urge the court to bifurcate damages, and permit Tzumi to file a short summary judgment motion that Tzumi expects will end this case.

Respectfully submitted,

*/s/ Scott D. Stimpson*
Scott D. Stimpson

Enclosure
cc:     All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERABODY, INC., a Delaware corporation,

        Plaintiff,

      v.

TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive,,

        Defendants.

1:21-cv-07803 (PGG)

NOTICE OF SUBPOENA

To: Katherine M. Lieb, Scott D. Stimpson, and Steven Z. Luksenberg
SILLS CUMMIS & GROSS, P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone:    (212) 643-7000
Facsimile:    (212) 643-6500
Email: klieb@sillscummis.com
      sstimpson@sillscummis.com
      sluksenberg@sillscummis.com

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Plaintiff Therabody, Inc. intends to serve a Subpoena, in the form attached hereto, on Walmart Inc. on April 21, 2022 or as soon thereafter as service may be effectuated.

Respectfully submitted,

/s/ Gregory S. Cordrey
Gregory S. Cordrey
Jeffer Mangels Butler & Mitchell LLP
3 Park Plaza, Suite 1100
Irvine, CA 92614
gcordrey@jmbm.com
(949) 623-7200

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

| | |
|---|---|
| THERABODY, INC., a Delaware corporation | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:21-cv-07803 (PGG) |
| TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York Corporation, and DOES 1-10 | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Walmart Inc.
c/o CT Corporation System
124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment for documents/records sought.

| Place: First Legal Records, c/o North Winds Investigations, Inc. 581 Chantel Ave. Springdale, AR 72764; Telephone:  (877) 591-9979 | Date and Time: 05/11/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/21/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Gregory S. Cordrey |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Therabody, Inc.
Gregory S. Cordrey (gcordrey@jmbm.com) _____ , who issues or requests this subpoena, are:
Jeffer Mangels Butler & Mitchell LLP
3 Park Plaza, Suite 1100, Irvine, CA 92614; Telephone:  (949) 623-7200

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**ATTACHMENT "A"**

**DEFINITIONS AND INSTRUCTIONS**

1.      The terms "WALMART," "YOU," and "YOUR" shall mean and refer individually and collectively to Walmart Inc. and, when appropriate in the context of the requests, any of its employees, consultants, agents, directors, officers, principals, representatives, successors, predecessors-in-interest, and/or any other person or entity acting for or on its behalf, including but not limited to its direct or indirect subsidiaries (and their respective employees, consultants, agents, directors, officers, principals and representatives).

2.      The terms "TZUMI ELECTRONICS," and "TZUMI" (collectively, "TZUMI") shall mean and refer individually and collectively to Defendants Tzumi Electronics LLC and Tzumi, Inc. and, when appropriate in the context of the requests, any of its employees, consultants, agents, directors, officers, principals, representatives, successors, predecessors-in-interest, and/or any other person or entity acting for or on its behalf, including but not limited to its subsidiaries (and employees, consultants, agents, directors, officers, principals and representatives).

3.      The term "THERABODY" shall refer to Plaintiff THERABODY, INC. when appropriate in the context of the requests, any of its employees, consultants, agents, directors, officers, principals, representatives, successors, predecessors-in-interest, and/or any other person or entity acting for or on its behalf, including but not limited to its subsidiaries (and employees, consultants, agents, directors, officers, principals and representatives).

4.      "ACTION" shall mean the lawsuit filed by PLAINTIFF against DEFENDANT, in the United States District Court, Southern District of New York, Case No. 1:21-cv-07803 (PGG).

5.      "COMPLAINT" shall mean the First Amended Complaint filed by PLAINTIFF on or about November 29, 2021 in the ACTION.

6.      "ACCUSED PRODUCTS" shall mean the Tzumi FitRx percussive massage device, the Tzumi Profit Elite percussive massage device, the Tzumi Profit mini percussive massage device, the Tzumi FitRx mini percussive massage device, and certain attachments (shown in Appendix A), including any products known by other names having substantially the same design as those shown in Appendix A.

7.      "RELATING TO" shall mean supporting, refuting, discussing, concerning, constituting, containing, summarizing, memorializing, evidencing or connected to in any way logically or factually with the matter described herein.

8.      "INCIDENTS" shall mean and refer to the circumstances and events surrounding the acts and/or omissions alleged in the COMPLAINT which give rise to this lawsuit.

9.      "PERSON" shall mean and refer to the plural as well as the singular, and means any natural person, firm, association, corporation, public entity, or any other form of legal entity or governmental body unless the context indicates otherwise.

10.     "COMMUNICATION" or "STATEMENT" means any contact or exchange of information whether written, oral, or electronic transmission of information between two or more persons, including any of the directors, officers, employees or representatives of any non-natural person, and shall include, without limitation, (a) written contact by such means as e-mail, instant messages, Teams, Google Hangouts, Slack, letters, memoranda, notes, telegrams, facsimile, telex or any other internal or external forms of communication; (b) oral contact, by such means as face-to-face meetings, seminars, conferences, telephone, Zoom, Teams, FaceTime conversations; (c) electronically,  magnetically or digitally stored information by such means as voice mail or e-mail that is or has been transmitted between any two or more persons and (d) advertisements, publications, press releases, commercials, and other promotional and marketing materials.

