# PARKER IBRAHIM & BERG LLP

Writer's Direct Contact:
908.333.3553 (Tel.)
212.596.7036 (Fax)
diane.ragosa@piblaw.com

April 27, 2022

**Via ECF**

The Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   *Therabody, Inc. v. Tzumi Electronics LLC, et al.*
           Civil Action No.: 1:21-cv-07803-PGG-RWL

Dear Judge Lehrburger:

    This firm represents Plaintiff Therabody, Inc. ("Therabody") in the above referenced patent litigation.

    Defendant Tzumi Electronics LLC ("Tzumi") filed a letter brief dated April 26, 2022, purporting to update the Court on a recent development. To the extent that the Court considers Tzumi's letter brief, we respectfully request that the Court grant Therabody leave to respond, and attach hereto Therabody's proposed response.

    We appreciate Your Honor's consideration of this request.

                                  Respectfully submitted,

                                  */s/ Diane C. Ragosa*
                                  Diane C. Ragosa

cc:    Scott D. Stimpson, Esq. (via ECF)
        Katherine M. Lieb, Esq. (via ECF)
        Steven Z. Luksenberg, Esq. (via ECF)
        Gregory S. Cordrey, Esq. (via ECF)
        Stanley M. Gibson, Esq. (via ECF)

**New York Office:** 5 Penn Plaza, Suite 2371 – New York, New York 10001 – 212.596.7037
**New Jersey Office:** 270 Davidson Avenue – Somerset, New Jersey 08873 – 908.725.9700

BOSTON – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA
70017245v1

# PARKER IBRAHIM & BERG LLP

Writer's Direct Contact:
908.333.3553 (Tel.)
212.596.7036 (Fax)
diane.ragosa@piblaw.com

April 27, 2022

**Via ECF**

The Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

        Re:    *Therabody, Inc. v. Tzumi Electronics LLC, et al.*
               Civil Action No.: 1:21-cv-07803-PGG-RWL

Dear Judge Lehrburger:

      This firm represents Plaintiff Therabody, Inc. ("Therabody") in the above referenced patent litigation. We write to respond to Defendant Tzumi Electronics LLC's ("Tzumi") letter brief dated April 26, 2022, purporting to update the Court on a recent development.

      As a threshold matter, Tzumi's supplemental letter brief does not appear to be authorized under this Court's rules. Specifically, Rule II.A (addressing case management conferences) and Rule II.D (addressing letter motions) do not expressly permit supplemental submissions. Accordingly, Therabody respectfully submits that Tzumi's supplemental letter brief should be stricken.

      Further, Tzumi's hyperbole – accusing Therabody of bad faith – is patently untrue, grossly distorts the record, and generally is not helpful in moving this case forward. Contrary to Tzumi's baseless assertions, Therabody's infringement claims are well founded. In fact, Tzumi has identified only a single, non-infringement argument relating only to two of the accused products,[1] and this argument relies on an unduly narrow claim construction of "grasping" a handle as being limited to a male hand using 3-4 fingers, which is contrary to the plain language of the claims, specification and file histories. *See* ECF No. 39. Notably, Tzumi has identified no non-infringement arguments regarding the accused mini percussive massage devices, the accused attachment heads, or the accused connector. For this reason, Therabody pointed out to the Court that Tzumi's request for an early summary judgment motion should be denied because it is unwarranted, will not resolve the dispute between the parties, and will not result in a settlement. *See* ECF No. 39.

---

[1] The accused products are the FitRx and the Profit Elite percussive massage devices. Therabody intends to amend its complaint to add the Profit Elite, which is nearly identical to the FitRx device.

