UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERABODY, INC., a Delaware corporation, <br><br> Plaintiff(s), <br><br> v. <br><br> TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive, <br><br> Defendant(s). | **CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** <br><br> 21-cv-07803-PGG-RWL |

ROBERT W. LEHRBURGER, U.S.M.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. The case has been referred to a Magistrate Judge for General Pretrial activities, including scheduling, discovery, non-dispositive pre-trial motions and settlement. The parties do not consent to conducting further proceedings before a Magistrate Judge, including dispositive motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court, or as otherwise allowed by the Federal Rules of Civil Procedure. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

    a. Pursuant to the Court's Order dated April 29, 2022 (ECF No. 49), leave of Court was granted for Plaintiff to amend its complaint by or before May 6, 2022, to add additional patents and an additional infringing device.

5. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 21 days from the date of this Order.

6. The parties must complete fact discovery no later than 105 days after the Court's order on claim construction.

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

   a. Complete depositions of fact witnesses no later than the close of fact discovery.

      i   Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

      ii  There is no priority in depositions by reason of a party's status as plaintiff or defendant.

      iii Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

      iv  Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

   b. Serve requests to admit no later than 60 days prior to the close of fact discovery.

8. <u>Contentions and Claim Construction</u>:

   a. Plaintiff shall serve its Disclosure of Asserted Claims and Infringement Contentions by **June 3, 2022.**

   b. Defendants shall serve their Invalidity Contentions by **August 3, 2022.**

   c. Joint Disputed Claim Terms Chart to be filed by **November 2, 2022**. Plaintiff's opening claim construction brief is due on **December 16, 2022**. Defendants' responsive claim construction briefs are due on **February 3, 2023**. Plaintiff's reply brief is due on **March 3, 2023**. The Court will hear argument on claim construction at _____ on _____.

   d. **Amendment or Supplementation of any Infringement Contentions or Invalidity Contentions**: Within 25 days after the Court issues a claim construction decision, Plaintiff shall serve its Final Infringement Contentions. Within 25 days after Defendants' receipt of any such supplements, Defendants shall serve their Final Invalidity Contentions. The parties may otherwise supplement their respective contentions in accordance with Local Patent Rule 9.

   e. **Opinions of Counsel:** Within 30 days after the Court issues a claim construction decision, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that the case is exceptional, must produce the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production.

9. Non-Party Discovery: Party discovery shall proceed prior to any non-party discovery. No non-party discovery shall take place absent leave of Court.

10. Expert Testimony:   If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all expert discovery by the date set forth in paragraph 10(c).

   a. Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **60 days after the close of fact discovery**. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **60 days after the party-proponent's disclosure**.

   b. No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the dates specified in paragraph 10(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 10(c).

   c. The parties must complete expert discovery no later than **60 days after the party-opponent's disclosures**.

11. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

12. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **14 days after the completion of expert discovery**. Opposition letters are due **7 days thereafter**.

13. Unless otherwise ordered by the Court, within 60 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 60 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

14. Plaintiff estimates the length of trial to be **8-10 days**; Defendants estimate the length of trial to be **15 days**.

15. At the close of discovery or, if a party has filed a dispositive motion, then within 60 days of a decision resolving the motion, the Court will set a Ready Trial Date. At any time on or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come before the Court notifies

      counsel of an <u>actual trial date,</u> <u>not after</u> counsel receives notification of the actual trial date.  Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

16. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they must immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

17. The parties shall submit a joint status letter by June 29, 2022, no longer than 5 pages.

18. The next pretrial conference is scheduled for _____.

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York
_____

SO ORDERED.

_____
Robert W. Lehrburger
United States Magistrate Judge