**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THERABODY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Civil Action No.: 1:21-cv-07803-PGG-RWL <br><br> **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 10,945,915; 10,702,448; 10,918,565; 10,857,064; 11,160,722; 10,557,490; 11,160,723; D849,261; D861,182; D890,943; D896,393; D845,500; D837,636; D918,404** <br><br> **DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT

Plaintiff, Therabody, Inc.[1] ("Therabody"), files this complaint against

defendants Tzumi Electronics LLC and Tzumi Inc. (collectively, "Tzumi") and

Does 1-10, inclusive (collectively with Tzumi, "Defendants").

## THE PARTIES

1.     Therabody is, and at all times relevant hereto was, a corporation duly

organized and existing under the laws of the state of Delaware, with its principal

place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

---

[1] As of October 1, 2021, Theragun, Inc. changed its name to Therabody, Inc.

2.      Therabody is informed and believes and, based thereon, alleges that defendant Tzumi Electronics LLC is a domestic New York limited liability company, with offices at 16 East 34th Street, New York, NY 10016.

3.      Therabody is informed and believes and, based thereon, alleges that defendant Tzumi Inc. is a domestic New York corporation, with offices at 16 East 34th Street, New York, NY 10016.

4.      Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate factual allegations.

5.      Therabody is informed and believes and, based thereon, alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing massage gun products described below.

6.      Therabody is informed and believes and, based thereon, alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Therabody is further informed and believes and on that basis alleges that, in doing the things alleged in this

Complaint, each of the Defendants was acting within the scope of authority

conferred upon that Defendant by the consent, approval, and/or ratification of one

or more of the other Defendants.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement under the patent laws of the

United States, 35 U.S.C. § 271, *et seq.*

8.     This Court has subject matter jurisdiction over the patent claims in

this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

10.    This Court has personal jurisdiction over Defendants and Therabody

is informed and believes and, based thereon, alleges that, all Defendants have

offices in this judicial district and distribute, promote, market, use, sell, offer for

sale, import, and/or advertise their infringing products in or to this District and/or

to businesses and individuals in this District. Therabody is further informed and

believes and, based thereon, alleges that Defendants derive substantial revenue

from the distribution, promotion, marketing, manufacture, use, sale, offer for sale,

or import of infringing products in or to this District. Accordingly, this Court has

personal jurisdiction over Defendants because they have engaged in continuous,

systematic and substantial activities within this judicial district, including the

marketing and sales of products, in this judicial district. Furthermore, upon

information and belief, this Court has personal jurisdiction over Defendants in this

case because they have committed acts giving rise to Therabody's claims within and directed to this judicial district.

## GENERAL ALLEGATIONS

11.     Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor.  Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including the unique and novel designs of its products.

12.     Therabody is the owner of United States Patent Number 10,945,915, entitled "Portable percussive massage device" (hereinafter the "'915 Patent"), issued on March 16, 2021, a true and correct copy of which is attached hereto as Exhibit A. The '915 Patent pertains to a portable percussive massage device. The '915 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '915 Patent are novel and non-obvious.

13.     Therabody is the owner of United States Patent Number 10,702,448, entitled "Percussive massage device and method of use" (hereinafter the "'448 Patent"), issued on July 7, 2020, a true and correct copy of which is attached hereto as Exhibit B. The '448 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '448 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '448 Patent are novel and non-obvious.

14.     Therabody is the owner of United States Patent Number 10,918,565, entitled "Percussive massage device and method of use" (hereinafter the "'565 Patent"), issued on February 16, 2021, a true and correct copy of which is attached hereto as <u>Exhibit C</u>. The '565 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '565 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '565 Patent are novel and non-obvious.

15.     On May 21, 2019, the United States Patent and Trademark Office issued United States Patent Number D849,261, entitled "Massage Element" (hereinafter "the '261 Patent").  A true and correct copy of the '261 Patent is attached hereto as <u>Exhibit D</u>.

16.     Therabody is the owner of the '261 Patent. The '261 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 1[2] below. The '261 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '261 Patent is novel and non-obvious.



**Fig. 1**

---

[2] The figure numbers cited here are not the figure numbers from the patents.

17.     On September 2, 2019, the United States Patent and Trademark Office issued United States Patent Number D861,182, entitled "Massage Element" (hereinafter "the '182 Patent").  A true and correct copy of the '182 Patent is attached hereto as Exhibit E.

18.     Therabody is the owner of the '182 Patent. The '182 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 2 below. The '182 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '182 Patent is novel and non-obvious.



**Fig. 2**

19.     On July 21, 2020, the United States Patent and Trademark Office issued United States Patent Number D890,943, entitled "Massage Element" (hereinafter "the '943 Patent").  A true and correct copy of the '943 Patent is attached hereto as Exhibit F.

20.     Therabody is the owner of the '943 Patent.  The '943 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 3 below.  The '943 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '943 Patent is novel and

non-obvious.



**Fig. 3**

21.      On September 15, 2020, the United States Patent and Trademark Office issued United States Patent Number D896,393, entitled "Massage Element" (hereinafter "the '393 Patent"). A true and correct copy of the '393 Patent is attached hereto as <u>Exhibit G</u>.

22.      Therabody is the owner of the '393 Patent. The '393 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 4 below. The '393 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '393 Patent is novel and non-obvious.

**Fig. 4**

23.      On April 9, 2019, the United States Patent and Trademark Office issued United States Patent Number D845,500, entitled "Massage Element" (hereinafter "the '500 Patent"). A true and correct copy of the '500 Patent is attached hereto as <u>Exhibit H</u>.

24.     Therabody is the owner of the '500 Patent. The '500 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 5 below. The '500 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '500 Patent is novel and non-obvious.



