UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10,<br><br>       Defendants. | Civil Action No.: 21-7803<br><br><u>Oral Argument Requested</u> |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

---

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Telephone: (212) 643-7000

*Attorneys for Defendant*
*Tzumi Electronics LLC*

Of Counsel and On the Brief:
    Scott D. Stimpson, Esq.
    Katherine M. Lieb, Esq
    Steven Z. Luksenberg, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

    A.    The Accused ProFit Products...............................................................................2

    B.    The Grasping Patents ...........................................................................................3

    C.    The Claim Amendments During Prosecution of the Grasping Patents..................4

    D.    The Prior Art Distinguished to Obtain the Grasping Patents.................................5

        1.    Pepe (U.S. Patent Pub. No. 2017/0304145)..............................................5

        2.    Rix (U.S. Patent No. 7,927,259) ..............................................................7

        3.    Oberheim  (U.S. Patent Pub. No. 2009/0188119).....................................7

        4.    Matre (U.S. Patent No. 4,991,298) ..........................................................8

ARGUMENT ............................................................................................................................8

    I.    THE RELEVANT LEGAL STANDARDS.............................................................8

        A.    The Standard on Summary Judgment .........................................................8

        B.    Claim Interpretation ...................................................................................9

        C.    Literal Infringement .................................................................................10

        D.    Doctrine of Equivalents ...........................................................................10

    II.    THE "GRASPING" LIMITATIONS INTERPRETATION IS CLEAR FROM THE SPECIFICATIONS AND PROSECUTION HISTORIES ..............11

        A.    Tzumi's Proposed Interpretation...............................................................11

        B.    Specification Support ................................................................................12

        C.    Prosecution History Support .....................................................................13

    III.    NO LITERAL INFRINGEMENT .......................................................................14

    IV.    NO INFRINGEMENT BY EQUIVALENTS .......................................................15

        A.    Amendment-Based Estoppel......................................................................15

        B.    Argument-Based Estoppel .........................................................................16

CONCLUSION..........................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AquaTex Indus. v. Techniche Solutions*,
419 F.3d 1374 (Fed. Cir. 2005)................................................................................11

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).....................................................................................................8

*Chore-Time Equip., Inc. v. Cumberland Corp.*,
713 F.2d 774 (Fed. Cir. 1983).....................................................................................9

*Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*,
460 F.3d 1349 (Fed. Cir. 2006)............................................................................11, 17

*Dawn Equip. Co. v. Kentucky Farms Inc.*,
140 F.3d 1009 (Fed. Cir. 1998)..................................................................................11

*Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys.*,
347 F.3d 1314 (Fed. Cir. 2003)..................................................................................10

*Desper Prods. v. QSound Lab.*,
157 F.3d 1325 (Fed. Cir. 1998)....................................................................................9

*General Mills, Inc. v. Hunt-Wesson, Inc.*,
103 F.3d 978 (Fed. Cir. 1997).....................................................................................10

*Lucent Techs., Inc. v. Gateway, Inc.*,
525 F.3d 1200 (Fed. Cir. 2008)..................................................................................10

*Nike Inc. v. Wolverine World Wide*,
43 F.3d 644 (Fed. Cir. 1994)........................................................................................9

*Panduit Corp. v. HellermannTyton Corp.*,
451 F.3d 819 (Fed. Cir. 2006).....................................................................................11

*Shamrock Techs., Inc. v. Medical Sterilization, Inc.*,
903 F.2d 789 (Fed. Cir. 1990).......................................................................................8

*Warner-Jenkinson Co., v. Hilton Davis Chem. Co.*,
520 U.S. 17, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997)...........................................11

**Other Authorities**

Fed. R. Civ. P. 56...................................................................................................8, 9

Defendant Tzumi Electronics LLC ("Tzumi") hereby submits this Memorandum in support of its Motion for Partial Summary Judgment of Non-Infringement.

