UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10,<br><br>Defendants. | Action No.: 21-cv-7803(PGG)(RWL)<br><br>Oral Argument Requested |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Telephone: (212) 643-7000

*Attorneys for Defendant
Tzumi Electronics LLC*

Of Counsel and On the Brief:
 Scott D. Stimpson, Esq.
 Katherine M. Lieb, Esq.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................1

I. THE COURT SHOULD ADOPT TZUMI'S CLAIM CONSTRUCTION ..........................1

    A. The Summary Judgment Motion Covers All of the Asserted Claims .....................1

    B. Claim Construction is not Premature ......................................................................1

    C. Claim Differentiation Does Not Apply ...................................................................2

    D. The Patent Specification Supports Tzumi's Construction .......................................2

        1. No limitations are being imported ...............................................................2

        2. No embodiments are excluded from the claims...........................................3

        3. The specification confirms and defines the meaning of "grasping"............4

    E. The Prosecution History Supports Tzumi's Interpretation ......................................5

        1. The original claims are misrepresented by Therabody, and irrelevant ..................................................................................................5

        2. The prosecution history solidly supports Tzumi's interpretation ...............5

II. THERE ARE NO GENUINE FACTUAL DISPUTES ........................................................8

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AIA Eng'g Ltd. v. Magotteaux Int'l S/A*,
    657 F.3d 1264 (Fed. Cir. 2011)..................................................................................4

*Anderson Corp. v. Fiber Composites, LLC*,
    474 F.3d 1361 (Fed. Cir. 2007)..................................................................................2

*Arlington Ind., Inc. v. Bridgeport Fittings, Inc.*,
    632 F.3d 1246 (Fed. Cir. 2011)..................................................................................5

*Bell Atlantic Network Services, Inc. v. Covad Comm. Group, Inc.*,
    262 F.3d 1258 (Fed. Cir. 2001)..............................................................................4, 5

*Bid for Position, LLC v. AOL, LLC*,
    601 F.3d 1311 (Fed. Cir. 2010)..............................................................................7, 10

*Comark Communications, Inc. v. Harris Corp.*,
    156 F.3d 1182 (Fed. Cir. 1998)..................................................................................2

*D'Agostino v. MasterCard Int'l Inc.*,
    844 F.3d 945 (Fed. Cir. 2016)....................................................................................6

*Eon-Net, LP v. Flagstar Bancorp.*,
    653 F.3d 1314 (Fed. Cir. 2011)..................................................................................2

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*,
    287 F.3d 1108 (Fed. Cir. 2002)..................................................................................8

*Freedman Seating Co. v. Am. Seating Co.*,
    420 F.3d 1350 (Fed. Cir. 2005)..................................................................................9

*GPNE Corp. v. Apple Inc.*,
    830 F.3d 1365 (Fed. Cir. 2016)..................................................................................2

*Honeywell Int'l, Inc. v. Universal Avionics Systems*,
    493 F.3d 1358 (Fed. Cir. 2007)..................................................................................4

*In re: Abbott Diabetes Care, Inc.*,
    696 F.3d 1142 (Fed. Cir. 2012)..................................................................................4

*Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*,
    554 F.3d 1010 (Fed. Cir. 2009)..............................................................................7, 10

*Novartis Corp. v. Ben Venue Labs., Inc.*,
    271 F.3d 1043 (Fed. Cir. 2001)..................................................................................9

*Nystrom v. Trex Co., Inc.*,
    424 F.3d 1136 (Fed. Cir. 2005)..................................................................................6

*Ormco Corp. v. Aligh Tech., Inc.*,
    498 F.3d 1307 (Fed. Cir. 2008)...............................................................................2, 3

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) .......................................................................2, 3, 5, 6

*SciMed Life Systems, Inc. v. Advanced Cardiovasular Systems, Inc.*,
    242 F.3d 1337 (Fed. Cir. 2001)..................................................................................3

*Seachange International, Inc. v. C-COR Inc.*,
    413 F.3d 1361 (Fed. Cir. 2005)..................................................................................8

*Slater Elec. Inc. v. Thyssen-Bornemisza Inc.*,
    650 F. Supp. 444 (S.D.N.Y. 1986) .............................................................................7

