UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERABODY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive, | Civil Action No.: 21-cv-7803(PGG)(RWL) <br><br> **Oral Argument Requested** |

**DEFENDANT TZUMI ELECTRONICS LLC'S RESPONSES TO THE STATEMENT OF UNDISPUTED MATERIAL FACTS OF THERABODY, INC.**

Defendant Tzumi Electronics LLC ("Tzumi") submits the following responses to the Statement of Undisputed Material Facts of Therabody, Inc. ("Therabody") submitted in connection with Therabody's response to Tzumi's motion for partial summary judgment.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted that this language is found within these prosecution history pages, but only reflects a small portion of the examiner's statements.

23. Admitted.

24. Admitted this language is present, but Therabody omits through ellipses the language "(see below in the section discussing new claims 24 and 25)." This language directs the examiner to a section below that expressly distinguishes the prior art due to the short length of the handles

1

(*e.g.*, the invention "handle portions . . . encompass a large portion of the length of the device and of the housing itself" and, in contrast, the prior art devices "are all much longer overall that the … handle portions" which makes the "awkward and unwieldly"). Ex. I (April 17, 2020 Amendment and Arguments/Remarks), at 20–21.[1] Therabody's quote also omits the following language: "There is simply no reason to add a generally triangular shaped handle *to be able to grasp and use the device in different configurations*." *Id.* at 15 (emphasis added).

25. Admitted but noting that Therabody omitted the language at the beginning of this paragraph: "In the present case, as is shown in FIGS. 16–18, the purpose of the first, second and third handle portions is to allow a user to grasp each of the three handle portions separately so that they can massage one or more body parts and/or use the percussive massage device in different orientations." *Id.* at 17.

26. Admitted that the applicants stated: "Rix has a single handle," "Haas includes a single handle 12," "Oberheim includes a single handle 16," and "Matre only teaches a single handle 12," but disputed that there is any indication that there is "only" a single handle in any of the references; and noting that the statements referenced by Therabody are followed in each case by arguments that the other alleged handle portions are not sufficient for grasping (Rix does not provide "any disclosure about grasping the handle portions"; Haas "does not teach, disclose or suggest grasping any portion of the device other than handle 12"; and Oberheim "also does not teach, disclose or suggest grasping any portion of the device other than the rear handle 16"). *Id.* at 17–18.

27. Admitted.

28. Admitted.

---

[1] All exhibit references shall pertain to the exhibits included in the parties' respective 56.1 appendices.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted but noting that claim 7 of the '448 patent was not used in the double patenting rejection of claim 2.

35. Admitted, while noting that prior art was used with the double patenting rejection.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Disputed, and this is not a question of fact but a question of law. The claim included the language: "a user can grasp any of the first, second or third handle portions independently to use the percussive massage device." As properly interpreted in view of the specification and the prosecution history, this language requires that all three handles be of a sufficient length for a person with a large hand to firmly and comfortably grip each handle portion with at least three to four fingers extending through the opening. *See e.g.*, Exhibits E–R.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted, noting this is only a partial statement of the reasons for allowance.

46. Admitted.

47. Disputed, and this is not a **_genuine_** issue of fact. At least two of the fingers in both pictures in this paragraph are obviously and deeply encroaching into the other two handles, and the Tzumi base member U-shaped transition is clearly not itself being "grasped" by three fingers. The Therabody pictures confirm that grasping the tiny Tzumi U-shaped transition with more than one finger is impossible. *See e.g.*, pictures in Therabody Fact 47; *see also* Exhibits A–D.

48. Admitted.

49. Whether these products meet this other limitation of the claims will be determined by the Court's claim construction, if these patents are not eliminated on summary judgment. This alleged fact is obviously irrelevant to the issue before the Court and Therabody is apparently attempting to misuse the Court's summary judgment procedures to improperly serve requests for admission on claim elements that have nothing to do with the issue before the Court – whether the alleged handles can be grasped. Accordingly, this alleged fact is presently disputed. *See* Exhibits A–D.

50. Whether these products meet this other limitation of the claims will be determined by the Court's claim construction, if these patents are not eliminated on summary judgment. This alleged fact is obviously irrelevant to the issue before the Court and Therabody is apparently attempting to misuse the Court's summary judgment procedures to improperly serve requests for admission on claim elements that have nothing to do with the issue before the Court – whether the alleged handles can be grasped. Accordingly, this alleged fact is presently disputed. *See* Exhibits A–D.

51. Admitted.

52. Admitted.

53. Disputed, and this is not a **_genuine_** factual issue. *See* the response to paragraph 47, above.

54. Admitted.

55. Admitted.

56. Whether these products meet this other limitation of the claims will be determined by the Court's claim construction, if these patents are not eliminated on summary judgment. This alleged fact is obviously irrelevant to the issue before the Court and Therabody is apparently attempting to misuse the Court's summary judgment procedures to improperly serve requests for admission on claim elements that have nothing to do with the issue before the Court – whether the alleged handles can be grasped. Accordingly, this alleged fact is presently disputed. *See* Exhibits A–D.

DATED: New York, New York
         August 22, 2022

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Tel. (212) 643-4000
Fax (212) 643-6500

By: /s/ *Scott D. Stimpson*
SCOTT D. STIMPSON
KATHERINE M. LIEB

*Attorneys for Defendant*
*Tzumi Electronics LLC*