# Sills Cummis & Gross
### A Professional Corporation

**101 Park Avenue**
**28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**
**Fax: (212) 643-6500**

**Scott D. Stimpson**
**Member**
**Direct Dial: 212-500-1550**
**Email: sstimpson@sillscummis.com**

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

November 17, 2022

**Via ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re: *Therabody, Inc. v. Tzumi Electronics LLC, et al.*
       Civil Action No. 1:21-cv-07803-PGG

Dear Judge Lehrburger:

  This firm represents defendant Tzumi Electronics LLC ("Tzumi") in the above referenced patent litigation. Pursuant to Your Honor's directives at the oral argument on November 16, 2022, we hereby attach the presentation slides presented in connection with Tzumi's argument in support of its Motion for Partial Summary Judgment of Non-Infringement (ECF Nos. 67-69, 72-74).

  We thank the Court for its attention to this matter.

              Respectfully submitted,

              */s/ Scott D. Stimpson*
              Scott D. Stimpson

Enclosure

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*Therabody, Inc. v. Tzumi Electronics, LLC*
Civil Action No. 21-7803

Summary Judgment Hearing

November 16, 2022

Presentation for Tzumi Electronics, LLC

**Scott D. Stimpson**

Sills Cummis & Gross P.C.

# Proposed Constructions

- <u>Terms at Issue</u>: Three handles must be capable of being grasped.
  - Example, '448 Claim 6: "a user can grasp any of the first, second, or third handle portions independently to use the percussive massage device."

- <u>Tzumi Proposed Construction</u>: All three handles must be of a length sufficient for a person with a large hand to firmly and comfortably grip each handle portion with at least three to four fingers extending through the opening.

- <u>Therabody Proposed Construction</u>: None.

Sills Cummis & Gross P.C.

# The Claim Language

- Grasp

- The Claimed Purpose: E.g., '448 Claim 6: "a user can grasp any of the first, second, or third handle portions independently *to use the percussive massage device*."

- Field of the Invention: "vibrating massage device or percussive massage device that provides reciprocating motion."

Sills Cummis & Gross P.C.

# The Specification

- "All of the handle portions are *long enough* that they are configured such that a *person can grasp that particular handle portion to utilize the device*." The '448 Patent, 16:23–25.

- The length of each of the first, second and third handle portions is *long enough so that a person with a large hand can comfortably grasp each handle portion with at least three to four fingers extending through the handle opening, as shown in FIGS. 16-18.*" The '448 Patent, 16:38–43.

- "It will be appreciated that these dimensions are optimized so that *a 95th percentile male can grip any of the three handle portions with at least three and preferably four fingers extending through the handle opening to utilize the device*." The '448 Patent, 17:16–17:20.

Sills Cummis & Gross P.C.

# The Specification



FIG. 16, FIG. 17, FIG. 18

"FIGS. 16-18 show a user's hand grasping the various handle portions." *Id.* 16:38-39.

Sills Cummis & Gross P.C.

# The Specification

"[W]hen a patentee uses a claim term throughout the entire patent specification, in a manner consistent with only a single meaning, he has defined that term 'by implication.'"

*Bell Atlantic Network Services, Inc. v. Covad Comm. Group, Inc.*, 262 F.3d 1.258, 1271 (Fed. Cir. 2001).

"A fundamental rule of claim construction is that terms in a patent document are construed with the meaning in which they are presented in the patent document."

*Merck & Co. v. Teva Pharms. USA, Inc.*, 347 F.3d 1367, 1371 (Fed. Cir. 2003).

Sills Cummis & Gross P.C.

# The Positions of the Applicants (4/17/20)



- "None of Rix, Haas, Oberheim nor Matre … suggest that the alleged housings of the device *can be grasped* anywhere other than a single handle." Ex. I, p. 17.

- "[T]he Rix, Haas, Oberheim and Matre *devices and housings thereof are all much longer overall than the handle openings and alleged handle portions*. This configuration would make it *awkward and unwieldy* for a user to grasp the various alleged handle portions and use the device as shown in FIGS. 16-18 of the present invention." *Id.* at 21.

Sills Cummis & Gross P.C.

# The Positions of the Examiner on Pepe



- Avoiding element 22 as third handle. Ex. L, pp. 3–5 ("unit 20 can be a handle") (9/22/20).
- After co-planar addition: "[T]he prior art ***does not disclose*** . . . a percussive massage device [that] includes first, second, and third generally straight handle portions . . . which are co-planar as set forth in independent claims 1 and 7." Ex. N, pp. 3–4.

Sills Cummis & Gross P.C.

# The Positions of the Applicants on Pepe



"Claim 1 has been amended to recite 'wherein the first, second and third axes [of the grasping handles] are co-planar' . . . *This feature is not disclosed, shown or suggested in Pepe* . . . ."

Ex. M, p. 17

# The Therabody Inconsistency



Therabody: Accused product ***does*** include three co-planar grasping handles



Therabody: three co-planar grasping handles are ***"not disclosed, shown or suggested in Pepe*** . . ."

Sills Cummis & Gross

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*Therabody, Inc. v. Tzumi Electronics, LLC*
Civil Action No. 21-7803

Summary Judgment Hearing

November 16, 2022

Presentation for Tzumi Electronics, LLC

**Scott D. Stimpson**

Sills Cummis & Gross