USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/11/2023__

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

THERABODY, INC., a Delaware corporation,

Plaintiff,

v.

TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive,

Defendants.

---

**STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

21 Civ. 7803 (PGG) (RWL)

~~PAUL G. GARDEPHE, U.S.D.J.~~:   ROBERT W. LEHRBURGER, U.S.M.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (<u>i.e.</u>, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

9357824 v1

"Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential – Outside Attorneys' Eyes Only Discovery Material to anyone else except as this Order expressly permits. Discovery Material designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" shall collectively be referred to as "Protected Material."

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential or Highly Confidential – Outside Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information the Producing Party in good faith believes deserves such confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" by stamping

9357824 v1

or otherwise clearly marking as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only," respectively, on each page of the protected material in a manner that will not interfere with legibility or audibility.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and for native files, mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "Highly Confidential – Outside Attorneys' Eyes Only" (unless otherwise designated at the time of inspection) during the inspection and re-designated, as appropriate during the copying process.

        4.     A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential – Outside Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Outside Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or as appropriate, "Highly Confidential Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the

entire deposition transcript as if it had been designated Highly Confidential – Outside Attorneys' Eyes Only.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Outside Attorneys' Eyes Only.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) No more than three employees of the Receiving Party, provided each person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

   (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   (f) subject to the procedures set forth in paragraph 11, any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (an "Expert" or "Consultant"), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

   (h) this Court, including any appellate court, its support personnel, and court reporters.

   8. Documents designated as Highly Confidential – Outside Attorneys' Eyes Only and information contained therein shall be available only to the persons or entities listed in Paragraph 7 (b), (c), (d), (e), (f), (g), and (h).

   9. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied, extracted or derived from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that include Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to the Party or person receiving the Protected Material (the "Receiving Party") or becomes part of the

public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

      10.     Before disclosing any Protected Material to any person referred to in subparagraphs 7(d), or 7(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

      11.     <u>Disclosures to Experts or Consultants.</u>  For purposes of this paragraph, an Expert or Consultant shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention is not anticipated to become an employee of a Party or of a Party's competitor.  An Expert or Consultant is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to an outside consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single outside consultant or expert.  No disclosure of Protected Material may be provided to an Expert or Consultant that is involved in competitive

decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

        (a)    Unless otherwise ordered by the court or agreed to in writing by the Producing Party, a Party that seeks to disclose to an Expert or Consultant (as defined in this Order) any information or item that has been designated "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" first must make a written request to the Producing Party that (1) sets forth the full name of the Expert or Consultant and the city and state of his or her primary residence, (2) attaches a copy of the Expert's or Consultant's current resume, (3) identifies the Expert's or Consultant's current employer(s), (4) identifies each person or entity from whom the Expert or Consultant has received compensation or funding for work in his or her areas of expertise in connection with a litigation, at any time during the preceding five years[1], and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert or Consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

        (b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may, after 14 days of delivering the request and required information, disclose the subject Protected Material to the identified Expert or Consultant unless, within 14 days of delivering the request and required information, the Party receives a written

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall make itself available to meet and confer with the Designating Party regarding any such engagement.

objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph IV(E) of this Court's Individual Practices.

(d) In any such proceeding, the Party opposing disclosure to the Expert or Consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert or Consultant.

12. **Sealing/Redactions Not Requiring Court Approval**. Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings. No Court approval is required for these redactions.

13. **Sealing/Redactions Requiring Court Approval**.

(a) *Initial Filing Process*. Any Party wishing to file any document under seal or in redacted form shall (1) file on ECF a redacted copy of the document, (2) file on ECF a sealed copy of the document, and (3) submit to Chambers an unredacted copy by email.

(b) *Meet and Confer Requirement*. Within 5 business days of the ECF-filing of the redacted document(s), the Parties must confer in good faith as to whether any or all of the redacted material may or must be filed without redaction. If the Parties reach agreement that all redacted material may or must be unredacted, the parties shall file on ECF unredacted copies of the previously redacted documents and so inform the Court.

9357824 v1

(c) *When Motion Required*. A motion is required whenever one or more Parties seek to maintain sealed material. If the Parties cannot agree to unredact all redacted material, then, within 3 business days of the Parties' meet and confer, the Party seeking to preserve confidentiality must make a specific request to the Court by letter motion. If more than one Party seeks to preserve confidentiality, the parties shall confer and submit a joint letter. Any Party opposing the request to file under seal must submit a responding letter within 3 business days after submission of the letter by the party seeking to preserve confidentiality.

