UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

THERABODY, INC., a Delaware corporation,

                Plaintiffs,

    -against-

TZUMI ELECTRONICS LLC, a New York
company, TZUMI INC., a New York corporation,
and DOES 1 through 10, inclusive,

                Defendants.
-------------------------------------------------------------------x

No. 1:21-cv-07803(PGG)(RWL)

Honorable Paul G. Gardephe
United States District Judge

Honorable Robert W. Lehrburger
United States Magistrate Judge

**DEFENDANT TZUMI
ELECTRONICS LLC'S
ANSWER, AFFIRMATIVE
DEFENSES, AND
COUNTERCLAIMS**

       Defendant Tzumi Electronics LLC ("Tzumi"), by and through its attorneys, Sills Cummis

& Gross P.C., state in answer to the Second Amended Complaint (the "SAC") of Plaintiff

Therabody, Inc. ("Therabody"), as follows:[1]

## **PARTIES**

       1.     Tzumi is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the SAC, and on that basis denies the

allegations of paragraph 1.

       2.     Tzumi admits the allegations in paragraph 2 of the SAC.

       3.     Tzumi denies the allegations in paragraph 3 of the SAC.

       4.     Tzumi is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 4 of the SAC, and on that basis denies the

allegations of paragraph 4.

       5.     Tzumi denies the allegations in paragraph 5 of the SAC.

---

[1] As Therabody has been advised, there is no such entity as Tzumi, Inc.

6.      Tzumi denies the allegations in the paragraph 6 of the SAC.

## JURISDICTION AND VENUE

7.      Tzumi admits that Therabody purports to bring this patent infringement action, but denies that Tzumi has committed any acts of infringement.

8.      Tzumi admits the allegations in paragraph 8 of the SAC.

9.      Tzumi admits the allegations in paragraph 9 of the SAC.

10.      Tzumi denies the allegations contained in paragraph 10 of the SAC, except to admit that Tzumi has offices and operations in this judicial district.  Tzumi does not dispute personal jurisdiction.

## GENERAL ALLEGATIONS

11.      Tzumi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the SAC, and on that basis denies the allegations of paragraph 11.

12.      Tzumi denies the allegations in paragraph 12 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 10,945,915 ("the '915 Patent"), as well as its general subject matter are as recited in paragraph 12 of the SAC, and that a copy of the patent appears to be attached as Exhibit A to the SAC.  Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '915 Patent, and on that basis denies the allegations regarding ownership of the '915 Patent in paragraph 12.

13.      Tzumi denies the allegations in paragraph 13 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 10,702,448 ("the '448 Patent"), as well as its general subject matter are as recited in paragraph 13 of the SAC, and that a copy of the patent appears to be attached as Exhibit B to the SAC.  Tzumi further states that it is without knowledge

or information sufficient to form a belief as to the ownership of the '448 Patent, and on that basis denies the allegations regarding ownership of the '448 Patent in paragraph 13.

14.     Tzumi denies the allegations contained in paragraph 14 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 10,918,565 ("the '565 Patent"), as well as its general subject matter are as recited in paragraph 14 of the SAC, and that a copy of the patent appears to be attached as Exhibit C to the SAC.  Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '565 Patent, and on that basis denies the allegations regarding ownership of the '565 Patent in paragraph 14.

15.     Tzumi admits the allegations of paragraph 15.

16.     Tzumi denies the allegations contained in paragraph 16 of the SAC, except to admit that the general subject matter of the '261 Patent is as recited in paragraph 16 of the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '261 Patent, and on that basis denies the allegations regarding ownership of the '261 Patent in paragraph 16.

17.     Tzumi admits the allegations of paragraph 17.

18.     Tzumi denies the allegations in paragraph 18 of the SAC, except to admit that the general subject matter of the '182 Patent is as recited in paragraph 18 of the SAC.  Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '182 Patent, and on that basis denies the allegations regarding ownership of the '182 Patent in paragraph 18.

19.     Tzumi admits the allegations of paragraph 19.

20. Tzumi denies the allegations in paragraph 20 of the SAC, except to admit that the general subject matter of the '943 Patent is as recited in paragraph 20 of the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '943 Patent, and on that basis denies the allegations regarding ownership of the '943 Patent in paragraph 20.

21. Tzumi admits the allegations of paragraph 21.

22. Tzumi denies the allegations in paragraph 22 of the SAC, except to admit that the general subject matter of the '393 Patent is as recited in paragraph 22 of the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '393 Patent, and on that basis denies the allegations regarding ownership of the '393 Patent in paragraph 22.

23. Tzumi admits the allegations of paragraph 23.

24. Tzumi denies the allegations in paragraph 24 of the SAC, except to admit that the general subject matter of the '500 Patent is as recited in paragraph 24 of the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '500 Patent, and on that basis denies the allegations regarding ownership of the '500 Patent in paragraph 24.

25. Tzumi denies the allegations contained in paragraph 25 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 10,557,490 ("the '490 Patent"), as well as its general subject matter are as recited in paragraph 25 of the SAC, and that a copy of the patent appears to be attached as Exhibit I to the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '490

Patent, and on that basis denies the allegations regarding ownership of the '490 Patent in paragraph 25.

26.     Tzumi denies the allegations contained in paragraph 26 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 11,160,723 ("the '723 Patent"), as well as its general subject matter are as recited in paragraph 26 of the SAC, and that a copy of the patent appears to be attached as Exhibit J to the SAC.  Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '723 Patent, and on that basis denies the allegations regarding ownership of the '723 Patent in paragraph 26.

27.     Tzumi admits the allegations of paragraph 27.

28.     Tzumi denies the allegations contained in paragraph 28 of the SAC, except to admit that the general subject matter of the '636 Patent is as recited in paragraph 28 of the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '636 Patent, and on that basis denies the allegations regarding ownership of the '636 Patent in paragraph 28.

29.     Tzumi admits the allegations of paragraph 29.

30.     Tzumi denies the allegations contained in paragraph 30 of the SAC, except to admit that the general subject matter of the '404 Patent is as recited in paragraph 30 of the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '404 Patent, and on that basis denies the allegations regarding ownership of the '404 Patent in paragraph 30.

31.     Tzumi denies the allegations contained in paragraph 31 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 10,857,064 ("the '064

Patent"), as well as its general subject matter are as recited in paragraph 31 of the SAC, and that a copy of the patent appears to be attached as Exhibit M to the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '064 Patent, and on that basis denies the allegations regarding ownership of the '064 Patent in paragraph 31.

32.     Tzumi denies the allegations contained in paragraph 32 of the SAC, except to admit that the number and issue date on the face of U.S. Patent No. 11,160,722 ("the '722 Patent"), as well as its general subject matter are as recited in paragraph 32 of the SAC, and that a copy of the patent appears to be attached as Exhibit N to the SAC. Tzumi further states that it is without knowledge or information sufficient to form a belief as to the ownership of the '722 Patent, and on that basis denies the allegations regarding ownership of the '722 Patent in paragraph 32.

33.     Tzumi denies that any of the Therabody designs are innovative, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33, and on that basis denies the allegations of paragraph 33.