11.     "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings (as defined in § 250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses,

Jeffer Mangels
Butler & Mitchell LLP

JMBM

directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes.  Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.  DOCUMENTS expressly include all COMMUNICATIONS and all ELECTRONIC RECORDS.

12.   "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exist in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

13.   "IDENTIFY" means to state in full and complete detail.  When used in reference to

ATTACHMENT A

a DOCUMENT, "IDENTIFY" means to state with the specificity required of a subpoena for the production of documentary evidence the date, author, description, address, nature, custodian, and location of the DOCUMENT referred to by the interrogatory, as well as the substance of the DOCUMENT.

14.     Unless otherwise stated herein, these Requests cover Worldwide sales and the period from January 1, 2019 to the present.

**REQUEST FOR PRODUCTION**

1.     DOCUMENTS sufficient to show the total gross and net revenues for each of the ACCUSED PRODUCTS by region or geographic location (*e.g.*, city, state and/or country).

2.     DOCUMENTS sufficient to show the retail sales price for each of the ACCUSED PRODUCTS.

3.     DOCUMENTS sufficient to show the price paid by WALMART for each of the ACCUSED PRODUCTS.

4.     DOCUMENTS sufficient to show the total quantity of units sold by WALMART for each of the ACCUSED PRODUCTS by region or geographic location (*e.g.*, city, state and/or country).

5.     DOCUMENTS sufficient to show the total quantity of units in inventory for each of the ACCUSED PRODUCTS.

6.     DOCUMENTS sufficient to show the total quantity of units shipped by WALMART for each of the ACCUSED PRODUCTS.

7.     DOCUMENTS sufficient to show YOUR costs associated or attributed to the ACCUSED PRODUCTS, including the purchase price, direct labor costs, indirect labor costs, advertising and promotional costs, and any other overhead costs attributed to the ACCUSED PRODUCTS.

8.     DOCUMENTS sufficient to show gross profits, net profits, and profit margins for each of the ACCUSED PRODUCTS.

9.     DOCUMENTS sufficient to show invoices for each of the ACCUSED PRODUCTS.

10.     DOCUMENTS sufficient to show sales, marketing, advertising, promotional, and public relations materials concerning each ACCUSED PRODUCT, including user manuals.

11.     All agreements, including but not limited to written, oral and any other types of agreements, between and/or among TZUMI and WALMART regarding the ACCUSED PRODUCTS.

12.     All COMMUNICATIONS, including ELECTRONIC RECORDS, including but not limited to written, oral and any other types of COMMUNICATION, between and/or among TZUMI and WALMART regarding the ACCUSED PRODUCTS.

13.     All DOCUMENTS, including COMMUNICATIONS, referring to Therabody, including references to Theragun, any products made by Therabody, Therabody's patents, including specific patents or references generally to Therabody's patents, Therabody's trade dress, Therabody's trademarks, or any other references to Therabody.

14.     All DOCUMENTS constituting patent licenses, cross licenses, or other agreements providing any rights in any patents related to percussive massage devices or attachments and accessories used with percussive massage devices.

15.     All DOCUMENTS, including COMMUNICATIONS, referring to any communications with THERABODY.

16.     DOCUMENTS sufficient to show other massage devices offered for sale and sold by WALMART since January 2019.

17.     All COMMUNICATIONS, including ELECTRONIC RECORDS, including but not limited to written, oral and any other types of COMMUNICATION regarding the use of a triangle design or reference to an ergonomic handle for a massage device.

18.     All COMMUNICATIONS, including ELECTRONIC RECORDS, including but not limited to written, oral and any other types of COMMUNICATION regarding any massage device that WALMART considered retailing.

1

## APPENDIX A



70067992v2

1

**PROOF OF SERVICE**

2

**Therabody, Inc. v. Tzumi Electronics LLC, et al.**
**Civil Case No. 1:21-cv-07803 (PGG)**

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

5      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592.

6

7      On April 21, 2022, I served true copies of the following document(s) described as **NOTICE OF SUBPOENA** as follows:

8

**SEE ATTACHED SERVICE LIST**

9      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and

10   mailing, following our ordinary business practices.  I am readily familiar with the practice of Jeffer Mangels Butler & Mitchell LLP for collecting and processing correspondence for mailing.

11   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with

12   postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Irvine, California.

13

14      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address Hhauck@jmbm.com to the persons at the e-mail

15   addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

17   Court at whose direction the service was made.

18      Executed on April 21, 2022, at Irvine, California.

19

20   _____

21   Heather Hauck

22

23

24

25

26

27

28

Case No. 1:21-CV-07803 (PGG)

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Katherine M. Lieb                              Attorneys for Defendant
Scott D. Stimpson                              Tzumi Electronics LLC
Steven Z. Luksenberg
SILLS CUMMIS & GROSS, P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone:     (212) 643-7000
Facsimile:      (212) 643-6500
Email: klieb@sillscummis.com
          sstimpson@sillscummis.com
          sluksenberg@sillscummis.com

JMBM | Jeffer Mangels
Butler & Mitchell LLP