**New York Office:** 5 Penn Plaza, Suite 2371 – New York, New York 10001 – 212.596.7037
**New Jersey Office:** 270 Davidson Avenue – Somerset, New Jersey 08873 – 908.725.9700

BOSTON – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA

70017245v1

The Honorable Robert W. Lehrburger, U.S.M.J.
April 27, 2022
Page 2

Tzumi's "objections" to Therabody's subpoena of Walmart are likewise unfounded. The information sought from Walmart is routinely sought in patent cases. The subpoena to Walmart seeks information regarding sales and importation of the accused products, which is directly relevant to establishing the fact of direct infringement. *See* 35 U.S.C. § 271(a) ("…whoever without authority makes, uses, **offers to sell, or sells any patented invention**, within the United States or **imports into the United States any patented invention** during the term of the patent therefor, **infringes the patent**"). Establishing that Walmart is a direct infringer is a necessary predicate for Therabody's indirect infringement claims against Tzumi. *See Limelight Networks v. Akamai Technologies*, 134 S. Ct. 2111, 2117 (2014) ("our case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] ... direct infringement.'"); *see e.g.,* First Amended Complaint, ¶¶ 48, 49, 63, 64, 78, 79, 90, 91, 101, 102, 112, 113, 123, 124, 134, 135, 145, 146, 160, 161, 171, 172, 182, 183 (alleging indirect infringement by Tzumi). Moreover, the sales prices and revenue generated from such sales also is directly relevant to the commercial success of the patented devices, which is evidence of non-obviousness of the patents. *KSR Intern. Co. v. Teleflex Inc*., 127 S.Ct. 1727, 1730, 1734 (2007) ("Against this background, **the obviousness or nonobviousness of the subject matter** is determined. Such secondary considerations as **commercial success**, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.") Notably, Tzumi agreed to produce this information even if the Court bifurcates the case because it recognized that such information bears directly on liability as well as damages.[2]

This also underscores why bifurcation would result in an inefficient and more expensive process, as disputes likely will arise regarding whether certain discovery bears on liability, damages or both. *See* ECF No. 41 at 2 ("[bifurcation is] unnecessary and contrary to the interest of judicial economy. 'There is . . . a presumption against bifurcation in patent cases as in all other cases.'") (citing *Novo Nordisk Inc. et al. v. Sandoz Inc. and Novo Nordisk Inc. et al. v. Lupin Ltd.,* No. 77, 09-Civ. 9217 (PGG) and 10 Civ. 3750 (PGG), slip op. at 3 (S.D.N.Y. Nov. 22, 2010), citing *Kos Pharms., Inc. v. Barr Labs, Inc.,* 218 F.R.D. 387, 392 (S.D.N.Y. 2003).

Tzumi's criticisms of Therabody's Delaware lawsuit against TJX similarly are unfounded. TJX has a long history of selling various percussive massage devices that infringe Therabody's patents, trade dress and trademarks, which predate this lawsuit. Therabody has filed four lawsuits against TJX for its repeated and willful infringement. Also, Tzumi's characterization of Therabody's separate case against TJX as "identical" is false. While the patents and accused products are the same, in the TJX case, Therabody has asserted only claims of direct infringement. Moreover, while Therabody cannot obtain a double recovery for the same infringing sale,

---

[2] It also is well settled that an infringer's profits made from use of the patented technology are relevant to damages. *Georgia-Pacific v. U.S. Plywood Corp*., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing as relevant factors in determining a reasonable royalty "the extent to which the infringer has made use of the invention; and any evidence probative of the value of that use" and "the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer").

The Honorable Robert W. Lehrburger, U.S.M.J.
April 27, 2022
Page 3

Therabody is entitled to seek damages based on TJX's profitability rather than Tzumi's profitability.  *See e.g., Kahn v. General Motors Corp.*, 889 F. 2d 1078, 1081 (Fed. Cir. 1989) ("[Plaintiff] correctly asserts that his damages against [manufacturer] cannot be assessed in the Illinois court, not only because [manufacturer] is not a party, but because the measure of [manufacturer's] obligation for damages and [manufacturer's customer] (if any) involve different parameters.").

In short, Tzumi did not provide the inventory and sales revenue of accused products that Therabody requested and therefore made settlement discussions impractical at this stage of the litigation.

We look forward to discussing these issues with Your Honor at any pre-motion conference and appreciate Your Honor's consideration.

> Respectfully submitted,
>
> */s/ Diane C. Ragosa*
> Diane C. Ragosa

cc:   Scott D. Stimpson, Esq. (via ECF)
      Katherine M. Lieb, Esq. (via ECF)
      Steven Z. Luksenberg, Esq. (via ECF)
      Gregory S. Cordrey, Esq. (via ECF)
      Stanley M. Gibson, Esq. (via ECF)

70017245v1