**Fig. 5**

25.     Therabody is the owner of United States Patent Number 10,557,490, entitled "Treatment element attachment system" (hereinafter the "'490 Patent"), issued on February 11, 2020, a true and correct copy of which is attached hereto as Exhibit I. The '490 Patent pertains to a system for attaching a treatment element to a reciprocal treatment device. The '490 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '490 Patent are novel and non-obvious.

26.     Therabody is the owner of United States Patent Number 11,160,723, entitled "Portable percussive massage device" (hereinafter the "'723 Patent"), issued on November 2, 2021, a true and correct copy of which is attached hereto as Exhibit J. The '723 Patent pertains to a percussive massage device, and more

particularly to a portable percussive massage device. The '723 Patent is presumed

to be valid and is *prima facie* proof that the inventions claimed in the '723 Patent

are novel and non-obvious.

27.     On January 8, 2019, the United States Patent and Trademark Office

issued United States Patent Number D837,636, entitled "Connector" (hereinafter

"the '636 Patent"). A true and correct copy of the '636 Patent is attached hereto as

Exhibit K.

28.     Therabody is the owner of the '636 Patent. The '636 Patent pertains to

a particular ornamental design for a connector, including as depicted in Fig. 6

below. The '636 Patent is presumed to be valid and is *prima facie* proof that the

design shown in the '636 Patent is novel and non-obvious.



29.     On May 4, 2021, the United States Patent and Trademark Office

issued United States Patent Number D918,404, entitled "Massage element"

(hereinafter "the '404 Patent"). A true and correct copy of the '404 Patent is

attached hereto as Exhibit L.

30.     Therabody is the owner of the '404 Patent. The '404 Patent pertains to a particular ornamental design for a connector, including as depicted in Fig. 7 below. The '404 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '404 Patent is novel and non-obvious.



**Fig. 7**

31.     Therabody is the owner of United States Patent Number 10,857,064, entitled "Percussive Therapy Device" (hereinafter the "'064 Patent"), issued on December 8, 2020, a true and correct copy of which is attached hereto as <u>Exhibit M</u>. The '064 Patent pertains to a percussive massage device and method of using a percussive massage device. The '064 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '064 Patent are novel and non-obvious.

32.     Therabody is the owner of United States Patent Number 11,160,722, entitled "Percussive Massage Device and Method of Use" (hereinafter the "'722 Patent"), issued on November 2, 2021, a true and correct copy of which is attached hereto as <u>Exhibit N</u>. The '722 Patent pertains to a percussive massage device and method of using a percussive massage device. The '722 Patent is presumed to be

valid and is *prima facie* proof that the inventions claimed in the '722 Patent are novel and non-obvious. Collectively, the '448, '565, '064, '722, '915, '490, '723, '261, '182, '943, '393, '500, '636, and '404 are the "Asserted Patents."

33.   Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award for Digital and Electronic Devices, for its Therabody G3PRO design.

34.   Therabody is informed and believes and, based thereon, alleges that Defendants began competing with Therabody in the percussive massage device industry by manufacturing and selling: (1) percussive massage devices infringing the '915 and '723 Patents ("FitRx mini" hereafter the "First Infringing Device" and "Profit mini" hereafter the "Third Infringing Device"); (2) percussive massage devices infringing the '448, '565, '064 and '722 Patents ("FitRx Pro" hereafter the "Second Infringing Device" and "Profit Elite" hereafter the "Fourth Infringing Device"); (3) percussive massage devices infringing the '490 Patent ("Third Infringing Device"); (4) attachments with identical, or nearly identical, designs to those of Therabody's patents, including head attachments infringing the designs claimed in the '261 Patent and the '182 Patent ("First Infringing Attachment"), the '943 and '404 Patents ("Second Infringing Attachment"), the '393 Patent ("Third Infringing Attachment"), the '500 Patent (the "Fourth Infringing Attachment"); and (5) connectors with identical, or nearly identical, designs to those of

Therabody's patents, including head attachments infringing the designs claimed in the '636 Patent ("Infringing Connector") (collectively, the "Infringing Products").

35.     The First, Second, Third and Fourth Infringing Devices are shown below:



First Infringing Device       Second Infringing       Third Infringing       Fourth Infringing
                              Device                   Device                 Device

36.     The First, Second, Third, and Fourth Infringing Attachments are shown below:



First Infringing Attachment   Second Infringing Attachment   Third Infringing Attachment   Fourth Infringing Attachment

37.     The Infringing Connector is shown below:



Infringing Connector

38.     By letter dated April 12, 2021, Therabody notified Defendant Tzumi Electronics, LLC that the Infringing Products were infringing Therabody's '915, '261, '182, '943, '393 and '500 Patents and demanded that Tzumi immediately cease and permanently discontinue all manufacture, offer for sale, use, and importation of the Infringing Products.

39.     To date, Tzumi has not responded to Therabody's letter.

40.     Notwithstanding Therabody's demand and in conscious disregard of Therabody's intellectual property rights as set forth herein, Defendants have continued to offer for sale and sell the Infringing Products.

## FIRST CAUSE OF ACTION

### Patent Infringement of the '915 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

41.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

42.     At all times herein mentioned the '915 Patent was and is valid and fully enforceable.

43.     Defendants are offering percussive massage devices that infringe at least claim 1 of the '915 Patent, including at least the First and Third Infringing Devices.

44.     The First and Third Infringing Devices are percussive massage devices.

45.     As shown below, the First and Third Infringing Devices each include a housing that defines a housing interior, wherein the housing defines a thickness, a width and a height, a battery, a motor positioned in the housing, wherein the motor includes a rotatable motor shaft that defines a motor axis, a counterweight that rotates about the motor axis, a switch for activating the motor, and a reciprocating shaft operatively connected to the motor and configured to reciprocate in response to activation of the motor.



First Infringing Device                              Third Infringing Device

46.     As shown above, the reciprocating shaft includes a distal end that defines a reciprocation axis and the reciprocation axis defines a thickness reciprocation plane that extends transversely through the thickness of the housing and divides the housing into first and second side portions.