## PRELIMINARY STATEMENT

Plaintiff Therabody, Inc. ("Therabody") has asserted four patents against Tzumi's ProFit massage gun products (which account for about 90% of sales of all accused products). All four of the asserted patents relate to percussive massage guns, and all asserted claims require three handle portions wherein each of the three handle portions can be "grasped" to use the device.

The common specification of all four patents explains that the "grasping" limitation requires each handle portion to be "long enough so that a person with a large hand can comfortably grasp each handle portion with at least three to four fingers extending through the handle opening"; and this "grasping" limitation was added to claims to avoid prior art. The accused products have no third "handle" portion at all, let alone a third handle that can be "grasped." Undeterred, Therabody alleges that a U-shaped transition between two handles in the Tzumi product is the required third "grasping" handle. The "grasping" handle as shown in all four of the Grasping Patents is compared here with Therabody's picture of the Tzumi product:



1

Therabody's entire theory of infringement – alleging a small U-shaped transition is a grasping handle – is wildly inconsistent with the prosecution histories of these patents, wherein both the patent examiner and the applicants repeatedly distinguished numerous prior art handles as inadequate for grasping (even though all those prior art handles, unlike the accused products, have linear sections).  The distinguished prior art handles include the following, colored in red:



The Tzumi products do not literally meet this requirement of a third "grasping" handle as that term must be construed under established Federal Circuit law.  And Therabody is estopped from arguing infringement by equivalents, because this limitation was added by amendment, and because it was used to distinguish prior art handles that were closer to the alleged invention.

These patents should never have been asserted.  Summary judgment of no infringement should be granted (upon which the small remainder of this case can be settled).

## STATEMENT OF FACTS

### A.    The Accused ProFit Products

The accused products subject to this motion are the Tzumi ProFit products.  They are shown in the pictures of Exs. A and B, and sample products are submitted as Exs. C and D.[1]

---

[1] All citations refer to those exhibits attached to the Declaration of Scott D. Stimpson, dated June 7, 2022.  The products subject to this motion account for about 85% of the sales of all accused products in this case, and thus the infringement issue addressed in this motion has prevented serious settlement discussions.

The ProFit products are shown below.  They have only two handles – one on each side of the opening.  The two handles are connected by a base member transition that has no linear section at all – it is entirely U-shaped.



### B.    The Grasping Patents

Therabody has alleged that Tzumi's ProFit massage guns infringe United States Patent Nos. 10,702,448 ("the '448 Patent"), 10,918,565 ("the '565 Patent"), 10,857,064 ("the '064 Patent"), and 11,160,722 ("the '722 Patent") (collectively, "the Grasping Patents").  Exs. E-H. With minor irrelevant differences, the Grasping Patents share the same specifications.[2]   All

---

[2] The specifications of the '448, '565 and '722 Patents are identical (because the '565 and '722 Patents issued from "continuation" applications of the application for the '448 Patent).  The '064 Patent has the same specification but adds material irrelevant here (related to automation and programming).  For brevity, this brief will cite only to the '448 specification, as the same text is in all four patents.

describe a percussive massage gun with three handle portions defining an opening, wherein each handle portion is independently graspable.  This is illustrated in Figures 16-18 of the patents:



The common specification of all four patents defines what it means for a handle to be large enough to grasp: "long enough so that a person with a large hand can comfortably grasp each handle portion with at least three to four fingers extending through the handle opening." Ex. E at 16:40-43, s*ee also,* 17:16–20 ("It will be appreciated that these dimensions [of the handles] are optimized so that a 95th percentile male can grip any of the three handle portions with at least three and preferably four fingers extending through the handle opening to utilize the device.").[3]

### C.    The Claim Amendments During Prosecution of the Grasping Patents

During prosecution of the earliest of the patents (the '448 Patent), to overcome Patent Office rejections, the applicants amended claims 1 and 7 (issued claims 1 and 6) so that they required all three handles to be graspable.  Ex. I (Apr. 17, 2020, Applicant Amendment & Response) at 1-4, and 14-15.  The same basic amendment was made to the asserted claim of the '064 Patent.  Ex. J at 2 (September 1, 2020 Applicant Amendment & Response).  Because all

---

[3] Citations to the patent are in the format column:lines.  For example, 16:40-43 refers to column 16, lines 40-43.

four patents are in the same lineage, the resulting estoppels apply to all asserted claims of all four patents (*see* Section VIII(A), *infra*).