*Vizio, Inc. v. Int'l Trade Comm'n*,
    605 F.3d 1330 (Fed. Cir. 2010)..................................................................................2

*Wireless Agents LLC v. Sony Ericsson Mobile Communs. Ab*,
    No. 06-1054, 2006 U.S. App. LEXIS 18933 (Fed. Cir. July 26, 2006).....................5

*Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*,
    19 F.3d 1418 (Fed. Cir. 1994).....................................................................................7

**Rules**

Fed. R. Civ. P. 56(d) ............................................................................................................9

**PRELIMINARY STATEMENT**

Therabody criticizes Tzumi's motion, suggesting that, because this is a patent case, it must somehow be more complicated. But that is simply not the case. Any reading of the claims against the accused products, in view of the specification and prosecution histories, proves that the infringement allegations are flatly inconsistent with the specifications and numerous positions taken to obtain these patents. Tellingly, while 21 of the 25 pages of Therabody's brief is dedicated to claim interpretation, Therabody declines to propose its own interpretation. Summary judgment should be granted, disposing of the vast majority of accused sales, and positioning the parties to settle.

**ARGUMENT**

**I.   THE COURT SHOULD ADOPT TZUMI'S CLAIM CONSTRUCTION**

   **A.   The Summary Judgment Motion Covers All of the Asserted Claims**

In a misleading effort to discourage the Court from addressing this motion, Therabody asserts that four of the asserted claims of these patents are not addressed by this motion. Therabody's Opposition Brief ("Op. Br.") at 2, 12–13, and n.3. Therabody's assertion is disingenuous, as all asserted claims contain the grasping limitations and are thus subject to the motion. *See* accompanying Reply Declaration of Scott Stimpson, and all asserted claims.

   **B.   Claim Construction Is Not Premature**

Therabody next makes the same argument it made to this Court when it originally tried to avoid this motion – that it is premature. *Compare* Op. Br. at 11–12, with Dkt. #39, at 1–2. Magistrate Judge Lehrburger rejected this same argument months ago, and rightly so, given that construction of one term should end this case.

1

C. **Claim Differentiation Does Not Apply**

Therabody makes various claim differentiation arguments, citing dependent claims that recite wording such as "at least a portion of three fingers." Op. Br. at 15. But the dependent claims identified by Therabody contain various ***other*** limitations not found in their corresponding independent claims (*e.g.,* all these dependents recite that the fingers must extend through the handle opening, the handles must have an interior edge, and that the fingers must contact the interior edge). The doctrine of claim differentiation thus does not apply. *Vizio, Inc. v. Int'l Trade Comm'n,* 605 F.3d 1330, 1338 (Fed. Cir. 2010) (claim differentiation argument lacked merit because dependent claims required additional limitations); *Anderson Corp. v. Fiber Composites, LLC,* 474 F.3d 1361, 1370 (Fed. Cir. 2007) (same).

Even if claim differentiation was applicable, it is only a presumption that is here overcome by the intrinsic record. *See* Sections D and E, *infra*; *GPNE Corp. v. Apple Inc.,* 830 F.3d 1365, 1371 (Fed. Cir. 2016) ("Claim differentiation is … a presumption that will be overcome when the specification or prosecution history dictates a contrary conclusion."); *Eon-Net, LP v. Flagstar Bancorp.,* 653 F.3d 1314, 1323 (Fed. Cir. 2011) ("claim differentiation is a rule of thumb that does not trump the clear import of the specification").

D. **The Patent Specification Supports Tzumi's Construction**

1. No limitations are being imported

Therabody contends that Tzumi's definition is reading limitations from the specification into the claims. Op. Br. at 16–17. As the Federal Circuit has stated, "there is sometimes a fine line between reading a claim in light of the specification, and reading a limitation into the claim from the specification." *Comark Communications, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998). Therabody has failed to navigate this line correctly. Using the specification to interpret the meaning of "grasping" is entirely appropriate. *Cf., e.g., Ormco Corp. v. Aligh Tech.*,

2

*Inc.,* 498 F.3d 1307, 1316 (Fed. Cir. 2007) ("specifications that in all respects tell us what the claims mean…"); *SciMed Life Systems, Inc. v. Advanced Cardiovasular Systems, Inc.,* 242 F.3d 1337, 1340 (Fed. Cir. 2001) (using specification to interpret and rejecting allegation that the district court "committed one of the cardinal sins of patent law").