(d) *What Must Be Included In Motion*. Any letter motion requesting that material remain under seal must explain the reasons for seeking to file the material under seal and address the request in light of the Court of Appeals' opinions in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) and Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132 (2d Cir. 2016). Any sealing request shall include the requesting party's proposed redactions.

(e) *Motion Filing Process*. The letter motion to seal (and any response) must be filed on ECF in public view and should not itself include confidential material for which sealing is sought. Any supporting papers or attachments that contain confidential material may be filed under seal or redacted to the extent necessary to safeguard that information. At the time the letter motion is filed it should be designated as related to the documents filed under seal in the initial filing process.

(f) *Unredaction*. If the Court directs that any previously redacted material be unredacted, the Party who submitted the previously redacted document shall, within 3 business days after the Court's unredaction order, file on ECF the documents complying with the Court's order.

9357824 v1

(g)     *Inability to Comply.* Any Party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move by letter motion for leave of Court to file non-electronically.

14.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only.

15.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph IV(E) of this Court's Individual Practices.

16.     Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph IV(E) of this Court's Individual Practices.

17.     The terms of this Order are applicable to information produced by a non-party in this action and designated as "Confidential" or "Highly Confidential – Outside

Attorneys' Eyes Only." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, that Party shall follow the procedures set forth below in paragraph 19. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

18. Recipients of Protected Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation or other proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19. Nothing in this Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20. Each person who has access to Discovery Material designated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as Exhibit A.

21. Nothing in this Protective Order shall require disclosure of documents, electronically stored information ("ESI"), or other information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from discovery ("Privileged Material"). If Privileged Material is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or work product doctrine, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert, provided the Producing Party took reasonable steps to prevent the disclosure and promptly took reasonable steps to rectify the error. Any Party that inadvertently produces or makes available for inspection materials it believes are Privileged Materials may obtain the return of those materials by promptly notifying the recipient(s) after learning of the inadvertent or unintentional disclosure and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall immediately gather and return all copies of the Privileged Material to the Producing Party after receiving a request for their return, except for any pages containing privilege markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party. The recipient shall also immediately destroy and certify

such destruction after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

22. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C § 1738. In the event of a conflict of law, the law that is most protective of privilege shall apply.

23. Any Party who objects to any designation of privilege may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph IV(E) of this Court's Individual Practices.

24. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

25. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

26. No Party may remove, or cause to be removed, Protected Material produced by another Party from the territorial boundaries of the United States of America.

Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party, not to be unreasonably withheld, to the extent that such agreed to procedures conform with applicable export control laws and regulations.

27. Within 60 days of the final disposition of this action – including all appeals – all recipients of Protected Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

28. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Material is produced or disclosed.

9357824 v1

29. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
       January 9, 2023

Respectfully submitted,

*/s/ Katherine M. Lieb*

Scott D. Stimpson
Katherine M. Lieb
Sills Cummis & Gross P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
sstimpson@sillscummis.com
(212) 973-7000

*Attorneys for Defendant*
*Tzumi Electronics LLC*

*/s/ Diane Ragosa*

Diane Ragosa
Parker Ibrahim & Berg LLP
5 Penn Plaza, Suite 2371
New York, NY 10001
diane.ragosa@piblaw.com
(908) 333-3553

Brett J. Williamson
Marc Pensabene
Laura Bayne Gore
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
(212)-326-2000
mpensabene@omm.com
lbayne@omm.com

Cameron W. Westin (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 923-6994
cwestin@omm.com

*Attorneys for Plaintiff*
*Therabody, Inc.*

15

9357824 v1

Dated: January 11, 2023
New York, New York

        SO ORDERED.

        _____
        Hon. Robert W. Lehrburger
        United States Magistrate Judge

9357824 v1

## ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>                   Plaintiffs,<br><br>      v.<br><br>TZUMI ELECTRONICS LLC, a New York company, TZUMI INC., a New York corporation, and DOES 1 through 10, inclusive,<br><br>                   Defendants. | **NON-DISCLOSURE AGREEMENT**<br><br>21 Civ. 7803 (PGG)(RWL) |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

9357824 v1