34.     Tzumi denies the allegations in paragraph 34 of the SAC.

35.     Tzumi admits that Therabody has accused the pictured devices of infringement in this lawsuit, but otherwise denies the allegations in paragraph 35 of the SAC, including the allegations regarding infringement.

36.     Tzumi admits that Therabody has accused the pictured attachments of infringement in this lawsuit, but otherwise denies the allegations in paragraph 36 of the SAC, including the allegations regarding infringement.

37.    Tzumi admits that Therabody has accused the pictured connector of infringement in this lawsuit, but otherwise denies the allegations in paragraph 37 of the SAC, including the allegations regarding infringement.

38.    Tzumi denies the allegations contained in paragraph 38 of the SAC, and respectfully refers the Court to the referenced letter.

39.    Tzumi denies the allegations contained in paragraph 39 of the SAC, as Therabody has engaged in numerous communications with Therabody subsequent to the filing of this action and provided numerous bases why none of the patents are infringed.

40.    Tzumi denies the allegations in paragraph 40 of the SAC.

## FIRST CAUSE OF ACTION

41.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

42.    Tzumi denies the allegations in paragraph 42 of the SAC.

43.    Tzumi denies the allegations in paragraph 43 of the SAC.

44.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations of paragraph 44.

45.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 45 of the SAC.

46.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 46 of the SAC.

47.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 47 of the SAC.

48.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 48 of the SAC.

49.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 49 of the SAC.

50.     Tzumi denies the allegations in paragraph 50 of the SAC.

51.     Tzumi denies the allegations in paragraph 51 of the SAC.

52.     Tzumi denies the allegations in paragraph 52 of the SAC.

53.     Tzumi denies the allegations in paragraph 53 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

54.     Tzumi denies the allegations in paragraph 54 of the SAC.

55.     Tzumi denies the allegations in paragraph 55 of the SAC.

56.     Tzumi denies the allegations in paragraph 56 of the SAC.

## SECOND CAUSE OF ACTION

57.     Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

58.     Tzumi denies the allegations in paragraph 58 of the SAC.

59.     Tzumi denies the allegations of paragraph 59 of the SAC.

60.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations of paragraph 60.

61.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 61 of the SAC.

62.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 62 of the SAC.

63.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 63 of the SAC.

64. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 64 of the SAC.

65. Tzumi denies the allegations in paragraph 65 of the SAC.

66. Tzumi denies the allegations in paragraph 66 of the SAC.

67. Tzumi denies the allegations in paragraph 67 of the SAC.

68. Tzumi denies the allegations in paragraph 68 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

69. Tzumi denies the allegations in paragraph 69 of the SAC.

70. Tzumi denies the allegations in paragraph 70 of the SAC.

71. Tzumi denies the allegations in paragraph 71 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## THIRD CAUSE OF ACTION

72. Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

73. Tzumi denies the allegations in paragraph 73 of the SAC.

74. Tzumi denies the allegations in paragraph 74 of the SAC.

75. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations of paragraph 75.

76. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 76 of the SAC.

77. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 77 of the SAC.

78.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 78 of the SAC.

79.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 79 of the SAC.

80.     Tzumi denies the allegations in paragraph 80 of the SAC.

81.     Tzumi denies the allegations in paragraph 81 of the SAC.

82.     Tzumi denies the allegations in paragraph 82 of the SAC.

83.     Tzumi denies the allegations in paragraph 83 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

84.     Tzumi denies the allegations in paragraph 84 of the SAC.

85.     Tzumi denies the allegations in paragraph 85 of the SAC.

86.     Tzumi denies the allegations in paragraph 86 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## FOURTH CAUSE OF ACTION

87.     Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

88.     Tzumi denies the allegations in paragraph 88 of the SAC.

89.     Tzumi denies that there exists any Tzumi "Infringing Attachment" and denies the allegations in paragraph 89 of the SAC.

90.     Tzumi denies the allegations in paragraph 90 of the SAC.

91.     Tzumi denies the allegations in paragraph 91 of the SAC.

92.     Tzumi denies the allegations in paragraph 92 of the SAC.

93.    Tzumi denies the allegations in paragraph 93 of the SAC.

94.    Tzumi denies the allegations in paragraph 94 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

95.    Tzumi denies the allegations in paragraph 95 of the SAC.

96.    Tzumi denies the allegations in paragraph 96 of the SAC.

97.    Tzumi denies the allegations in paragraph 97 of the SAC.

## FIFTH CAUSE OF ACTION

98.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

99.    Tzumi denies the allegations in paragraph 99 of the SAC.

100.    Tzumi denies that there exists any Tzumi "Infringing Attachment" and denies the allegations in paragraph 100 of the SAC.

101.    Tzumi denies the allegations in paragraph 101 of the SAC.

102.    Tzumi denies the allegations in paragraph 102 of the SAC.

103.    Tzumi denies the allegations in paragraph 103 of the SAC.

104.    Tzumi denies the allegations in paragraph 104 of the SAC.

105.    Tzumi denies the allegations in paragraph 105 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

106.    Tzumi denies the allegations in paragraph 106 of the SAC.

107.    Tzumi denies the allegations in paragraph 107 of the SAC.

108.    Tzumi denies the allegations in paragraph 108 of the SAC.

**SIXTH CAUSE OF ACTION**

109.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

110.    Tzumi denies the allegations in paragraph 110 of the SAC.

111.    Tzumi denies that there exists any Tzumi "Infringing Attachment" and denies the allegations in paragraph 111 of the SAC.

112.    Tzumi denies the allegations in paragraph 112 of the SAC.

113.    Tzumi denies the allegations in paragraph 113 of the SAC.

114.    Tzumi denies the allegations in paragraph 114 of the SAC.

115.    Tzumi denies the allegations in paragraph 115 of the SAC.

116.    Tzumi denies the allegations in paragraph 116 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

117.    Tzumi denies the allegations in paragraph 117 of the SAC.

118.    Tzumi denies the allegations in paragraph 118 of the SAC.

119.    Tzumi denies the allegations in paragraph 119 of the SAC.

**SEVENTH CAUSE OF ACTION**

120.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

121.    Tzumi denies the allegations in paragraph 121 of the SAC.

122.    Tzumi denies that there exists any Tzumi "Infringing Attachment" and denies the allegations in paragraph 122 of the SAC.

123.    Tzumi denies the allegations in paragraph 123 of the SAC.

124.    Tzumi denies the allegations in paragraph 124 of the SAC.

125.    Tzumi denies the allegations in paragraph 125 of the SAC.

126.    Tzumi denies the allegations in paragraph 126 of the SAC.

127.    Tzumi denies the allegations in paragraph 127 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

128.    Tzumi denies the allegations in paragraph 128 of the SAC.

129.    Tzumi denies the allegations in paragraph 129 of the SAC.

130.    Tzumi denies the allegations in paragraph 130 of the SAC.

## EIGHTH CAUSE OF ACTION

131.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

132.    Tzumi denies the allegations in paragraph 132 of the SAC.

133.    Tzumi denies that there exists any Tzumi "Infringing Attachment" and denies the allegations in paragraph 133 of the SAC.