47.     As shown above, the entire motor is positioned on a first side of the thickness reciprocation plane in the first side portion and the entire battery is

positioned on a second side of the thickness reciprocation plane in the second side portion.

48.    As shown above, the motor axis extends perpendicular to the thickness reciprocation plane and extends through the battery.

49.    As shown below, the first side portion is symmetrical to the second side portion except for any openings or ports defined in the housing.



First Infringing Device              Third Infringing Device

50.    Defendants infringe literally or under the doctrine of equivalents, or both.

51.    On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '915 Patent claims by, *inter alia*, marketing, promoting, and offering for use the First and Third Infringing Devices, knowingly and intending that the use of the First and Third Infringing Devices by Defendants' customers and by

users infringes the '915 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the First and Third Infringing Devices knowing that its purchase and use infringes one or more claims of the '915 Patent.

52.     On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have contributed to the infringement of the '915 Patent by their customers and users of the First and Third Infringing Devices by, *inter alia*, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '915 Patent. First and Third Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to infringe the '915 Patent. As a result, Defendants' First and Third Infringing Devices have been used by its customers and by users to infringe the '915 Patent. Defendants continue to engage in acts of contributory infringement of the '915 Patent even after receiving notice of its contributory infringement.

53.     At no time has Therabody granted Defendants authorization, license, or permission to utilize the claimed inventions in the '915 Patent.

54.    Therabody has been damaged by Defendants' acts of infringement of the '915 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

55.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

56.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's

April 21, 2021 letter, the service of the original and amended complaints, and

Therabody's marking of its products via its website at

https://www.therabody.com/us/en-us/patents.html, have been, and continue to be,

willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. §

284.

## SECOND CAUSE OF ACTION

### Patent Infringement of the '448 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

57.     Therabody realleges and incorporates by reference all foregoing

paragraphs as if fully set forth herein.

58.     At all times herein mentioned the '448 Patent was and is valid and

fully enforceable.

59.     Defendants are offering percussive massage devices that infringe at

least claim 6 of the '448 Patent, including at least the Second and Fourth Infringing

Devices.

60.     Defendants' Second and Fourth Infringing Devices are percussive

massage devices.

61.     As shown below, Defendants' Second Infringing Device includes a

housing, wherein the housing includes first, second and third handle portions that

cooperate to define a handle opening.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to the claimed features shown below.



62.    As shown below, Defendants' Second Infringing Device includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to the claimed features shown below.



63.     As shown above, the Second Infringing Device includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.

64.     The Second Infringing Device includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.

65.     On information and belief, at least since the filing of the original Complaint, Defendants have knowingly and actively induced the infringement of one or more of the '448 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Second and Fourth Infringing Devices, knowingly and intending that the use of the Second and Fourth Infringing Devices by Defendants' customers and by users infringes the '448 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Second and Fourth Infringing Devices knowing that their purchase and use infringes one or more claims of the '448 Patent.

66.     On information and belief, at least since the filing of the original Complaint, Defendants have contributed to the infringement of the '448 Patent by their customers and users of the Second and Fourth Infringing Devices by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '448 Patent. The Second and Fourth Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '448 Patent. As a result, Defendants' Second and Fourth Infringing Devices have been used by its customers and by users to infringe the '448 Patent. Defendants continue to engage in acts of contributory infringement of the '448 Patent even after receiving notice of its contributory infringement.

67.     Defendants infringe literally or under the doctrine of equivalents, or both.

68.     At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '448 Patent.

69.     Therabody has been damaged by Defendants' acts of infringement of the '448 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

70.     Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second and Fourth Infringing Devices become entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second and Fourth Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Second and Fourth Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

71.     Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and

Therabody's marking of its products via its website at

https://www.therabody.com/us/en-us/patents.html, have been, and continue to be,

willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. §

284.

## THIRD CAUSE OF ACTION

### Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

72.     Therabody realleges and incorporates by reference all foregoing

paragraphs as if fully set forth herein.

73.     At all times herein mentioned the '565 Patent was and is valid and

fully enforceable.

74.     Defendants are offering percussive massage devices that infringe at

least claim 1 of the '565 Patent, including at least the Second and Fourth Infringing

Devices.

75.     Defendants' Second and Fourth Infringing Devices are percussive

massage devices.

76.     As shown below, Defendants' Second Infringing Device includes a

housing, wherein the housing includes first, second and third handle portions that

cooperate to at least partially define a handle opening.  The Fourth Infringing

Device is identical to the Second Infringing Device with respect to the claimed features shown below.



77.     As shown below, Defendants' Second Infringing Device includes a first handle portion that defines a first axis, a second handle portion that defines a second axis and a third handle portion that defines a third axis, and wherein the first, second and third axes are co-planar.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.



78.     As shown above, the Second Infringing Device includes that the first handle portion is generally straight, that the second handle portion is generally

straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.

79.    The Second Infringing Device includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.

80.    On information and belief, at least since the filing of the original Complaint, Defendants have knowingly and actively induced the infringement of one or more of the '565 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Second and Fourth Infringing Devices, knowingly and intending that the use of the Second and Fourth Infringing Devices by Defendants' customers and by users infringes the '565 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Second and Fourth Infringing Devices knowing that their purchase and use infringes one or more claims of the '565 Patent.

81.    On information and belief, at least since the filing of the original Complaint, Defendants have contributed to the infringement of the '565 Patent by their customers and users of the Second and Fourth Infringing Devices by, *inter*

*alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '565 Patent. The Second and Fourth Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '565 Patent. As a result, Defendants' Second and Fourth Infringing Devices have been used by its customers and by users to infringe the '565 Patent. Defendants continue to engage in acts of contributory infringement of the '565 Patent even after receiving notice of its contributory infringement.