### D.   The Prior Art Distinguished to Obtain the Grasping Patents

Throughout the histories of these four patents (all of which had the same patent examiner), both the applicants and the examiner repeatedly distinguished prior art as lacking three "grasping" handles.   Examples are provided below, with each handle portion that was distinguished from the "grasping" claim limitations colored in red.

### 1.   Pepe (U.S. Patent Pub. No. 2017/0304145)



The above is figure 1 from the cited Pepe prior art.  Ex. K.  Pepe is similar to the Tzumi ProFit products in that it has base member 22 transitioning between its two handles 12 and 14 (but unlike the ProFit products, Pepe's transition 22 has a linear section).

In an office action during the '565 Patent prosecution dated September 22, 2020, the examiner cited the Pepe publication as prior art anticipating all the claim elements of pending claim 1.  *See* Ex. L at 3-5.  Importantly, the examiner declined to identify base portion 22 as a grasping handle, relying instead on the circular "handle portion" as shown below in the examiner's annotated figure 3 of Pepe (this handle is perpendicular to the page).  *See id.* at 4.



FIG. 3

The applicants effectively confirmed their agreement that element 22 was not a grasping handle, overcoming the Pepe rejection by adding language to the claim requiring the handles to be "co-planar." *See* Ex. M (December 17, 2020 Amendment) at 4, 17.   Obviously, the "co-planar" requirement would not distinguish base member 22 if it was otherwise considered a grasping handle (because base member 22 is co-planar with handles 12 and 14).   The examiner and applicants left no doubt that base element 22 was too short to be a grasping handle.   *See* Ex. N, January 8, 2021 Notice of Allowability at 3-4 ("Reasons for Allowance": "the prior art does not disclose . . . handle portions . . . which are co-planar . . . the handle portions each defining interior edge and lengths which allow for a user to grasp with a hand such that three fingers extend through….").

### 2. Rix (U.S. Patent No. 7,927,259)



This is figure 1 from the cited prior art Rix patent. Ex. F. The applicants argued that Rix does not "suggest that the alleged housing[] of the device can be grasped anywhere other than a single handle." Ex. I ('448 Patent Apr. 17, 2020, Applicant Amendment & Response) at 17. The examiner agreed that Rix did not show three handles "of a length such that when a user grasps them with a hand, at least three fingers extend through the handle opening . . . ." Ex. P ('448 Patent January 24, 2020 Office Action) at 11, *see also* pp. 5-7.

### 3. Oberheim  (U.S. Patent Pub. No. 2009/0188119)



The above is figure 1 from the cited prior art Oberheim publication. Ex. Q. The examiner identified the three handle portions in Oberheim (Ex. P at 9-10), and the applicants distinguished this prior art too, relying again on the requirement of three "grasping" handles.

7

Specifically, the applicants argued (successfully) that Oberheim did not disclose "that the alleged housings of the device can be grasped anywhere other than a single handle."  Ex. I at 17.

### 4.    Matre (U.S. Patent No. 4,991,298)



The above is figure 1 of the Matre cited prior art.  Ex. R.  The applicants yet again relied on the requirement that all three handles be sufficient for grasping.  Ex. P, at 18-19 ("entire component 12 may have three sides, however, it is respectfully submitted that the horizontal section is that actual gripping portion of the handle…" and "none of Rix, Haas, Oberheim nor Matre … suggest that the alleged housings of the device can be grasped anywhere other than a single handle."); and p. 21 (Rix, Oberheim, and Matre devices would be "awkward and unwieldy" insofar as the devices and housings are longer than the handle portions).