### 2. No embodiments are excluded from the claims

Therabody next argues that Tzumi's interpretation would "exclude" the embodiments of figures 1, 2, 7, 8, and 13 from the claims. Op. Br. at 16.

First, the embodiments of figures 1–13 are covered by ***other*** (unasserted) independent claims. Second, this argument only applies to "preferred" embodiments, as Therabody's cases confirm. Therabody shows nothing indicating embodiments with only two handles are preferred. Third, Therabody clearly ***tried and failed*** to get claims broad enough to cover structures with only two grasping handles. *See* Ex. W (original claim 1 "alternatively" language and claim 7).[1]

Fourth, running Therabody's argument to ground confirms that structures like figures 1–13 do not have three grasping handles. The term "grasp" is not found anywhere in the "Detailed Description" section of the '448 patent until column 16, line 24; it is used only in connection with figures 14–27. Indeed, the '448 patent expressly distinguishes figures 1-13 from structures with three grasping handles. Ex. E, at 16:9–14 ("the description hereinafter focuses on components that are ***different*** [from figures 1–13]"; emphasis added). The "different" components immediately then described are the three grasping handles. *Id.*, 16:23–17:27. Thus, structures with three grasping handles, according to the specification itself, are "different" from structures like those shown in figures 1–13, just as they are different from the Tzumi products.

---

[1] All exhibit references shall pertain to the exhibits included in the parties' respective 56.1 appindices.

3

### 3. The specification confirms and defines the meaning of "grasping"

Therabody's dictionary definition, like any definition of "grasp," would also exclude the accused products. *Compare* Ex. GG and Op. Br. at 14 (requiring "fingers, hands" – note use of plural) *with* Therabody's infringement picture, Tzumi's Initial Brief ("In. Br.") at page 1 (woman's small hand can only use one finger). The Therabody dictionary uses an example of grasping a rope ("I grasped the end of the rope and pulled as hard as I could").[2] Surely one would not "grasp" a rope with a single finger.

The ***only*** descriptions of the "grasping" term in the common specifications show and describe structures that match Tzumi's proposed interpretation. In. Br. at 12. This specification evidence is **uncontroverted**, as **Therabody cites to no different specification use of the "grasping" term**. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) ("sometimes the specification offers practically incontrovertible directions about claim meaning").

As the specifications of these patents use the grasping term repeatedly and consistently throughout the specification, they are effectively defining the term. *See In re: Abbott Diabetes Care, Inc.*, 696 F.3d 1142, 1150 (Fed. Cir. 2012) ("the specification may define terms by implication…"); *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, 657 F.3d 1264, 1276 (Fed. Cir. 2011) ("'[t]he specification need not reveal such a definition explicitly,' but may do so 'by implication'"); *Honeywell Int'l, Inc. v. Universal Avionics Sys.*, 493 F.3d 1358, 1361–62 (Fed. Cir. 2007) (consistent use of term in specification would govern "even if it [was] contrary to the conventional meaning of the term"); *Bell Atlantic Network Services, Inc. v. Covad Comm. Group, Inc.*, 262 F.3d 1258, 1271 (Fed. Cir. 2001) ("[W]hen a patentee uses a claim term throughout the entire patent specification, in a manner consistent with only a single meaning, he

---

[2] See the quoted sentence at https://www.britannica.com/dictionary/grasp. Therabody relied on this dictionary. (Declaration of Cameron W. Westin, ¶ 14.)