134.    Tzumi denies the allegations in paragraph 134 of the SAC.

135.    Tzumi denies the allegations in paragraph 135 of the SAC.

136.    Tzumi denies the allegations in paragraph 136 of the SAC.

137.    Tzumi denies the allegations in paragraph 137 of the SAC.

138.    Tzumi denies the allegations in paragraph 138 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

139.    Tzumi denies the allegations in paragraph 139 of the SAC.

140.    Tzumi denies the allegations in paragraph 140 of the SAC.

141.    Tzumi denies the allegations in paragraph 141 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## NINTH CAUSE OF ACTION

142.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

143.    Tzumi denies the allegations in paragraph 143 of the SAC.

144.    Tzumi denies the allegations in paragraph 144 of the SAC.

145.    Tzumi denies that there exists any Tzumi "Infringing Device" and denies the allegations in paragraph 145 of the SAC.

146.    Tzumi denies that there exists any Tzumi "Infringing Device" and denies the allegations in paragraph 146 of the SAC.

147.    Tzumi denies the allegations in paragraph 147 of the SAC.

148.    Tzumi denies the allegations in paragraph 148 of the SAC.

149.    Tzumi denies the allegations in paragraph 149 of the SAC.

150.    Tzumi denies the allegations in paragraph 150 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

151.    Tzumi denies the allegations in paragraph 151 of the SAC.

152.    Tzumi denies the allegations in paragraph 152 of the SAC.

153.    Tzumi denies the allegations in paragraph 153 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## TENTH CAUSE OF ACTION

154. Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

155. Tzumi denies the allegations in paragraph 155 of the SAC.

156. Tzumi denies the allegations in paragraph 156 of the SAC.

157. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 157 of the SAC.

158. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 158 of the SAC.

159. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 159 of the SAC.

160. Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 160 of the SAC.

161. Tzumi denies the allegations in paragraph 161 of the SAC.

162. Tzumi denies the allegations in paragraph 162 of the SAC.

163. Tzumi denies the allegations in paragraph 163 of the SAC.

164. Tzumi denies the allegations in paragraph 164 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

165. Tzumi denies the allegations in paragraph 165 of the SAC.

166. Tzumi denies the allegations in paragraph 166 of the SAC.

167. Tzumi denies the allegations in paragraph 167 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## **ELEVENTH CAUSE OF ACTION**

168.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

169.    Tzumi denies the allegations in paragraph 169 of the SAC.

170.    Tzumi denies that there exists any Tzumi "Infringing Connector" and denies the allegations in paragraph 170 of the SAC.

171.    Tzumi denies the allegations in paragraph 171 of the SAC.

172.    Tzumi denies the allegations in paragraph 172 of the SAC.

173.    Tzumi denies the allegations in paragraph 173 of the SAC.

174.    Tzumi denies the allegations in paragraph 174 of the SAC.

175.    Tzumi denies the allegations in paragraph 175 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

176.    Tzumi denies the allegations in paragraph 176 of the SAC.

177.    Tzumi denies the allegations in paragraph 177 of the SAC.

178.    Tzumi denies the allegations in paragraph 178 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## **TWELFTH CAUSE OF ACTION**

179.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

180.    Tzumi denies the allegations in paragraph 180 of the SAC.

181.    Tzumi denies that there exists any Tzumi "Infringing Attachment" and denies the allegations in paragraph 181 of the SAC.

182.    Tzumi denies the allegations in paragraph 182 of the SAC.

183.    Tzumi denies the allegations in paragraph 183 of the SAC.

184.    Tzumi denies the allegations in paragraph 184 of the SAC.

185.    Tzumi denies the allegations in paragraph 185 of the SAC.

186.    Tzumi denies the allegations in paragraph 186 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

187.    Tzumi denies the allegations in paragraph 187 of the SAC.

188.    Tzumi denies the allegations in paragraph 188 of the SAC.

189.    Tzumi denies the allegations in paragraph 189 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## THIRTEENTH CAUSE OF ACTION

190.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

191.    Tzumi denies the allegations in paragraph 191 of the SAC.

192.    Tzumi denies the allegations in paragraph 192 of the SAC.

193.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 193 of the SAC.

194.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 194 of the SAC.

195.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 195 of the SAC.

196.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 196 of the SAC.

197.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 197 of the SAC.

198.    Tzumi denies the allegations in paragraph 198 of the SAC.

199.    Tzumi denies the allegations in paragraph 199 of the SAC.

200.    Tzumi denies the allegations in paragraph 200 of the SAC.

201.    Tzumi denies the allegations in paragraph 201 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

202.    Tzumi denies the allegations in paragraph 202 of the SAC.

203.    Tzumi denies the allegations in paragraph 203 of the SAC.

204.    Tzumi denies the allegations in paragraph 204 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

**FOURTEENTH CAUSE OF ACTION**

205.    Tzumi's responses to all foregoing paragraphs are incorporated by reference herein.

206.    Tzumi denies the allegations in paragraph 206 of the SAC.

207.    Tzumi denies the allegations in paragraph 207 of the SAC.

208.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 208 of the SAC.

209.    Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 209 of the SAC.

210.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 210 of the SAC.

211.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 211 of the SAC.

212.     Tzumi denies that there exists any Tzumi "Infringing Devices" and denies the allegations in paragraph 212 of the SAC.

213.     Tzumi denies the allegations in paragraph 213 of the SAC.

214.     Tzumi denies the allegations in paragraph 214 of the SAC.

215.     Tzumi denies the allegations in paragraph 215 of the SAC.

216.     Tzumi denies the allegations in paragraph 216 of the SAC insofar as they imply that Tzumi would be required to obtain authorization, license, or permission to sell the accused products.

217.     Tzumi denies the allegations in paragraph 217 of the SAC.

218.     Tzumi denies the allegations in paragraph 218 of the SAC.

219.     Tzumi denies the allegations in paragraph 219 of the SAC, and states that any claims of willfulness that arose prior to September 17, 2021 are barred per the Magistrate Judge's Report and Recommendation dated December 19, 2022.

## ANSWER TO PRAYER FOR RELIEF

Tzumi denies that Therabody is entitled to any relief requested in the SAC.

## AFFIRMATIVE DEFENSES

By calling the following defenses "affirmative defenses," Tzumi does not undertake any additional burdens of proof otherwise properly placed on Therabody.

## FIRST AFFIRMATIVE DEFENSE

Tzumi has not infringed any claim of the patents asserted in the SAC (the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

The Asserted Patents are invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 115 and/or 116.

## THIRD AFFIRMATIVE DEFENSE

Tzumi reserves the right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation or discovery.

## COUNTERCLAIMS

1.      Defendant Tzumi Electronics LLC ("Tzumi"), through its counsel, asserts the following counterclaims, by which Tzumi demands, *inter alia*, reimbursement of all attorneys' fees and costs incurred in defending against Therabody's bad faith infringement allegations on United States Patent Nos. 10,702,448 ("the '448 Patent"), 10,918,565 ("the '565 Patent"), 10,857,064 ("the '064 Patent"), and 11,160,722 ("the '722 Patent") (collectively, "the Grasping Patents"), as well as compensatory and punitive damages for Therabody's deliberate and tortious destruction of Tzumi's business relationships.