82.     Defendants infringe literally or under the doctrine of equivalents, or both.

83.     At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '565 Patent.

84.     Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

85.     Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or

recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second and Fourth Infringing Devices become entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second and Fourth Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Second and Fourth Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

86.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTH CAUSE OF ACTION

**Patent Infringement of the '261 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

87.     Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

88.     At all times herein mentioned the '261 Patent was and is valid and fully enforceable.

89.     As shown below, a side by side comparison of figures from Therabody's '261 Patent and the design of Defendants' First Infringing Attachment as a whole quickly reveals that the First Infringing Attachment appears substantially the same as Therabody's '261 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.  Among other things, an ordinary observer would conclude that the First Infringing Attachment has a number of the same, or very similar, features as the design patented in the '261 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First Infringing Attachment are (a) cone shaped, (b) have the same relative dimensions (cone axial length relative to the diameter of the base), (c) have

a rounded tip, and (d) have a generally circular cavity centered in the base of the attachment:



First Infringing Attachment

90.     Defendants have and continue to directly infringe the '261 Patent by making, using, offering for sale, selling and importing the First Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

91.     Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

92.     On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '261 Patent claims by, *inter alia,* marketing, promoting, and offering for use the First Infringing Attachment, knowingly and intending that the use of the First Infringing Attachment by Defendants' customers and by users infringes the '261 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the First Infringing Attachment knowing that its purchase and use infringes one or more claims of the

'261 Patent.

93.    On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have contributed to the infringement of the '261 Patent by, *inter alia,* marketing and promoting the First Infringing Attachment to its customers and users. The First Infringing Attachment is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '261 Patent.  As a result, Defendants' First Infringing Attachment has been used by their customers and by users to infringe the '261 Patent. Defendants continue to engage in acts of contributory infringement of the '261 Patent even after receiving notice of their contributory infringement.

94.    At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '261 Patent.

95.    Therabody has been damaged by Defendants' acts of infringement of the '261 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

96.    Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend it to their clients, (2)

loss of first mover advantage that Therabody enjoyed as the first company to offer

its innovative percussive devices and patented attachments, (3) loss of Therabody's

investment in building up the market for percussive devices and its patented

attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the

unquantifiable effect on lost sales of related products, (6) price erosion due to

Defendants' First Infringing Attachment being sold at a price point lower than

Therabody's patented product, (7) diversion of resources to defend against loss of

market share caused by sales of the First Infringing Attachment, and (8)

Defendants' unauthorized sales that are enticing others to offer for sale and sell

infringing attachments that leads to additional irreparable harm described above.

97.     Defendants' acts of infringement, including their continued sales of

the Infringing Products after notice of their infringement through Therabody's

April 21, 2021 letter, the service of the original and amended complaints, and

Therabody's marking of its products via its website at

https://www.therabody.com/us/en-us/patents.html, have been, and continue to be,

willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. §

284.

## FIFTH CAUSE OF ACTION

**Patent Infringement of the '182 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

98.     Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

99.     At all times herein mentioned the '182 Patent was and is valid and fully enforceable.

100.    As shown below, a side by side comparison of Therabody's '182 Patent and Defendants' First Infringing Attachment quickly reveals that the design of the First Infringing Attachment as a whole appears substantially the same as Therabody's '182 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.  Among other things, an ordinary observer would conclude that the First Infringing Attachment has a number of the same, or very similar, features as the design patented in the '182 Patent that contribute to an overall appearance that is substantially the same, including but not limited to that both the patented design and First Infringing Attachment are (a) cone shaped, (b) have the same relative dimensions (cone axial length relative to the diameter of the base), (c) have a rounded tip, and (d) have a generally circular cavity centered in the base of the attachment:



First Infringing Attachment

101.    Defendants have and continue to directly infringe the '182 Patent by making, using, offering for sale, selling and importing the First Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

102.    Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

103.    On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '182 Patent claims by, *inter alia,* marketing, promoting, and offering for use the First Infringing Attachment, knowingly and intending that the use of the First Infringing Attachment by Defendants' customers and by users infringes the '182 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the First Infringing Attachment knowing that its purchase and use infringes one or more claims of the '182 Patent.

104.   On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have contributed to the infringement of the '182 Patent by, *inter alia,* marketing and promoting the First Infringing Attachment to their customers and users. The First Infringing Attachment is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '182 Patent.  As a result, Defendants' First Infringing Attachment has been used by their customers and by users to infringe the '182 Patent.  Defendants continue to engage in acts of contributory infringement of the '182 Patent even after receiving notice of their contributory infringement.

105.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '182 Patent.

106.   Therabody has been damaged by Defendants' acts of infringement of the '182 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

107.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First Infringing Attachment becomes entrenched with retail sellers and trainers who recommend it to their clients, (2)

loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

108.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## SIXTH CAUSE OF ACTION

### Patent Infringement of the '943 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

109.   Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

110.   At all times herein mentioned the '943 Patent was and is valid and fully enforceable.

111.   As shown below, a side by side comparison of Therabody's '943 Patent and Defendants' Second Infringing Attachment quickly reveals that the design of the Second Infringing Attachment as a whole appears substantially the same as Therabody's '943 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.  Among other things, an ordinary observer would conclude that the Second Infringing Attachment has a number of the same, or very similar, features as the design patented in the '943 Patent that contribute to an overall appearance that is substantially the same, including but not limited to that both the patented design and Second Infringing Attachment are: (a) dome shaped, (b) sloped portions from the top attachment-side to the dome, (c) the same relative proportions of the dome to the sloped portion of the attachment, and (d) have a generally circular cavity centered in the base of the attachment:



Fig. 4          Second Infringing Attachment

112.   Defendants have and continue to directly infringe the '943 Patent by making, using, offering for sale, selling and importing the Second Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

113.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

114.   On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '943 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Second Infringing Attachment, knowingly and intending that the use of the Second Infringing Attachment by Defendants' customers and by users infringes the '943 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Second Infringing Attachment knowing that its purchase and use infringes one or more claims of the '943 Patent.