### <u>ARGUMENT</u>

### I.    <u>THE RELEVANT LEGAL STANDARDS</u>

### A.    <u>The Standard on Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment where there is "no genuine dispute as to any material fact" and when the "movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shamrock Techs., Inc. v. Medical Sterilization, Inc.,* 903 F.2d 789, 791

(Fed. Cir. 1990). These standards are fully applicable to patent cases. *See Nike Inc. v. Wolverine World Wide*, 43 F.3d 644, 646 (Fed. Cir. 1994). Indeed, the Federal Circuit has emphasized, "[s]ummary judgment is as appropriate in a patent case as it is in any other," *Desper Prods. v. QSound Lab.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998) (citations and quotation marks omitted), and has encouraged use of Rule 56 where appropriate, stating that, "[w]here no issue of material fact is present . . . courts should not hesitate to avoid an unnecessary trial by proceeding under Fed. R. Civ. P. 56." *Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 778-79 (Fed. Cir. 1983).

### B.   Claim Interpretation

The court construes the meaning of language used in the patent claim as a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995). While this motion requires interpretation of a single word ("grasp"), that issue does not preclude summary judgment. *See, e.g., Phonometrics, Inc. v. N. Telecom Inc.,* 133 F.3d 1459, 1464 (Fed. Cir. 1998) ("Disputes concerning the meaning of claims do not preclude summary judgment, because the resolution of those disputes is part of the process of claim interpretation, a question of law."); *International Dodge, Inc. v. DBI,* No. 98-cv-3246, 2000 U.S. Dist. LEXIS 14184, at *16 (S.D.N.Y. Sept. 27, 2000) ("Disputes regarding the meaning of a patent's claims do not preclude summary judgment…."). As will be applicable here, the patent specification and prosecution history are critical in determining the correct claim construction. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1311-17 (Fed. Cir. 2005) (en banc); *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co*., 521 F.3d 1351, 1362-63 (Fed. Cir. 2008) (When the parties have a "fundamental dispute regarding the scope of a claim term," the Court has the duty to resolve that dispute).

### C.    Literal Infringement

One way in which a patent claim may be infringed is by "literal" infringement.  Literal infringement requires that each element in the asserted claim be literally present in the accused device.  *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997).  Put another way, there can be no literal infringement if the accused device lacks any one element of the asserted claims.  *Id*.

### D.    Doctrine of Equivalents

A lack of literal infringement does not end the infringement inquiry, as infringement may exist under the "doctrine of equivalents."   The doctrine of equivalents allows, in some circumstances, a claim element to be met by its substantial equivalent.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 732-33 (2002) (*citing Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605 (1950)).  There are strict limitations to application of the doctrine of equivalents, however, two of which are applicable here:

(1)  Amendment-based estoppel:  Prosecution history estoppel can prevent a patentee from relying on the doctrine of equivalents when the patentee relinquishes subject matter during the prosecution of the patent.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co*., 535 U.S. 722, 734 (2002); *Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys.*, 347 F.3d 1314, 1324-25 (Fed. Cir. 2003).   Under amendment-based estoppel, "[n]arrowing the claims in response to a rejection during prosecution creates a presumption that the applicant surrendered the territory between the original claims and the amended claims."  *Lucent Techs., Inc. v. Gateway, Inc.,* 525 F.3d 1200, 1218 (Fed. Cir. 2008) (citations omitted).