4

has defined that term 'by implication.'"). Therabody's brief cites boilerplate language found in virtually every patent about embodiments or dimensions not being intended to limit the claims. *See* Op. Br. at 17; *cf.* Exs. E, F, G, and H (shortly before the claims, identical paragraph in every patent). Such boilerplate language does nothing to help Therabody's predicament. *Arlington Ind., Inc. v. Bridgeport Fittings, Inc.,* 632 F.3d 1246, 1257–58 (Fed. Cir. 2011) (criticizing arguments based on such "boilerplate" language); *Wireless Agents LLC v. Sony Ericsson Mobile Communs. Ab*, No. 06-1054, 2006 U.S. App. LEXIS 18933, at *6 (Fed. Cir. July 26, 2006) (declining to consider boilerplate language).

E. **The Prosecution History Supports Tzumi's Interpretation**

  1. The original claims are misrepresented by Therabody, and irrelevant

Therabody argues that the original claims of the '448 patent had the same limitations at issue here. Op. Br. at 18. This is both factually wrong, and legally irrelevant. The original claims required the first handle to be grasped, and "alternatively" the second or third handles to be grasped (so, only two handles needed to be grasped). *See, e.g.,* Ex. W (original claim 1 "alternatively" language and claim 7). But even if the original claims were the same, this argument is devoid of any intelligible connection to claim construction, as the prosecution history events that confirm and require Tzumi's construction occurred later in the history.

  2. The prosecution history solidly supports Tzumi's interpretation

   a. *The prosecution history is relevant regardless of disclaimer.*

Therabody argues that the prosecution history cannot support Tzumi's interpretation unless there was a "clear and unmistakable disavowal" of claim scope. Op. Br. at 18–19. Although this prosecution record easily meets this standard (*see infra*), Therabody's argument was rejected by the *en banc* Federal Circuit in *Phillips*. Specifically, cases that looked to the prosecution history only for a clear disavowal or disclaimer of ordinary meaning placed "too

5

little [reliance] on intrinsic sources, in particular the specification and prosecution history." *Phillips,* 415 F.3d at 1320; *see also D'Agostino v. MasterCard Int'l Inc.,* 844 F.3d 945, 949 (Fed. Cir. 2016) (prosecution history "is relevant as reinforcing the evident meaning of the claim language at issue, whether or not it would meet standards for disclaimer or disavowal."); *Nystrom v. Trex Co., Inc.,* 424 F.3d 1136, 1144 (Fed. Cir. 2005) (relying on the prosecution history: "We need not decide, however, whether the statement represents a clear disavowal of claim scope because the context reflects [the patent owner's] consistent use of the term . . .").

b.      *The grasping handle was used to distinguish short handles.*

According to Therabody, "the applicants and examiner never discussed, must less agreed, that the claims were distinguishable based on any aspect of the ***length*** of these handles . . ." Op. Br. at 19 (emphasis by Therabody). This is demonstrably false. *See, e.g.,* Ex. I at 20–21 (the '448 patent "handle portions . . . encompass a large portion of the ***length*** of the device and of the housing itself," and in contrast the prior art devices are "***longer*** overall than the … alleged handle portions" making them "awkward and unwieldy"); *see also* Section c, *infra*.

The prosecution history regarding prior art Pepe is also compelling in this regard. In. Br. at 5–6. Therabody criticizes Tzumi's view of this prosecution record but declines to provide any different explanation of what happened. Thus, the questions Therabody leaves hanging are: if Pepe's base member 22 can be the third grasping handle as Therabody now alleges, then why didn't the examiner or applicants identify it as such, and how did this patent issue? The only explanation is that neither the applicants nor the examiner considered base member 22 sufficient for a grasping handle. This is abundantly clear, particularly given what happened ***before*** this Pepe discussion, including arguments by the applicants that grasping handles could not be "awkward and unwieldy" or have the devices significantly longer than the handles (Ex. I at 21), and that Rix, Oberheim, and Matre each had only one handle for grasping (*id*. at 17–21). The law

6

presumes that the examiner accepted the applicants' arguments. *Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1425, n.8 (Fed. Cir. 1994) (where the circumstances permit such an inference, "actual reliance by the examiner need not be shown"); *Slater Elec. Inc. v. Thyssen-Bornemisza Inc.*, 650 F. Supp. 444, 445 n.10 (S.D.N.Y. 1986) ("I will presume that these later examiners considered and accepted these arguments. . . Thus, plaintiff may be bound by all of them . . .").