## THE PARTIES

2.      Tzumi is informed and believes that Therabody, Inc. ("Therabody") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

3.      Tzumi is a domestic New York limited liability company, with offices at 16 East 34th Street, New York, NY 10016.

## JURISDICTION AND VENUE

4.      Counterclaims I−XXVIII arise under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq.

5.      Counterclaims I−XXVIII seek declaratory judgments of noninfringement, invalidity, and unenforceability of the patents.  Thus, Tzumi asserts substantial claims arising under the United States Patent Act, 35 U.S.C. § 1, *et seq*.  An actual controversy exists between Therabody and Tzumi by virtue of the allegations of the SAC and the Answer thereto as to whether the claims of the Asserted Patents are enforceable, valid, and/or infringed by Tzumi.

6.      This Court has subject matter jurisdiction over Counterclaims I−XXVIII by virtue of 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7.      Counterclaim XXIX arises under state laws regarding tortious interference with business relations.  This counterclaim is so related to the claims and counterclaims in this action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      This Court has subject matter jurisdiction over Counterclaim XXIX by virtue of 28 U.S.C. §§ 1338 and 1367.

9.      Therabody consented to personal jurisdiction in this District in light of its filing of affirmative claims against Tzumi, to which Tzumi is herein asserting compulsory and related counterclaims.  Personal jurisdiction is also proper due to, upon information and belief, the presence of Therabody retail stores within this District.

10.     Venue in this District is proper for all Counterclaims under 28 U.S.C. §1391.

## BACKGROUND FACTS

### The Infringement Allegations on Patents Other Than the Grasping Patents

11.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun products, as shown below, infringe the '915 Patent.



12.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun products, as shown in Paragraph 11 of the Counterclaims, infringe the '723 Patent.

13.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun products, as shown below, infringe the '490 Patent.



14.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product, as shown below, infringe the '216 Patent.



15.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product referenced in Paragraph 14 of the Counterclaims infringes the '182 Patent.

16.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product, as shown below, infringes the '943 Patent.



17.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product referenced in Paragraph 16 of the Counterclaims infringes the '404 Patent.

18.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product, as shown below, infringes the '393 Patent.



19.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product, as shown below, infringes the '500 Patent.



20.     Therabody asserts – and Tzumi denies – that Tzumi's massage gun product, as shown below, infringes the '636 Patent.



**The Grasping Patents**

21.     Therabody has alleged that Tzumi's FitRx Pro and ProFit Elite massage guns (the "Non-Infringing Accused Products") infringe the Grasping Patents.

22.     The Grasping Patents all describe a percussive massage gun with three handle portions defining an opening, wherein each handle portion is independently graspable.

23.     Every asserted claim in the Grasping Patents requires three handle portions that can be grasped independently.

24.     Examples of the grasping handles are shown in Figures 16-18 of the Grasping Patents:



FIG. 16      FIG. 17      FIG. 18

25. The Grasping Patents describe the three grasping handles consistently with Figures 16-18, and never show or describe handles that are short relative to the length of the massage device.

<strong><u>The Non-Infringing Accused Products</u></strong>

26. Tzumi has alleged that the Grasping Patents are infringed by the Non-Infringing Accused Products, which are shown below. They have only two handles – one on each side of the opening. The two handles are connected by a base member transition that has no interior linear section at all – it is U-shaped.



**Therabody Distinguished And Disclaimed Structures Like the
Non-Infringing Accused Products During Prosecution of the Grasping Patents**

27.     During prosecution of the '448 Patent, both the applicants and examiner distinguished various prior art references because they lacked three handles that could be grasped.

### A.      Rix, Oberheim, and Matre Prior Art

28.     In an office action on January 24, 2020 in connection with the application for the '448 Patent, the examiner annotated the below figure of the Rix prior art, finding the second and third handles in Rix as indicated:



29.     The examiner also rejected the claims based in part on the Oberheim prior art, with examiner annotations below indicating sections alleged by the examiner to show first, second and third handle axes:



FIG. 1

30.     The examiner also rejected claims based in part on the Matre prior art, which the examiner indicated taught a "desirably sized handle for firm grasping…."  A portion of Figure 2 of Matre is shown below.



FIG. 2

31.     In response to the rejection, the applicants distinguished the prior art, stating: "None of Rix, . . . Oberheim nor Matre teach, disclose or provid[e] **separate handle portions**, nor do they suggest that the alleged housings of the device **can be grasped** anywhere other than a single handle." Apr. 17, 2020, Applicant Amendment & Response at 17 (emphasis added). Thus, the applicants argued two points: (1) that the prior art did not show "separate handle

27

portions"; and (2) and that the second and third handles identified by the examiner could not be grasped as required by the claims.

32.     After Therabody's response, the examiner allowed the claims.

33.     No reasonable litigant could allege that the structures shown in the above prior art are not grasping handles according to the claims, but that the Non-Infringing Accused Products have three grasping handles.

34.     In view of the prosecution history and all other facts alleged herein, Therabody's allegation of infringement by the Non-Infringing Accused Products was, and continues to be, in objective and subjective bad faith.  The infringement allegations are completely inconsistent with the arguments Therabody made to distinguish Rix, Oberheim, and Matre and get these patents allowed.  An exemplary comparison showing the inconsistency is provided below.



Rix Prior Art                    Accused Product

35.     The alleged third handle in the Non-Infringing Accused Products, unlike all of the distinguished Rix, Oberheim and Matre prior art structures, has no interior linear section at all.

36.     The infringement allegations concerning the Grasping Patents were, and continue to be, a sham, and the motivation for asserting those claims was not any legitimate belief in infringement, but instead was to harm Tzumi's business through sham infringement allegations.

### B.      The Pepe Prior Art

37.     In an office action during the '565 Patent prosecution dated September 22, 2020, the examiner (who was the same examiner as in connection with the prosecution of the application for the '448 Patent, and the other Grasping Patents) cited the Pepe publication as prior art anticipating pending claim 1.

38.     Figure 3 from Pepe, annotated by the examiner, is provided below.  Although Pepe's base member 22 was in plain view in the Pepe figures that were copied into the office action, the examiner declined to identify it as a grasping handle, relying instead on the circular "handle portion" as shown below in the examiner's annotated figure (this handle is perpendicular to the page).



FIG. 3

39.    The applicants overcame the Pepe rejection by adding language to the claim requiring the handles to be "co-planar."  December 17, 2020 Amendment, at 4, 17.

40.    The "co-planar" requirement would not distinguish base member 22 if it was otherwise considered a grasping handle, because base member 22 is co-planar with handles 12 and 14.

41.    The reasons the examiner did not identify Pepe's base member 22 as a grasping handle was clear, particularly in view of the examiner's prior history regarding the prior art Rix, Oberheim, and Matre references: base member 22 is not a separate handle, and it could not be grasped.