115.   On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have contributed to the infringement of the '943 Patent by, *inter*

*alia,* marketing and promoting the Second Infringing Attachment to their

customers and users.  The Second Infringing Attachment is not a staple article or

commodity of commerce suitable for substantial non-infringing use and is known

by Defendants to be especially made or especially adapted to the infringe the '943

Patent.  As a result, Defendants' Second Infringing Attachment has been used by

their customers and by users to infringe the '943 Patent.  Defendants continue to

engage in acts of contributory infringement of the '943 Patent even after receiving

notice of their contributory infringement.

116.    At no time has Therabody granted Defendants authorization, license,

or permission to utilize the design claimed in the '943 Patent.

117.    Therabody has been damaged by Defendants' acts of infringement of

the '943 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court.  Therabody is entitled to recover damages adequate

to compensate for the infringement under 35 U.S.C. § 284.

118.    Therabody is, and has been, irreparably harmed by Defendants' on-

going infringement, including the following harm which cannot be quantified or

recouped through monetary damages: (1) lost market share that will be difficult, if

not impossible, to recoup later as the Second Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend it to their clients, (2)

loss of first mover advantage that Therabody enjoyed as the first company to offer

its innovative percussive devices and patented attachments, (3) loss of Therabody's

investment in building up the market for percussive devices and its patented

attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the

unquantifiable effect on lost sales of related products, (6) price erosion due to

Defendants' Second Infringing Attachment being sold at a price point lower than

Therabody's patented product, (7) diversion of resources to defend against loss of

market share caused by sales of the Second Infringing Attachment, and (8)

Defendants' unauthorized sales that are enticing others to offer for sale and sell

infringing attachments that leads to additional irreparable harm described above.

119.   Defendants' acts of infringement, including their continued sales of

the Infringing Products after notice of their infringement through Therabody's

April 21, 2021 letter, the service of the original and amended complaints, and

Therabody's marking of its products via its website at

https://www.therabody.com/us/en-us/patents.html, have been, and continue to be,

willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. §

284.

## SEVENTH CAUSE OF ACTION

**Patent Infringement of the '393 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

120.   Therabody realleges and incorporates by reference all paragraphs

above as if fully set forth herein.

121.   At all times herein mentioned the '393 Patent was and is valid and fully enforceable.

122.   As shown below, a side by side comparison of Therabody's '393 Patent and Defendants' Third Infringing Attachment quickly reveals that the design of the Third Infringing Attachment as a whole appears substantially the same as Therabody's '393 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.  Among other things, an ordinary observer would conclude that the Third Infringing Attachment has a number of the same, or very similar, features as the design patented in the '393 Patent that contribute to an overall appearance that is substantially the same, including but not limited to that both the patented design and Third Infringing Attachment is (a) dome shaped contact surface, (b) vertical sides between the sloped portion and dome, (c) sloped portions from the vertical sides to the attachment side, (d) the same relative proportions of the three segments (domed, vertical side and sloped), and (e) have a generally circular cavity centered in the base of the attachment:




Fig. 4                         Third Infringing Attachment

123.   Defendants have and continue to directly infringe the '393 Patent by making, using, offering for sale, selling and importing the Third Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

124.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

125.   On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '393 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Third Infringing Attachment, knowingly and intending that the use of the Third Infringing Attachment by Defendants' customers and by users infringes the '393 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Third Infringing Attachment knowing that its purchase and use infringes one or more claims of the '393 Patent.

126.   On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have contributed to the infringement of the '393 Patent by, *inter alia,* marketing and promoting the Third Infringing Attachment to their customers and users. The Third Infringing Attachment is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '393 Patent. As a

result, Defendants' Third Infringing Attachment has been used by their customers and by users to infringe the '393 Patent. Defendants continue to engage in acts of contributory infringement of the '393 Patent even after receiving notice of their contributory infringement.

127.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '393 Patent.

128.   Therabody has been damaged by Defendants' acts of infringement of the '393 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

129.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Third Infringing Attachment becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Third Infringing Attachment being sold at a price point lower than

Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Third Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

130.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## EIGHTH CAUSE OF ACTION

### Patent Infringement of the '500 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

131.   Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

132.   At all times herein mentioned the '500 Patent was and is valid and fully enforceable.

133.   As shown below, a side by side comparison of Therabody's '500 Patent and Defendants' Fourth Infringing Attachment quickly reveals that the

design of the Fourth Infringing Attachment as a whole appears substantially the same as Therabody's '500 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Fourth Infringing Attachment has a number of the same, or very similar, features as the design patented in the '500 Patent that contribute to an overall appearance that is substantially the same, including but not limited to that both the patented design and Fourth Infringing Attachment is (a) width of contact side (where it placed against a body part) is larger than the width of the attachment side, (b) width of the contact side and the length (top to bottom) are generally the same size, (c) thickness of the contact surface has the same proportions to the length and width of the attachment, (d) rounded contact surface, and (e) a generally circular cavity centered in the base of the attachment:



Fig. 2                    Fourth Infringing Attachment

134.   Defendants have and continue to directly infringe the '500 Patent by making, using, offering for sale, selling and importing the Fourth Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

135.    Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

136.    On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '500 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Fourth Infringing Attachment, knowingly and intending that the use of the Fourth Infringing Attachment by Defendants' customers and by users infringes the '500 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Fourth Infringing Attachment knowing that its purchase and use infringes one or more claims of the '500 Patent.

137.    On information and belief, at least since Therabody's April 12, 2021 letter, Defendants have contributed to the infringement of the '500 Patent by, *inter alia,* marketing and promoting the Fourth Infringing Attachment to their customers and users. The Fourth Infringing Attachment is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '500 Patent. As a result, Defendants' Fourth Infringing Attachment has been used by their customers and by users to infringe the '500 Patent. Defendants continue to engage in acts of contributory infringement of the '500 Patent even after receiving notice of their contributory infringement.