(2)  Argument-based estoppel:  Under argument-based estoppel, the Court must determine whether arguments made by the patentee during prosecution history evince "a clear

and unmistakable surrender of subject matter."  *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1364 (Fed. Cir. 2006) (citations omitted).  To determine if subject matter has been relinquished, an objective test is applied, inquiring "whether a competitor would reasonably believe that the applicant had surrendered the relevant subject matter."  *AquaTex Indus. v. Techniche Solutions*, 419 F.3d 1374, 1382 (Fed. Cir. 2005) (citations omitted).

Each of these principles are legal limitations on the doctrine of equivalents and can be resolved early on summary judgment as a question of law.  *See, e.g., Panduit Corp. v. HellermannTyton Corp.,* 451 F.3d 819, 826 (Fed. Cir. 2006) (prosecution history estoppel is a "question[] of law"); *Dawn Equip. Co. v. Kentucky Farms Inc.,* 140 F.3d 1009, 1017 (Fed. Cir. 1998) ("In *Warner-Jenkinson,* the Supreme Court urged district courts in appropriate circumstances to give serious consideration to directing judgment….").

## II.    THE "GRASPING" LIMITATIONS INTERPRETATION IS CLEAR FROM THE SPECIFICATIONS AND PROSECUTION HISTORIES

### A.    Tzumi's Proposed Interpretation

Therabody has asserted the following independent claims:  claims 1 and 6 of the '448 Patent, claim 1 of the '064 Patent, claims 1, 9, 10, and 15 of the '565 Patent, and claims 1, 6, 11, and 17 of the '722 Patent.  All of these claims require that all three handles be independently graspable.  For the grasping limitations of these claims, please see:  Ex. E at 22:43-47; 23:34-36; Ex. F at 22:38-40; 24:20-22; 24:48-53; and 26:6-11; Ex. G at 39:41-43; and Ex. H at 22:35-37; 23:14-17; 24:1-3; 24:52-55.

The "grasping" limitations should be interpreted as follows:  **All three handles must be of a length sufficient for a person with a large hand to firmly and comfortably grip each handle portion with at least three to four fingers extending through the opening.**

11

### B.   <u>Specification Support</u>

The interpretation issue here (i.e., what is required for a handle portion to be capable of being grasped?) was repeatedly and consistently answered by the inventors in the patent specifications, and those sections provide the proper interpretation. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313, 1317 (Fed. Cir. 2005) (en banc) (referencing the "inventor's words that are used to describe the invention -- the inventor's lexicography…."; it is "entirely appropriate for a court, when conducting claim construction, to rely heavily on the written description for guidance as to the meaning of the claims"); *Merck & Co. v. Teva Pharms. USA, Inc.,* 347 F.3d 1367, 1371 (Fed. Cir. 2003) ("A fundamental rule of claim construction is that terms in a patent document are construed with the meaning with which they are presented in the patent document.").

Multiple specification sections address this issue, including the following examples:  Ex. E at 16:38-43 ("long enough so that a person with a large hand can comfortably grasp each handle portion with at least three to four fingers extending through the handle opening"); Figs. 16-18 (showing four fingers grasping each handle); 17:16–20 ("It will be appreciated that these dimensions [of the handles] are optimized so that a 95th percentile male can grip any of the three handle portions with at least three and preferably four fingers extending through the handle opening to utilize the device."); 16:23-25 ("All of the handle portions are long enough that they are configured such that a person can grasp that particular handle portion to utilize the device"); Fig. 14A with 16:66-17:1 (showing substantial linear portions of all three handles ranging from 66mm to 96 mm in length).

The clear and consistent descriptions of grasping handles throughout these patent specifications solidly support Tzumi's interpretation.  *See, e.g.,* 35 U.S.C §112 (specification

must describe the claimed invention in "full, clear, concise, and exact terms"); *Phillips* at 1312, 1315 ("the first paragraph [of 35 U.S.C. §112] requires that the specification describe the invention set forth in the claims"; "The specification is, thus, the primary basis for construing the claims."); *Markman,* 52 F.3d at 979 (claims "must be read in view of the specification, of which they are a part"); *Vitronics Corp. v. Conceptronic,* 90 F.3d 1576, 1582 (Fed. Cir. 1996) (the specification "is always highly relevant to the claim construction analysis.  Usually, it is dispositive; it is the single best guide to the meaning of a disputed term."); *see also* all asserted claims (requiring grasping sufficient to massage a body part or independently use the device).