No reasonable person could read this part of the prosecution history, or view the Pepe prior art, and conclude that the Tzumi product infringes. *Cf., e.g., Bid for Position, LLC v. AOL, LLC*, 601 F.3d 1311, 1317 (Fed. Cir. 2010) (accused system did not infringe because the system was the same as structure distinguished during prosecution); *Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, 554 F.3d 1010, 1018 (Fed. Cir. 2009) (proper construction reached in part by need to avoid anticipatory prior art).

      c.  *The applicants confirmed this interpretation.*

Therabody apparently takes issue with the examiner's express statements, repeated in two of the prosecution histories, that the claims were being interpreted to require structure as shown in Figures 16–18. Op. Br. at 19–21. But those statements were unequivocal, stating that the examiner interpreted the claims such that "each of the conditions shown in Figs. 16–18 is present in the claim . . ." '565 Patent September 22, 2020 Office Action, Ex. L at 2; '722 Patent July 15, 2021 Office Action, Ex. S, page 4.

Therabody attempts to deflect this part of the prosecution record by referencing still more of its prosecution counsel's boilerplate language. Op. Br. at 19 (compare Therabody Statement of Facts 29, 38, and 46, confirming that Therabody's prosecution counsel merely cut and pasted this identical language into every prosecution history). But these statements cannot help Therabody. Not only were they mere cookie-cutter statements, but they make no mention of the specific

7

examiner remarks at issue. Indeed, rather than "disagree" with the examiner's interpretation, the applicants repeatedly emphasized their *<u>same understanding</u>*:

> In the present case, and *<u>as is shown in FIGS. 16-18</u>*, the purpose of the first, second and third handle portions is to allow a user to grasp each of the three handle portions separately so that they can massage one or more body parts and/or use the percussive massage device in different orientations. *<u>Claim 1 [as issued] recites this feature and claim 7 [issued claim 6] has been amended to include this feature</u>*. *<u>None of Rix, Haas, Oberheim nor Matre … suggest that the alleged housings of the device can be grasped anywhere other than a single handle</u>*.

Ex. I, page 17 (emphases added). The applicants were clearly distinguishing the prior art because only one of the handles on each prior art reference "can be grasped."

The applicants again distinguished the prior art as having insufficient length of the handles at page 21 of the same document:

> As shown below, the Rix, Haas, Oberheim and Matre devices and housings thereof are all *<u>much longer overall than the … alleged handle portions</u>*. *<u>The configuration would make it awkward and unwieldy for a user to grasp the various alleged handle portions and use the device as shown in FIGS. 16-18 of the present invention</u>*.

*Id*., page 21 (emphases added). "Where an applicant argues that a claim possesses a feature that the prior art does not possess in order to overcome a prior art rejection, the argument may serve to narrow the scope of otherwise broad claim language." *Seachange International, Inc. v. C-COR Inc.,* 413 F.3d 1361, 1372–73 (Fed. Cir. 2005); *cf., e.g., Fantasy Sports Props., Inc. v. Sportsline.com, Inc.,* 287 F.3d 1108, 1114–15 (Fed. Cir. 2002) (finding that the patentee "cannot now be heard to argue" a broad construction of the term "bonus points" because patentee acquiesced in the examiner's narrow interpretation to distinguish the claims from prior art).

## II.     THERE ARE NO GENUINE FACTUAL DISPUTES

Therabody alleges that "Factual Disputes Preclude Summary Judgment." Op. Br. at 21, heading C. Therabody omits the word "genuine" and never once says there is a *<u>genuine</u>* issue of

8

fact, let alone point to any specific factual question. Therabody broadly suggests that it needs fact discovery, or expert testimony. *Id.*, at 22. But it did not submit the declaration, or any specifics, about what it would need in fact discovery, as required by Rule 56(d); and if Therabody really believed expert testimony was needed to understand this simple structure, all it had to do was submit an expert declaration. The idea that this Court needs an expert or documentation to understand the product, however, is pure silliness – the Court has the products in hand, and the structure could not be simpler. *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1352, 1362 (Fed. Cir. 2005) (reversing district court with instructions to enter judgment of no infringement, where technology was "relatively simple").