42.    With Therabody's addition of the "co-planar" language, both pending independent claims 1 and 7 had the following language (December 17, 2020 Office Action Response, at 2):

the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis, wherein the first, second and third axes are co-planar….

43.     The applicants expressly and unequivocally distinguished Pepe as lacking three co-planar handles: "Claim 1 has been amended to recite 'wherein the first, second and third axes [of the handles] are co-planar' . . . **This feature is not disclosed, shown or suggested in Pepe** . . .." *Id*. at 13 (emphasis added).

44.     The examiner agreed and allowed these claims to issue, expressly relying on Pepe's lack of three co-planar handles:

> **the prior art does not disclose**, either alone or suggest in combination, a percussive massage device including a housing, electrical source, motor, switch, and push rod assembly, wherein the housing: a) includes **first, second, and third generally straight handle portions that define a handle opening and first, second, and third axes, respectively, which are co-planar as set forth in independent claims 1 and 7** . . . .

January 8, 2021 Notice of Allowability, at 3-4 (emphasis added).

45.     Therabody's assertion that the Non-Infringing Accused Products infringe the Grasping Patents is completely inconsistent with this clear prosecution record, and no reasonable litigant could expect success on this infringement claim.  The accused product is shown below, beside the Pepe prior art.



Pepe Prior Art                    Accused Product

46.    The Non-Infringing Accused Product is even further from the requirement of three grasping handles than is the distinguished Pepe prior art.  For example, the Tzumi alleged third handle has no interior linear section at all, whereas the Pepe base member 22 is linear.

47.    Therabody's allegations regarding the Non-Infringing Accused Products, in view of the Pepe prior art that was distinguished during prosecution, was and continues to be made in objective and subjective bad faith.

48.    The infringement allegations concerning the Grasping Patents were, and continue to be, a sham, and the motivation for asserting those claims was not any legitimate belief in infringement, but instead was to harm Tzumi's business through sham infringement allegations.

**Therabody Always Knew There Was No Infringement**

**A.    The Warning Letter**

49.    In April of 2021, Therabody's counsel sent a warning letter to Tzumi regarding alleged patent infringement ("the Warning Letter"), attached as Exhibit 1.  In the Warning Letter, Therabody accused Tzumi of infringing several Therabody patents.

50.     On information and belief, at the time of the Warning Letter, Therabody was aware of the Non-Infringing Accused Products.

51.     On information and belief, Therabody realized at the time of the Warning Letter that the Non-Infringing Accused Products would likely account for the bulk of Tzumi's massage gun revenues.

52.     At the time of the Warning Letter, the '448 Patent, the '565 Patent, and the '064 Patent were all issued, and the '722 Patent application was pending and about to publish.

53.     Therabody's law firm that sent the Warning Letter was intimately familiar with the '448 Patent, the '565 Patent, the '064 Patent, and the application that was then pending for the '722 Patent, as that same law firm prosecuted all those patents before the U.S. Patent and Trademark Office ("PTO").

54.     On information and belief, the Grasping Patents were fresh in the minds of lawyers at Therabody's law firm when the Warning Letter was sent.  Indeed, a submission to the PTO was made in connection with the application for the '722 Patent only two days before the Warning Letter.

55.     Despite knowing of the Non-Infringing Accused Products, the issued Grasping Patents, and the contemporaneous work on the pending application for the '722 Patent, in the Warning Letter Therabody did not assert that any of the Grasping Patents were being infringed, or would be infringed, by any Tzumi products.

56.     On information and belief, the reason the Therabody Warning Letter did not allege infringement of any of the Grasping Patents, is because Therabody and its counsel knew that those patents were not infringed by the Non-Infringing Accused Products or any other Tzumi product.

B.     **The Korean Prosecution**

57.     Therabody filed an application corresponding to the Grasping Patents in South Korea, application number 10-2020-7030932 ("the Korean Grasping Application").

58.     In February of 2021, before Therabody sued Tzumi for this alleged infringement and before the Warning Letter, Therabody distinguished cited Prior Art ("Cited Invention #2"), shown below.



FIG. 7

59.     Therabody stated that "it is not disclosed or suggested that the other parts [other than part 120] of the housing may be used as the handle."  *See* Exhibit 2 (Korean Office Action Response) and Exhibit 3 (partial certified translation).

60.      Therabody further emphasized that "rest surface (206) for Cited Invention #2 is narrow, so ***it cannot be gripped by hand***" (emphasis added).  *Id.*

61.     In response to these arguments, the Korean Patent Office allowed the Korean patent to issue.

62.     The Korean Office Action Response, confirming that such short structures could not be either handles or structures for grasping, was submitted only about two months before Therabody sent the Warning Letter to Tzumi, and thus confirms that Therabody did not accuse

Tzumi of infringing the Grasping Patents at least because the Tzumi product lacked a third grasping handle.

63.     The structure distinguished by Therabody as not a "handle," and not capable of being "gripped by hand" is virtually identical to the structure in the Non-Infringing Accused Products that Therabody alleges to be a third grasping handle in this litigation:



64.     The Korean prosecution confirms that Therabody never believed the Non-Infringing Accused Products to be infringing the Grasping Patents.

65.     In April of 2022, Therabody agreed to produce documents relating to interpretation of patent claims during the claim construction process.  As of this filing (January of 2023), Therabody has filed its claim construction brief, but Therabody failed to produce this Korean prosecution record.

**C.     The EPO Prosecution**

66.     Therabody also filed an application corresponding to the Grasping Patents in Europe, application number 19 904 459.5 ("the European Grasping Application").

67.     In early September of 2021, claims in the European Grasping Application also required three grasping handles.

68.     In order to distinguish cited prior art "D1" in Europe (US 2018/200141 – "the D1 Prior Art"), Therabody again confirmed to the European Patent Office ("EPO") that short handles were not suitable for grasping.

69.     Therabody annotated the D1 Prior Art with lines A, B, and C, as shown below, and argued to the EPO the following: "the third handle portion (line B) is very short. *The skilled person would realise that the short length of the third handle portion would render it unsuitable for grasping by the user*…."  Exhibit 4, page 2 (emphasis added).



70.     This Therabody admission was made on September 8, 2021 – *less than ten days before Therabody sued Tzumi in this litigation, alleging in bad faith that the Non-Infringing Accused Products had a third grasping handle.*

71.     The alleged third handle in the D1 Prior Art distinguished by Therabody as "unsuitable" for grasping is virtually identical to the structure in the Non-Infringing Accused Products that Therabody alleges to be a third grasping handle in this litigation:



Therabody: "the short length of the third handle portion would render it unsuitable for grasping by the user"

Alleged third grasping handle

72.     The European prosecution further confirms that Therabody has never believed the Non-Infringing Accused Products to be infringing the Grasping Patents.

73.     In April of 2022, Therabody agreed to produce documents relating to interpretation of patent claims during the claim construction process.  As of this filing (January of 2023), Therabody has filed its claim construction brief, but Therabody withheld this European prosecution record.