138.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '500 Patent.

139.   Therabody has been damaged by Defendants' acts of infringement of the '500 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

140.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Fourth Infringing Attachment becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Fourth Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Fourth Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

141.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## NINTH CAUSE OF ACTION

**Patent Infringement of the '490 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

142.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

143.   At all times herein mentioned the '490 Patent was and is valid and fully enforceable.

144.   Defendants are offering percussive massage devices that infringe at least claim 1 of the '490 Patent, including at least the Third Infringing Device.

145.   Defendants' Third Infringing Device includes a treatment assembly for securing a treatment member to a shaft.

146.   As shown below, the treatment member of Defendants' Third Infringing Device defines a longitudinal axis and has a distal end and a proximal

end, wherein the proximal end includes an attachment recess defined therein. The treatment member includes a female attachment member having a distal end, a proximal end, and a shaft recess defined in the proximal end, wherein the female attachment member is secured in the attachment recess of the treatment member, wherein the shaft recess is defined by an interior surface that includes first and second opposing flat surfaces, wherein the first flat surface includes a first detent defined therein and the second flat surface includes a second detent defined therein, whereby when the shaft is received in the shaft recess, the first flat surface is operatively engaged with a first opposing flat surface on a male attachment member and a first ball is biased into the first detent and the second flat surface is operatively engaged with a second opposing flat surface on a male attachment member and a second ball is biased into the second detent.



147.   On information and belief, at least since the filing of the original Complaint, Defendants have knowingly and actively induced the infringement of one or more of the '490 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Third Infringing Device, knowingly and intending that the use of the Third Infringing Device by Defendants' customers and by users infringes the '490 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Third Infringing Device knowing that its purchase and use infringes one or more claims of the '490 Patent.

148.   On information and belief, at least since the filing of the original Complaint, Defendants have contributed to the infringement of the '490 Patent by their customers and users of the Third Infringing Device by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '490 Patent.  The Third Infringing Device is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '490 Patent. As a result, Defendants' Third Infringing Device has been used by its customers and by users to infringe the '490 Patent. Defendants continue to engage in acts of

contributory infringement of the '490 Patent even after receiving notice of its contributory infringement.

149.   Defendants infringe literally or under the doctrine of equivalents, or both.

150.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '490 Patent.

151.   Therabody has been damaged by Defendants' acts of infringement of the '490 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

152.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Third Infringing Device becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion of products using Defendants' Third Infringing Device being sold at a price point lower than

Therabody's patented products, (7) diversion of resources to defend against loss of

market share caused by sales of the products using the Third Infringing Device,

and (8) Defendants' unauthorized sales that are enticing others to offer for sale and

sell infringing products using the patented technology that leads to additional

irreparable harm described above.

153.   Defendants' acts of infringement, including their continued sales of

the Infringing Products after notice of their infringement through Therabody's

April 21, 2021 letter, the service of the original and amended complaints, and

Therabody's marking of its products via its website at

https://www.therabody.com/us/en-us/patents.html, have been, and continue to be,

willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. §

284.

## TENTH CAUSE OF ACTION

### Patent Infringement of the '723 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

154.   Therabody realleges and incorporates by reference all foregoing

paragraphs as if fully set forth herein.

155.   At all times herein mentioned the '723 Patent was and is valid and

fully enforceable.

156.   Defendants are offering percussive massage devices that infringe at

least claim 1 of the '723 Patent, including at least the First and Third Infringing Devices.

157.   The First and Third Infringing Devices are percussive massage devices.

158.   As shown below, the First and Third Infringing Devices include a housing that defines a housing interior, a thickness, a width and a height, a battery that defines a battery axis, a motor positioned in the housing, wherein the motor includes a rotatable motor shaft that defines a motor axis, a counterweight that rotates about the motor axis, and a switch for activating the motor.



First Infringing Device                      Third Infringing Device

159.   As shown above, the First and Third Infringing Devices include a reciprocating shaft operatively connected to the motor and configured to reciprocate in response to activation of the motor, wherein the reciprocating shaft includes a distal end that defines a reciprocation axis, wherein the reciprocation

axis defines a thickness reciprocation plane that extends transversely through the thickness of the housing and divides the housing into first and second side portions, wherein the motor is positioned in the first side portion, and wherein the first side portion is symmetrical to the second side portion except for any openings or ports defined in the housing, wherein the battery axis is parallel to the reciprocation axis, and wherein the motor axis is perpendicular to the reciprocation axis and the battery axis.

160.   As shown below, the first side portions of the First and Third Infringing Devices are symmetrical to the second side portions except for any openings or ports defined in the housing.



First Infringing Device         Third Infringing Device

161.   Defendants infringe literally or under the doctrine of equivalents, or both.

162.   On information and belief, at least since the filing of the First Amended Complaint, Defendants have knowingly and actively induced the

infringement of one or more of the '723 Patent claims by, *inter alia*, marketing, promoting, and offering for use the First and Third Infringing Devices, knowingly and intending that the use of the First and Third Infringing Devices by Defendants' customers and by users infringes the '723 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the First and Third Infringing Devices knowing that its purchase and use infringes one or more claims of the '723 Patent.

163.   On information and belief, at least since the filing of the First Amended Complaint, Defendants have contributed to the infringement of the '723 Patent by their customers and users of the First and Third Infringing Devices by, *inter alia*, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '723 Patent. The First and Third Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to infringe the '723 Patent. As a result, Defendants' First and Third Infringing Devices has been used by its customers and by users to infringe the '723 Patent. Defendants continue to engage in acts of contributory infringement of the '723 Patent even after receiving notice of its contributory infringement.

164.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the claimed inventions in the '723 Patent.