### C.   Prosecution History Support

The prosecution history portions addressed above in the Statement of Facts, Part D, also solidly support Tzumi's proposed interpretation, as multiple prior art references were distinguished because the potential third handle was not long enough for comfortable and firm gripping with three to four fingers.  *See* Statement of Facts, Part D, *supra*.  *Phillips*, 415 F.3d at 1317 ("The prosecution history . . . includes the prior art cited during the examination of the patent.  Like the specification, the prosecution history provides evidence of how the PTO and the inventor understood the patent.").

The patent examiner also repeatedly and expressly interpreted the claims "in light of the disclosure," and without even a whisper of objection by the applicants, to require that each handle "must be able to be grasped and used independently, such as shown in Figs. 16-18," such that "***each of the conditions shown in Figs. 16-18 is present in the claim***...." '565 Patent September 22, 2020 Office Action, Ex. L at 2; '722 Patent July 15, 2021 Office Action, Ex. S, page 4 (emphases added).  Those "conditions shown in Figs. 16-18" that all acknowledged to be "present in the claim" are again shown here:

13



FIG. 16                    FIG. 17              FIG. 18

## III.    NO LITERAL INFRINGEMENT

With Tzumi's interpretation of the grasping limitations, there can be no literal infringement of the patents by the accused ProFit products.  The alleged third handle in the Tzumi product is shown on the right below, in comparison with Figure 18 of the patent.  Clearly it is not possible for a person with a large hand to grasp this section of the Tzumi product comfortably, or firmly, or with three to four fingers:



The woman's small hand employed in Therabody's demonstration photograph only serves to prove that this is no handle at all, let alone one that can be grasped.  *Cf., e.g.,* Ex. P at 18 (applicants arguing that prior art Matre handle "may have three sides," but distinguished because not all three were for grasping).  The Therabody picture shows precisely the "awkward and unwieldy" situation that the applicants distinguished during prosecution.  *Id.* at 21-23.

14

Because a large hand cannot grasp the alleged third handle, there is no literal infringement. *General Mills,* 103 F.3d at 981.

### IV.   NO INFRINGEMENT BY EQUIVALENTS

#### A.   Amendment-Based Estoppel

There is likewise no infringement under the doctrine of equivalents.  As explained in Section I(C), *supra,* the grasping limitation was added to the claims.  Accordingly, Therabody is barred from recapturing any scope of equivalents on this limitation.  *Festo*, 535 U.S. at 737 ("A patentee who narrows a claim as a condition for obtaining a patent disavows his claim to the broader subject matter").  This estoppel applies to all claims in the same patents with the grasping limitation, including to any claims where the limitation was originally present without amendment.  *Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys.*, 347 F.3d 1314, 1326 (Fed. Cir. 2003) (narrowing of claims is "presumed to be a general disclaimer of the territory between the original claim and the amended claim" and the "presumption applies to all claims containing" the limitation that was added by amendment); *Builders Concrete, Inc. v. Bremerton Concrete Products, Co.,* 757 F.2d 255, 260 (Fed. Cir. 1985) (presumption applied to claims as originally filed based on addition of same limitation in a separate claim).

The estoppel also applies to the grasping claims in all these patents, as they all have the same lineage.  *Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1323 (Fed. Cir. 2013) ("Prosecution history estoppel can extend from a patent application to subsequent patents in the same lineage"); *Elkay Mfg. Co. v. Ebco Mfg.  Co.,* 192 F.3d 973, 981 (Fed. Cirl 1999) (estoppel from parent applied to later patent in same lineage).