Therabody next provides new pictures. Op. Br. at 23. But at least two of the fingers in both pictures are obviously and deeply encroaching into the other two handles, and the base member U-shaped transition is clearly not itself being "grasped" by three fingers. This demonstration only confirms that grasping the tiny Tzumi U-shaped transition with more than one finger is impossible. As Therabody submitted no evidence supporting its position that the Tzumi U-shaped transition can be grasped by more than a single finger, summary judgment should be granted. *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1050 (Fed. Cir. 2001) ("Under modern summary judgment law, a patentee who fails to provide probative evidence of infringement runs the risk of being peremptorily nonsuited.").

Therabody next criticizes Tzumi for allegedly comparing the figures of the patent or figures from the prior art to the Tzumi product. Op. Br. at 24. But the figures of the patent help show what the applicants meant by "grasping"; and the similarities of the Tzumi accused product to the prior art (e.g., Pepe) support the relevant and rather obvious fact that Therabody has been talking out of both sides of its mouth: when addressing infringement, even a tiny U-turn with no

linear portion can satisfy the requirement of a third grasping handle; but when convincing the examiner to allow the patent, even linear handles are not sufficient for a third grasping handle. Therabody has done a 180-degree flip from its prosecution positions, and that fact is very relevant to claim interpretation and infringement. *Cf., e.g., Bid for Position,* 601 F.3d at 1317 (accused system did not infringe because the system was the same as structure distinguished during prosecution); *Kinetic*, 554 F.3d at 1018 (proper construction reached in part by need to avoid anticipatory prior art).

Therabody next argues that Tzumi did not address the doctrine of equivalents. Op. Br. at 24–25. But that is factually wrong. In. Br. at 15–17 (heading: "NO INFRINGEMENT BY EQUIVALENTS"). And Therabody's argument that there is no *Festo* estoppel or argument-based estoppel cites no law and is inconsistent with the prosecution history and long-established Federal Circuit law. *Id.*

## **CONCLUSION**

For all these reasons, Defendant respectfully requests that the Court enter partial summary judgment of no infringement of the Grasping Patents.

DATED: New York, New York
        August 22, 2022        Respectfully submitted,

        SILLS CUMMIS & GROSS P.C.
        101 Park Avenue, 28th Floor
        New York, New York 10178

        Tel. (212) 643-4000
        Fax (212) 643-6500


        By: /s/ *Scott D. Stimpson*
        SCOTT D. STIMPSON
        KATHERINE M. LIEB

        *Attorneys for Defendant*
        *Tzumi Electronics LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify, under penalty of perjury, that on this 22nd day of August, 2022, copies of the foregoing Reply Memorandum of Law, Reply Declaration of Scott D. Stimpson, and Responses to the Statement of Undisputed Material Facts of Therabody, Inc., all in further support of Tzumi Electronics LLC's motion for partial summary judgment of non-infringement were served by electronic mail as follows:

Philippe Alain Zimmerman
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
(212) 554-7400 x7895
Fax: (212) 554-7700
Email: pzimmerman@mosessinger.com

Cameron Westin
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
949-823-6900
Email: cwestin@omm.com

Brett Johnston Williamson
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
(212) 326-2023
Email: bwilliamson@omm.com

Marc Joseph Pensabene
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
212-326-2000
Email: mpensabene@omm.com

Diane Christine Ragosa
Parker Ibrahim & Berg LLC
270 Davidson Avenue 5th Floor
Somerset, NJ 08873
(908) 725-9700
Fax: (908) 333-6230
Email: diane.ragosa@piblaw.com

Peter Andrew Swift
Parker Ibrahim & Berg LLP
270 Davidson Avenue, 5th Floor
Somerset, NJ 08873
908-725-9700
Email: peter.swift@piblaw.com

Zaid Shukri
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
(212) 554-7885
Email: zshukri@mosessinger.com

Laura Bayne Gore
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
(212)-326-2251
Email: lbayne@omm.com

Thomas McClinton Harris
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
949-823-6900
Email: clintharris@omm.com

                                                              *s/ Scott D. Stimpson*
                                                              Scott D. Stimpson