**The Therabody G1 Prior Art**

74.     In 2015, Therabody introduced and publicly disclosed its G1 Massage Gun, shown below ("the G1 Prior Art").



75.     The G1 Prior Art was publicly disclosed by Therabody at least as early as 2015 – more than a year before the earliest filing date of any of the Grasping Patents.   The early disclosure is shown at least by the following link showing the Therabody website in 2015: https://web.archive.org/web/20151218063848/http://www.theragun.com/#intro-1.





**The G1 Prior Art Was Material**

76.     At all times during prosecution of the '448 Patent, Therabody was well aware that the G1 Prior Art was prior art to all the Grasping Patents.

77.     Particularly under Therabody's bad faith view of the scope of the '448 Patent claims, the G1 Prior Art anticipates claim 1 of the '448 Patent, as shown in the claim chart of Exhibit 5.

78.     Also, and particularly under that bad faith infringement read, other claims of the '448 Patent would never have issued had Therabody disclosed the G1 Prior Art to the PTO.

79.     Particularly under Therabody's bad faith view of the scope of the '565 Patent claims, the G1 Prior Art anticipates claim 1 of the '565 Patent, as shown in the claim chart of Exhibit 6.

80.     Also, and particularly under that bad faith infringement read, other claims of the '565 Patent would never have issued had Therabody disclosed the G1 Prior Art to the PTO.

81.     Particularly under Therabody's bad faith view of the scope of the '064 Patent claims, the G1 Prior Art anticipates claim 1 of the '064 Patent, as shown in the claim chart of Exhibit 7.

82.     Also, and particularly under that bad faith infringement read, other claims of the '064 Patent would never have issued had Therabody disclosed the G1 Prior Art to the PTO.

83.     Particularly under Therabody's bad faith view of the scope of the '722 Patent claims, the G1 Prior Art anticipates claim 1 of the '722 Patent, as shown in the claim chart of Exhibit 8.

84.     Also, and particularly under that bad faith infringement read, other claims of the '722 Patent would never have issued had Therabody disclosed the G1 Prior Art to the PTO.

85.     On information and belief, Therabody knew that, in view of its own G1 Prior Art, accusing the Non-Infringing Accused Products of infringement and asserting the claims it did was in bad faith.

86.     On February 23, 2022, Therabody was served document requests, calling for Therabody to produce all prior art within thirty days, and Therabody agreed in April of 2022 that it would produce "any prior art."  As of this filing (January of 2023), Therabody has not produced anything showing the G1 product even existed, let alone evidence that Therabody had disclosed that product early enough to be prior art, or evidence of which Therabody personnel connected with the prosecution knew of this early disclosure.

87.     In the weeks following Tzumi's original counterclaim, which identified this G1 issue and Therabody's failure to produce any documents relating to the G1 product, Therabody still has failed to produce any documents about the G1 product.

88.     On information and belief, Therabody withheld information on the G1 Prior Art at least in part to conceal the invalidity of the Grasping Patents and the bases for potential inequitable conduct claims that otherwise would have been asserted herein.

**Therabody Concealed the G1 Prior Art From the Patent Office**

89.     Therabody did not disclose the G1 Prior Art to the PTO in connection with any of the Grasping Patents.

90.     Therabody knew that the G1 Prior Art was publicly disclosed early enough to be prior art to all the Grasping Patents.

91.     Many of the claims of the Grasping Patents would not have issued had Therabody disclosed the G1 Prior Art.

**Therabody Successfully Destroyed Tzumi's Massage Gun Business Relationship With Its Customer TJX by Asserting Baseless Infringement Allegations, Bringing Duplicative Litigation, and Deliberately Driving up Expense and Burden, All in Bad Faith and for the Sole Purpose of Harming Tzumi**

92.     Therabody's bad faith allegations of infringement of the Grasping Patents were not contained to Tzumi.

93.     Known to Therabody, Tzumi had an ongoing business relationship with TJX Companies, Inc. ("TJX"), whereby TJX purchased and sold Tzumi's massage gun products, including the Non-Infringing Accused Products.

94.     At least as early as the first quarter of 2022, Therabody began harassing Tzumi's customer TJX, alleging, *inter alia*, that TJX was infringing the Grasping Patents by selling the Non-Infringing Accused Products.

95.     Therabody set out to needlessly drive up the expenses of TJX and Tzumi, bringing a separate litigation on the exact same products and exact same patents against TJX in a separate district court in Delaware.

96.     Therabody knew that separate suits against TJX and Tzumi on exactly the same products and patents would unnecessarily multiply the expenses and burden on both Tzumi and TJX, and on information and belief, Therabody counted on that excessive burden to apply

pressure on TJX and Tzumi to settle, despite the lack of any infringement of the Grasping Patents.

97.     Therabody succeeded in its plan, tortiously and in bad faith driving TJX away from selling the Non-Infringing Accused Products and other Tzumi products.

98.     Therabody carried out its plan with full knowledge that, in getting these patents to issue, it had distinguished prior art that was even further from the required three grasping handles than the Non-Infringing Accused Products.

99.     Therabody carried out its plan with full knowledge that, in foreign patent offices, Therabody had confirmed that short structures like the alleged Therabody third handle, were not handles, and were not capable of being grasped.

100.     Therabody carried out its plan with full knowledge that it had withheld critical prior art from the PTO in the G1 product, and that its infringement allegations could not be reconciled with the prosecution record or the existence of the G1 Prior Art.

101.     On information and belief, Therabody knew that the Grasping Patents, through invalidity, inequitable conduct and/or infectious unenforceability, were not enforceable.

102.     Throughout its bad faith litigation and tortious onslaughts, Therabody did not disclose the existence of the G1 Prior Art to Tzumi, or on information and belief to TJX.

103.     On information and belief, Therabody brought suit against TJX, not with any legitimate basis to allege infringement of the Grasping Patents, but instead with the wrongful and bad faith purposes of harming Tzumi's business by intimidating TJX personnel and driving it away from the Tzumi massage gun products, thus coercing TJX to end its business relationship with Tzumi regarding the massage guns, despite the lack of infringement by the Non-Infringing Accused Products.

104.    As a result of Therabody's contact and litigations, upon information and belief, TJX has not placed any additional purchase orders for Tzumi's massage guns, resulting in substantial harm to Tzumi.

105.    On information and belief, Therabody's bad faith infringement allegations and lawsuit against TJX has or will impact Tzumi's relationships with other Tzumi customers and result in further lost sales of Tzumi.

### Therabody's Bad Faith Intentions and Efforts to Harm Tzumi's Other Business Relationships

106.    Therabody has used this litigation, and on information and belief intends to continue to use this litigation, to needlessly harass other Tzumi customers in bad faith.

107.    For example, on April 21, 2022, Therabody served an outrageous, ten-page document subpoena on Tzumi customer Walmart Inc. ("Walmart"), attached as Exhibit 9.

108.    The subpoena was designed with the purpose of harming Tzumi's business, by driving up expenses and burden on Walmart and Tzumi, in plain violation of Federal Rule of Civil Procedure 45, and to entice Walmart to either stop selling the Tzumi massage guns or to put pressure on Tzumi to settle Therabody's bad faith allegations of infringement of the Grasping Patents.