165.   Therabody has been damaged by Defendants' acts of infringement of the '723 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

166.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

167.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## ELEVENTH CAUSE OF ACTION

**Patent Infringement of the '636 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

168.   Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

169.   At all times herein mentioned the '636 Patent was and is valid and fully enforceable.

170.   As shown below, a side by side comparison of Therabody's '636 Patent and Defendants' Infringing Connector quickly reveals that the design of the Infringing Connector as a whole appears substantially the same as Therabody's '636 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Connector

has a number of the same, or very similar, features as the design patented in the

'636 Patent that contribute to an overall appearance that is substantially the same,

including but not limited to that both the patented design and Infringing Connector

have (a) a substantially similar cylindrical shape, (b) a rim at the end opposite the

bottom of the connector, (c) a flat surface on the side of cylinder, (d) a ball seated

within the flat surface and positioned toward the bottom of the connector, and (e)

an inclined surface from the side down to the bottom surface:



171.   Defendants have and continue to directly infringe the '636 Patent by

making, using, offering for sale, selling and importing the Infringing Connector in

conjunction with percussive massage devices competitive to Therabody.

172.   Defendants' infringement is based upon literal infringement or

infringement under the doctrine of equivalents, or both.

173.   On information and belief, at least since the filing of the First

Amended Complaint, Defendants have knowingly and actively induced the

infringement of one or more of the '636 Patent claims by, *inter alia,* marketing,

promoting, and offering for use the Infringing Connector, knowingly and intending that the use of the Infringing Connector by Defendants' customers and by users infringes the '636 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Connector knowing that its purchase and use infringes one or more claims of the '636 Patent.

174.   On information and belief, at least since the filing of the First Amended Complaint, Defendants have contributed to the infringement of the '636 Patent by, *inter alia,* marketing and promoting the Infringing Connector to their customers and users. The Infringing Connector is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '636 Patent.  As a result, Defendants' Infringing Connector has been used by their customers and by users to infringe the '636 Patent.  Defendants continue to engage in acts of contributory infringement of the '636 Patent even after receiving notice of their contributory infringement.

175.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '636 Patent.

176.   Therabody has been damaged by Defendants' acts of infringement of the '636 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

177.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Connector becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' products having the Infringing Connector being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the products having the Infringing Connector, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing devices that leads to additional irreparable harm described above.

178.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and

Therabody's marking of its products via its website at

https://www.therabody.com/us/en-us/patents.html, have been, and continue to be,

willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. §

284.

## TWELFTH CAUSE OF ACTION

**Patent Infringement of the '404 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

179.   Therabody realleges and incorporates by reference all paragraphs

above as if fully set forth herein.

180.   At all times herein mentioned the '404 Patent was and is valid and

fully enforceable.

181.   As shown below, a side by side comparison of Therabody's '404

Patent and Defendants' Second Infringing Attachment quickly reveals that the

design of the Second Infringing Attachment as a whole appears substantially the

same as Therabody's '404 Patent to an ordinary observer, and the resemblance is

such as to deceive such an observer, inducing him to purchase one supposing it to

be the other. Among other things, an ordinary observer would conclude that the

Second Infringing Attachment has a number of the same, or very similar, features

as the design patented in the '404 Patent that contribute to an overall appearance

that is substantially the same, including but not limited to that both the patented

design and Second Infringing Attachment have (a) dome shaped, (b) sloped portions from the top attachment-side to the dome, (c) the same relative proportions of the dome to the sloped portion of the attachment, and (d) have a generally circular cavity centered in the base of the attachment:



Second Infringing Attachment

182.   Defendants have and continue to directly infringe the '404 Patent by making, using, offering for sale, selling and importing the Second Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

183.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

184.   On information and belief, at least since the filing of the First Amended Complaint, Defendants have knowingly and actively induced the infringement of one or more of the '404 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Second Infringing Attachment, knowingly and intending that the use of the Second Infringing Attachment by Defendants' customers and by users infringes the '404 Patent.  For example, Defendants intend

to induce such infringement by, among other things, promoting users to purchase and use the Second Infringing Attachment knowing that its purchase and use infringes one or more claims of the '404 Patent.

185.   On information and belief, at least since the filing of the First Amended Complaint, Defendants have contributed to the infringement of the '404 Patent by, *inter alia,* marketing and promoting the Second Infringing Attachment to their customers and users.  The Second Infringing Attachment is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '404 Patent.  As a result, Defendants' Second Infringing Attachment has been used by their customers and by users to infringe the '404 Patent.  Defendants continue to engage in acts of contributory infringement of the '404 Patent even after receiving notice of their contributory infringement.

186.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '404 Patent.

187.   Therabody has been damaged by Defendants' acts of infringement of the '404 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

188.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or

recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second Infringing Attachment becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' products having the Second Infringing Attachment being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the products having the Second Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing devices that leads to additional irreparable harm described above.

189.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant

to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## THIRTEENTH CAUSE OF ACTION

**Patent Infringement of the '064 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

190.    Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

191.    At all times herein mentioned the '064 Patent was and is valid and fully enforceable.

192.    Defendants are offering percussive massage devices that infringe at least claim 2 of the '064 Patent, including at least the Second and Fourth Infringing Devices.

193.    The Second and Fourth Infringing Devices are percussive massage devices.

194.    As shown below, the Second Infringing Device includes a housing, wherein the housing includes first, second and third handle portions and a head portion that cooperate to define a handle opening, wherein the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to the claimed features shown below.



195.   As shown below, the Second Infringing Device includes the first, second and third axes cooperate to form a triangle, such that a user can grasp any of the first, second or third handle portions independently to use the percussive therapy device.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to the claimed features shown below.



196.   The Second and Fourth Infringing Devices include an electrical source, a motor positioned in the head portion of the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

197.   As shown above, at least a portion of the push rod assembly of the Second Infringing Device extends outside of the head portion.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to this claimed feature.