## B.      Argument-Based Estoppel

As discussed in the Statement of Facts, Part D, *supra*, the applicants distinguished numerous prior art handles because they were not grasping handles.  All these differentiated prior art handles were far closer to a "grasping" handle than is the alleged third handle in the accused products.  Indeed, these prior art references all disclosed handles with linear portions, whereas the Tzumi alleged third handle is just a U-shape.  The figures below compare the alleged third handle of the Tzumi product with the handles that were distinguished in the prosecution history:

### Alleged Tzumi Third Handle



ENTIRELY CURVED TRANSITION ALLEGED TO BE THIRD GRASPING HANDLE

**Prior Art Handles Distinguished As Not Grasping Handles**



Therabody's infringement allegation is irreconcilable with the positions it took during prosecution to get these patents allowed.  That is, if none of the red handles above (all with linear sections) had sufficient length to be grasping handles, then *a fortiori* the Tzumi U-shaped transition is not a grasping handle either.  Accordingly, this is another, independent reason there can be no infringement by equivalents.  *Conoco, Inc.*, 460 F.3d at 1364; *see also Linex Techs., Inc. v. Hewlett-Packard Co*., No. C 13-159 CW, 2014 U.S. Dist. LEXIS 73320, at *49-50 (N.D. Cal. May 20, 2014) ("The accused devices work in a fashion similar to the distinguished prior art references . . .. No reasonable jury could determine that the [element is met]."); *Int'l Research & Dev. Corp. v. Matson Navigation Co.*, No. C-50297 SC, 1972 U.S. Dist. LEXIS 11984, at *6-7 (N.D. Cal. Sept. 14, 1972) (No infringement: "The accused [products] are more similar to the prior art … than to the Smith patent.").

## CONCLUSION

For all these reasons, Defendant respectfully requests that the Court enter partial summary judgment of no infringement of the Grasping Patents.

DATED:  New York, New York         Respectfully submitted,
              June 7, 2022

                                              SILLS CUMMIS & GROSS P.C.
                                              101 Park Avenue, 28th Floor
                                              New York, New York 10178

                                              Tel. (212) 643-4000
                                              Fax (212) 643-6500


                                              By: /s/ *Scott D. Stimpson*
                                              SCOTT D. STIMPSON
                                              KATHERINE M. LIEB

                                              *Attorneys for Defendant*
                                              *Tzumi Electronics LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 7th day of June, 2022, a copy of the foregoing was served by electronic mail as follows:

Philippe Alain Zimmerman
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
(212)554-7400 x7895
Fax: (212)554-7700
Email: pzimmerman@mosessinger.com

Diane Christine Ragosa
Parker Ibrahim & Berg LLC
270 Davidson Avenue 5th Floor
Somerest, NJ 08873
(908)-725-9700
Fax: (908)-333-6230
Email: diane.ragosa@piblaw.com

Gregory Cordrey
Jeffer Mangels Butler and Mitchell LLP
1900 Ave. of The Stars, 7th Flr.
Los Angeles, CA 90067
310-203-8080
Email: gxc@jmbm.com

Peter Andrew Swift
Parker Ibrahim & Berg LLP
270 Davidson Avenue, 5th Floor
Somerset, NJ 08873
908-725-9700
Email: peter.swift@piblaw.com

Rod S Berman
Jeffer Mangels Butler and Mitchell LLP
1900 Ave. of The Stars, 7th Flr.
Los Angeles, CA 90067
310-203-8080
Email: RXB@JMBM.com

Zaid Shukri
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
(212)-554-7885
Email: zshukri@mosessinger.com

Stanley M Gibson
Jeffer Mangels Butler and Mitchell LLP
1900 Ave. of The Stars, 7th Flr.
Los Angeles, CA 90067
310-203-8080
Email: smg@jmbm.com

  /s/ Scott D. Stimpson
Scott D. Stimpson