109.    With full knowledge that Walmart had thousands of stores in the United States, and thousands more worldwide, the extreme burden and expense compliance would place on Walmart, and that the Non-Infringing Accused Products could never be found to infringe the Grasping Patents, the subpoena demanded, among other things, the following:

      a)   Documents showing the gross and net revenue for the accused products, and the total quantities sold by Walmart, separately for every country in which they were sold (Exhibit 9, Instruction 14, Requests 1, 4);

b)  Documents showing the gross and net revenue for the accused product, and the total quantities sold by Walmart, in the United States, broken down by city and state (*id.*);

c)  Documents showing the retail prices of every accused product (Request 2);

d)  Documents showing the number of accused products Walmart had in inventory (Request 5);

e)  Documents showing all of Walmart's costs associated with the accused products, including direct and indirect labor costs, purchase prices, advertising and promotion, and all other overhead costs, and documents showing all of Walmart's gross and net profits on the accused products as well as Walmart's profit margins (Requests 7, 8, 10);

f)  Every invoice for every accused product (Request 9);

g)  Every document referring to or mentioning Therabody in any way, regardless of whether it related to the accused products or any of the patents in suit (Request 13); and

h)  Every communication and electronic record relating to any massage device that Walmart considered retailing, regardless of whether it was ever retailed (Request 18).

110.  The subpoena also sought documents that Therabody knew were available from Tzumi in this litigation, including documents showing the prices paid by Walmart (Request 3), user manuals (Request 10), every agreement between Walmart and Tzumi relating to the accused products (Request 11), and every communication between Walmart and Tzumi relating to the accused products (Request 12).

111.    The subpoena even sought documents that Therabody itself already had in its possession, including communications between Walmart and Therabody (Request 15).

112.    Therabody served the subpoena on Walmart in bad faith on April 21, 2022.

113.    Therabody was later ordered to withdraw the subpoena at the Case Management Conference on April 28, 2022, but the subpoena is further evidence of Therabody's bad faith litigation tactics.

**COUNT I**

**DECLARATORY JUDGEMENT OF**
**NONINFRINGEMENT OF THE '448 PATENT**

114.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

115.    The manufacture, sale, offer for sale, importation, or use of the Non-Infringing Accused Products does not infringe any valid and enforceable claims of the '448 Patent, either literally or under the doctrine of equivalents.

116.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '448 Patent under 35 U.S.C. §§ 271(b) or 271(c).

117.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of the Non-Infringing Accused Products does not infringe the '448 Patent.

**COUNT II**

**DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF THE '565 PATENT**

118.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

119.    The manufacture, sale, offer for sale, importation, or use of the Non-Infringing Accused Products does not infringe any valid and enforceable claims of the '565 Patent, either literally or under the doctrine of equivalents.

120.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '565 Patent under 35 U.S.C. §§ 271(b) or 271(c).

121.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of the Non-Infringing Accused Products does not infringe the '565 Patent.

**COUNT III**

**DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF THE '064 PATENT**

122.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

123.    The manufacture, sale, offer for sale, importation, or use of the Non-Infringing Accused Products does not infringe any valid and enforceable claims of the '064 Patent, either literally or under the doctrine of equivalents.

124.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '064 Patent under 35 U.S.C. §§ 271(b) or 271(c).

125.     Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of the Non-Infringing Accused Products does not infringe the '064 Patent.

## COUNT IV

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '722 PATENT

126.     Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

127.     The manufacture, sale, offer for sale, importation, or use of the Non-Infringing Accused Products does not infringe any valid and enforceable claims of the '722 Patent, either literally or under the doctrine of equivalents.

128.     Tzumi has not contributed to the infringement of, or induced others to infringe, the '722 Patent under 35 U.S.C. §§ 271(b) or 271(c).

129.     Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of the Non-Infringing Accused Products does not infringe the '722 Patent.

## COUNT V

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '915 PATENT

130.     Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

131.    The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun products referenced in Paragraph 11 of the Counterclaims does not infringe any valid and enforceable claims of the '915 Patent, either literally or under the doctrine of equivalents.

132.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '915 Patent under 35 U.S.C. §§ 271(b) or 271(c).

133.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun products referenced in Paragraph 11 of the Counterclaims does not infringe the '915 Patent.

## COUNT VI

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '723 PATENT

134.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

135.    The manufacture, sale, offer for sale, importation, or use of Tzumi's products referenced in Paragraph 11 of the Counterclaims does not infringe any valid and enforceable claims of the '723 Patent, either literally or under the doctrine of equivalents.

136.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '723 Patent under 35 U.S.C. §§ 271(b) or 271(c).

137.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's products referenced in Paragraph 11 of the Counterclaims does not infringe the '723 Patent.

## COUNT VII

## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '490 PATENT

138.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

139.    The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 13 of the Counterclaims does not infringe any valid and enforceable claims of the '490 Patent, either literally or under the doctrine of equivalents.

140.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '490 Patent under 35 U.S.C. §§ 271(b) or 271(c).

141.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 13 of the Counterclaims does not infringe the '490 Patent.

## COUNT VIII

## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '216 PATENT

142.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

143.    The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 14 of the Counterclaims does not infringe any valid and enforceable claims of the '216 Patent, either literally or under the doctrine of equivalents.

144.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '216 Patent under 35 U.S.C. §§ 271(b) or 271(c).

145.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 14 of the Counterclaims does not infringe the '216 Patent.

<b><u>COUNT IX</u></b>

<b>DECLARATORY JUDGMENT OF<br><u>NONINFRINGEMENT OF THE '182 PATENT</u></b>

146.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

147.    The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 14 of the Counterclaims does not infringe any valid and enforceable claims of the '182 Patent, either literally or under the doctrine of equivalents.

148.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '182 Patent under 35 U.S.C. §§ 271(b) or 271(c).

149.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 14 of the Counterclaims does not infringe the '182 Patent.

<b><u>COUNT X</u></b>

<b>DECLARATORY JUDGMENT OF<br><u>NONINFRINGEMENT OF THE '943 PATENT</u></b>

150.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

151.    The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 16 of the Counterclaims does not infringe any valid and enforceable claims of the '943 Patent, either literally or under the doctrine of equivalents.

152.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '943 Patent under 35 U.S.C. §§ 271(b) or 271(c).

153.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 16 of the Counterclaims does not infringe the '943 Patent.

## COUNT XI

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '404 PATENT

154.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

155.    The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 16 of the Counterclaims does not infringe any valid and enforceable claims of the '404 Patent, either literally or under the doctrine of equivalents.

156.    Tzumi has not contributed to the infringement of, or induced others to infringe, the '404 Patent under 35 U.S.C. §§ 271(b) or 271(c).

157.    Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 16 of the Counterclaims does not infringe the '404 Patent.

## COUNT XII

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '393 PATENT

158.   Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

159.   The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 18 of the Counterclaims does not infringe any valid and enforceable claims of the '393 Patent, either literally or under the doctrine of equivalents.