198.   On information and belief, at least since a March 29, 2022 email to Defendant's counsel, Defendants have knowingly and actively induced the infringement of one or more of the '064 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Second and Fourth Infringing Devices, knowingly and intending that the use of the Second and Fourth Infringing Devices by Defendants' customers and by users infringes the '064 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Second and Fourth Infringing Devices knowing that their purchase and use infringes one or more claims of the '064 Patent.

199.   On information and belief, at least since a March 29, 2022 email to Defendant's counsel, Defendants have contributed to the infringement of the '064 Patent by their customers and users of the Second and Fourth Infringing Devices by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '064 Patent. The Second and Fourth Infringing Devices are

not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '064 Patent. As a result, Defendants' Second and Fourth Infringing Devices have been used by its customers and by users to infringe the '064 Patent. Defendants continue to engage in acts of contributory infringement of the '064 Patent even after receiving notice of its contributory infringement.

200.   Defendants infringe literally or under the doctrine of equivalents, or both.

201.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '565 Patent.

202.   Therabody has been damaged by Defendants' acts of infringement of the '064 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

203.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second and Fourth Infringing Devices become entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3)

loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second and Fourth Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Second and Fourth Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

204.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, a March 29, 2022 email to Defendant's counsel, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTEENTH CAUSE OF ACTION
### Patent Infringement of the '722 Patent, 35 U.S.C. §§ 101 et seq.
(Against All Defendants)

205.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

206.   At all times herein mentioned the '722 Patent was and is valid and fully enforceable.

207.   Defendants are offering percussive massage devices that infringe at least claim 12 of the '722 Patent, including at least the Second and Fourth Infringing Devices.

208.   The Second and Fourth Infringing Devices are percussive massage devices.

209.   As shown below, the Second Infringing Device includes a housing, wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion includes a first handle portion exterior edge, wherein the second handle portion includes a second handle portion exterior edge, wherein the third handle portion includes a third handle portion exterior edge, wherein the first handle portion exterior edge defines a first handle portion exterior edge extended, wherein the second handle portion exterior edge defines a second handle portion exterior edge extended, wherein the third handle portion exterior edge defines a third handle portion exterior edge extended.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.



210.   As shown below, the Second Infringing Device includes first, second

and third exterior edges extended cooperate to define a triangle that surrounds the

handle opening, such that a user can grasp any of the first, second or third handle

portions independently to use the percussive massage device.  The Fourth

Infringing Device is identical to the Second Infringing Device with respect to these

claimed features.



211.   The Second and Fourth Infringing Devices include an electrical

source, a motor positioned in the housing, a switch for activating the motor, and a

push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

212.   As shown above, the Second Infringing Device includes the first handle portion exterior edge is generally straight, wherein the second handle portion exterior edge is generally straight, and wherein the third handle portion exterior edge is generally straight.  The Fourth Infringing Device is identical to the Second Infringing Device with respect to these claimed features.

213.   On information and belief, at least since a March 29, 2022 email to Defendant's counsel, Defendants have knowingly and actively induced the infringement of one or more of the '722 Patent claims by, inter alia, marketing, promoting, and offering for use the Second and Fourth Infringing Devices, knowingly and intending that the use of the Second and Fourth Infringing Devices by Defendants' customers and by users infringes the '722 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Second and Fourth Infringing Devices knowing that their purchase and use infringes one or more claims of the '722 Patent.

214.   On information and belief, at least since a March 29, 2022 email to Defendant's counsel, Defendants have contributed to the infringement of the '722 Patent by their customers and users of the Second and Fourth Infringing Devices by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an

apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '722 Patent. The Second and Fourth Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '722 Patent.  As a result, Defendants' Second and Fourth Infringing Devices have been used by its customers and by users to infringe the '722 Patent. Defendants continue to engage in acts of contributory infringement of the '722 Patent even after receiving notice of its contributory infringement.

215.   Defendants infringe literally or under the doctrine of equivalents, or both.

216.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '722 Patent.

217.   Therabody has been damaged by Defendants' acts of infringement of the '722 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

218.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if

not impossible, to recoup later as the Second and Fourth Infringing Devices become entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second and Fourth Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Second and Fourth Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

219.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through Therabody's April 21, 2021 letter, the service of the original and amended complaints, at least since a March 29, 2022 email to Defendant's counsel, and Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Therabody prays for judgment as follows:

A.      For an order finding that the Asserted Patents are valid and enforceable;

B.      For an order finding that Defendants have infringed the Asserted Patents directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

C.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the Asserted Patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

D.      For a judgment directing that any products in the possession, custody or control of Defendants which infringe the Asserted Patents, including but not limited to the Infringing Products, be delivered up and destroyed within 30 days of entry of judgment;

E.      For a judgment directing Defendants to recall all such Infringing Products and any other materials sold, distributed, advertised or marketed which infringe the Asserted Patents;

F.      For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

G.      For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

H.      For compensatory damages in an amount to be proven at trial, including disgorgement of profits or gains of any kind made by Defendants from their infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

I.      For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorneys' fees according to proof;

J.      For an order awarding Therabody its costs of court; and

K.      For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: New York, New York
      May 6, 2022

PARKER IBRAHIM & BERG LLP

By:   /s/ *Diane C. Ragosa*
        Diane Christine Ragosa
        Peter Andrew Swift

270 Davidson Avenue 5th Floor
Somerset, New Jersey 08873
Tel: (908)-725-9700
Fax: (908)-333-6230
Email: diane.ragosa@piblaw.com
Email: peter.swift@piblaw.com
ATTORNEY TO BE NOTICED

JEFFER MANGELS BUTLER & MITCHELL LLP
Gregory S. Cordrey (admitted *pro hac vice*)
3 Park Plaza, Suite 1100
Irvine, CA 92614
Tel: (949) 623-7236
GCordrey@JMBM.com

Stanley M. Gibson (admitted *pro hac vice*)
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Tel: (310) 203-8080
SGibson@JMBM.com

*Attorneys for Plaintiff,*
*Therabody, Inc.*