160.   Tzumi has not contributed to the infringement of, or induced others to infringe, the '393 Patent under 35 U.S.C. §§ 271(b) or 271(c).

161.   Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 18 of the Counterclaims does not infringe the '393 Patent.

## COUNT XIII

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '500 PATENT

162.   Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

163.   The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 19 of the Counterclaims does not infringe any valid and enforceable claims of the '500 Patent, either literally or under the doctrine of equivalents.

164.   Tzumi has not contributed to the infringement of, or induced others to infringe, the '500 Patent under 35 U.S.C. §§ 271(b) or 271(c).

165.   Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 19 of the Counterclaims does not infringe the '500 Patent.

### COUNT XIV

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '636 PATENT

166.   Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

167.   The manufacture, sale, offer for sale, importation, or use of Tzumi's massage gun product referenced in Paragraph 20 of the Counterclaims does not infringe any valid and enforceable claims of the '636 Patent, either literally or under the doctrine of equivalents.

168.   Tzumi has not contributed to the infringement of, or induced others to infringe, the '636 Patent under 35 U.S.C. §§ 271(b) or 271(c).

169.   Tzumi is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of Tzumi's massage gun product referenced in Paragraph 20 of the Counterclaims does not infringe the '636 Patent.

### COUNT XV

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '448 PATENT

170.   Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

171.   Therabody asserts – and Tzumi denies – that the '448 Patent is valid.

172.    The '448 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

173.    A declaration of rights is both necessary and appropriate to establish that the '448 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XVI

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '565 PATENT

174.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

175.    Therabody asserts – and Tzumi denies – that the '565 Patent is valid.

176.    The '565 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

177.    A declaration of rights is both necessary and appropriate to establish that the '565 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XVII

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '064 PATENT

178.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

179.    Therabody asserts – and Tzumi denies – that the '064 Patent is valid.

180.    The '064 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

181.    A declaration of rights is both necessary and appropriate to establish that the '064 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XVIII

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '722 PATENT

182.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

183.    Therabody asserts – and Tzumi denies – that the '722 Patent is valid.

184.    The '722 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

185.    A declaration of rights is both necessary and appropriate to establish that the '722 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XIX

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '915 PATENT

186.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

187.    Therabody asserts – and Tzumi denies – that the '915 Patent is valid.

188.    The '915 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

189.    A declaration of rights is both necessary and appropriate to establish that the '915 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT XX**

**DECLARATORY JUDGMENT OF
INVADILITY OF THE '723 PATENT**

190.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

191.    Therabody asserts – and Tzumi denies – that the '723 Patent is valid.

192.    The '723 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

193.    A declaration of rights is both necessary and appropriate to establish that the '723 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT XXI**

**DECLARATORY JUDGMENT OF
INVADILITY OF THE '490 PATENT**

194.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

195.    Therabody asserts – and Tzumi denies – that the '490 Patent is valid.

196.    The '490 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

197.    A declaration of rights is both necessary and appropriate to establish that the '490 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXII

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '261 PATENT

198.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

199.    Therabody asserts – and Tzumi denies – that the '261 Patent is valid.

200.    The '261 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

201.    A declaration of rights is both necessary and appropriate to establish that the '261 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXIII

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '182 PATENT

202.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

203.    Therabody asserts – and Tzumi denies – that the '182 Patent is valid.

204.    The '182 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

205.    A declaration of rights is both necessary and appropriate to establish that the '182 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXIV

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '943 PATENT

206.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

207.    Therabody asserts – and Tzumi denies – that the '943 Patent is valid.

208.    The '943 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

209.    A declaration of rights is both necessary and appropriate to establish that the '943 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXV

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '404 PATENT

210.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

211.    Therabody asserts – and Tzumi denies – that the '404 Patent is valid.

212.    The '404 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

213.    A declaration of rights is both necessary and appropriate to establish that the '404 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXVI

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '393 PATENT

214.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

215.    Therabody asserts – and Tzumi denies – that the '393 Patent is valid.

216.    The '393 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

217.    A declaration of rights is both necessary and appropriate to establish that the '393 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXVII

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '500 PATENT

218.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

219.    Therabody asserts – and Tzumi denies – that the '500 Patent is valid.

220.    The '500 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

221.    A declaration of rights is both necessary and appropriate to establish that the '500 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XXVIII

### DECLARATORY JUDGMENT OF
### INVADILITY OF THE '636 PATENT

222.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

223.    Therabody asserts – and Tzumi denies – that the '636 Patent is valid.

224.    The '636 Patent and each of its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

225.    A declaration of rights is both necessary and appropriate to establish that the '636 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. connection with the prosecution of the Grasping Patents.

## COUNT XXIX

### COMMON LAW TORTIOUS
### INTERFERENCE WITH BUSINESS RELATIONS

226.    Tzumi repeats and incorporates the responses, affirmative defenses, and allegations contained in its Answer to the SAC and the preceding paragraphs in its Counterclaims as though fully set forth herein.

227.    Tzumi has, or had, business relations with its customers and/or prospective customers, including TJX and Walmart, in connection with the sale of Tzumi's massage gun products in the U.S.

228.    Therabody knew of Tzumi's business relationships and its reasonable expectancy of entering into further valid business relationships with these and other customers and prospective customers.

229.    Therabody interfered with Tzumi's business relations in bad faith for all the reasons stated herein, including by using dishonest, unfair, or improper means by, among others, instituting (and threatening to institute) lawsuits against or issuing subpoenas to Tzumi's customers, based on objective and subjective bad faith allegations of infringement of the Grasping Patents by the Non-Infringing Accused Products.

230.    Therabody's acts of interference were in objective and subjective bad faith. Therabody has no basis for asserting the Grasping Patents against the Non-Infringing Accused Products.   Therabody's sole purpose was to harm Tzumi's business by harassing Tzumi's customers and destroying Tzumi's business relationships. Therabody is without justification or privilege for its actions.

231.    As a result of Therabody's tortious interference, Tzumi's business relationships have been and will continue to be injured.

## JURY DEMAND

Tzumi demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tzumi denies that Therabody is entitled to any of the relief demanded in the SAC and requests that this Court enter judgment:

(a)    Finding, declaring, and adjudging in favor of Tzumi and against Therabody and dismissing with prejudice all claims of Therabody;

(b)    Finding, declaring, and adjudging that the Asserted Patents are invalid, and that neither Tzumi nor any of its customers infringe either directly or by contributory infringement or by inducement of infringement;

(c)    Awarding damages to Tzumi for Therabody's tortious interference with Tzumi's business relationships, including at least all attorneys' fees

associated with Therabody's bad faith allegations of infringement against TJX and its related sham litigation, all lost revenues, and punitive damages;

(d)    Finding, declaring, and adjudging this to be an exceptional case under 35 U.S.C. § 285, and awarding to Tzumi its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

(e)    Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       January 23, 2023

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000


By:  *s/ Scott D. Stimpson*
    SCOTT D. STIMPSON
    KATHERINE M. LIEB

*Attorneys for Defendant*
*Tzumi Electronics LLC*